1  **LAW OFFICES OF MARC J. WODIN**
   Marc J. Wodin, Esq. - SBN 79573
2  Elana Bitton, Esq. - SBN. 130835
   21600 Oxnard Street, Suite 1110
3  Woodland Hills, California 91367
   Telephone (818) 595-3490
4  Fax (818) 595-3494

5

   Attorneys for Defendant CONSECO SENIOR HEALTH INSURANCE COMPANY
6

7

                    **UNITED STATES DISTRICT COURT**
8
                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9

10

   | PAMELA THOMPSON, Individually and as Personal Representative of CHARLES THOMPSON, Deceased, | CASE NO.: C 07-05437 MEJ |
   |---|---|
   | | [Sonoma County Superior Court Case No. 241544] |
   | Plaintiff, | **NOTICE OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6), AND TO STRIKE PURSUANT TO FRCP 12(f); MEMORANDUM OF POINTS AND AUTHORITIES** |
   | vs. | |
   | CONSECO SENIOR HEALTH INSURANCE COMPANY, a Pennsylvania corporation, DOES 1 through XX | **DATE: December 6, 2007** **TIME: 10:00 a.m.** **CTRM: B** |
   | Defendant(s). | Assigned to: The Honorable Maria-Elena James |

20 **TO: THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF**
21 **CALIFORNIA AND TO THE INTERESTED PARTIES AND THEIR ATTORNEYS OF**
22 **RECORD:**
23    Please take notice that on December 6, 2007, at 10:00 a.m.
24 or as soon thereafter as the matter may be heard, in Courtroom B,
25 15th Floor, of the above entitled court located at the U.S.
26 Courthouse, 450 Golden Gate Avenue, San Francisco, California,
27 defendant  Conseco Senior Health Insurance Company ("defendant")
28 will move the court for an order dismissing Pamela Thompson,

Law Offices
Marc J. Wodin

1
NOTICE OF MOTION AND MOTION TO DISMISS, ETC.

1  insofar as she is suing in her own capacity, on the first cause
2  for breach of contract, the second cause for bad faith, and the
3  third for violation of Welfare and Institutions Code §§15600.
4      Said motion will be made pursuant to FRCP 12(b)(6), on the
5  ground that said causes, and each of them, do not state a claim
6  on which relief can be granted, in that Pamela Thompson does not
7  have standing to sue in her own capacity.
8      Additionally, defendant will move the court for an order
9  either dismissing the first cause of action for breach of
10 contract pursuant to FRCP 12(b)(6), or striking the following
11 portions of the complaint, and each of them: Paragraph 12 of the
12 first cause of action for breach of contract: "The acts of
13 Defendants alleged in Paragraph 8, supra, were done maliciously
14 and oppressively and with the intent of defrauding Plaintiff.
15 Plaintiff is therefore entitled to exemplary or punitive
16 damages." Prayer, item 3 "For punitive damages" (insofar as it
17 relates to the first cause of action for breach of contract).
18     Said motion will be made pursuant to FRCP 12(f), on the
19 ground that punitive damages are not recoverable on a cause for
20 breach of contract.
21     Additionally, defendant will move the court for an order
22 either dismissing the second cause of action for bad faith and
23 the third cause of action for violation of Welfare and
24 Institutions Code §§15600 pursuant to FRCP 12(b)(6), or striking
25 the following portions of the complaint, and each of them:
26 Paragraph 15 of the second cause of action for bad faith: "As a
27 direct and proximate result of the actions of the Defendants, and
28 each of them, Plaintiff has suffered emotional distress. . ."

Law Offices
Marc J. Wodin

1  Paragraph 19: As a proximate result of said violations. . .
2  Charles Thompson. . .suffered emotional distress. . ."
3       Said motion will be made pursuant to FRCP 12(f), on the
4  ground that Charles Thompson is deceased, damages for emotional
5  distress do not survive death, and a personal representative or
6  successor interest of the decedent  cannot recover damages for
7  the decedent's emotional distress in an action brought after the
8  decedent's death.
9       Said motion will be based on this notice, the pleadings,
10 records and documents on file in this action, the memorandum of
11 points and authorities served and filed herewith, as well as such
12 oral and documentary evidence as may be presented at the time of
13 the hearing of the motion.

15 DATED: October 26, 2007          LAW OFFICES OF MARC J. WODIN

17                                   By     /S/ Marc J. Wodin
                                           MARC J. WODIN
18                                   Attorneys for Defendants CONSECO
                                     SENIOR HEALTH  INSURANCE COMPANY,

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1. Introduction**

Plaintiff Pamela Thompson, suing in her own capacity, and as a representative of Charles Thompson, deceased, alleges that: Charles Thompson was insured under a Long Term Care Insurance Policy issued by Transport Life Insurance Company, which was assumed by defendant Conseco Senior Health Insurance Company ("defendant"). (Cmplt., para 5 and Exhibit A to Cmplt.) On or about April 2005, Charles Thompson became entitled to benefits under the policy. (Cmplt. para. 6) Defendant wrongfully denied benefits. (Cmplt. para. 7) Charles Thompson died on June 8, 2007. Pamela Thompson is his successor in interest. (Cmplt. para. 10)

Plaintiff alleges that this conduct constituted a breach of the insurance contract (first cause), bad faith (second cause) and a violation of Welfare and Institutions Code §§15600 et. seq.(the causes)

Pamela Thompson is seeking to sue, on all three causes, not only as a successor in interest of Charles Thompson, but also in her own capacity, alleging that this conduct constituted a wrong to her, and entitles her to damages. (Cmplt. paras. 1-19 and prayer) She has no standing to bring the action, on her own behalf.

Further, on the first cause for breach of contract, plaintiff seeks recovery of punitive damages on behalf of Charles Thompson.  (Cmplt. para. 12.) Punitive damages are not recoverable on a cause for breach of contract.

Further, on the second cause for bad faith, and the third cause for violation of Welfare and Institutions Code §§15600 et.

1 seq., plaintiff seeks recovery of damages for emotional distress
2 on behalf of Charles Thompson - i.e. damages for emotional
3 distress which Charles Thompson allegedly suffered prior to his
4 death. (Cmplt. paras. 15, 19) Damages for emotional distress do
5 not survive death, and a personal representative or successor
6 interest of the decedent cannot recover damages for the
7 decedent's emotional distress in an action brought after the
8 decedent's death.

**2. Pamela Thompson has no standing to sue in her own capacity, only as a representative of Charles Thompson.**

A non-party to an insurance contract, has no standing to enforce it or recover extra-contractual damages, for the wrongful withholding of benefits. Seretti v. Superior National Insurance Co. (1999) 71 Cal.App. 4th 920, 930 ("[S]omeone who is not a party to the contract has no standing to enforce it or recover extra-contractual damages for the wrongful withholding of benefits" - affirming an order sustaining defendants' demurrer, where a person, who was not a party to the insurance contract, sought to sue the insurer in contract and tort for wrongful denial of benefits). See also Jones v. Aetna Casualty and Surety Co. (1994) 26 Cal.App. 4th 1717, 1722 (same); Hatchwell v. Blue Shield of California (1988) 198 Cal.App. 3d 1027, 1034 (same) [1]

Pamela Thompson is not a party to the insurance contract.

---

[1] Further, "a non-party who is nevertheless entitled to policy benefits, such as an insured person under the terms of the policy, or an express beneficiary, has standing only if he or she is the *claimant* whose benefits are wrongfully withheld." Siretti, supra, p. 930, and Jones, supra, p. 1722, citing Hatchwell, supra

She has no standing to bring this action in her own capacity.

**3. Plaintiff cannot recover punitive damages on the first cause for breach of contract.**

Punitive damages are not recoverable on a cause for breach of contract, even if the defendant's breach was willful or fraudulent. <u>Dryden v. Tri-Valley Growers</u> (1977) 65 Cal.App. 3d 990, 999 ("It is well settled in this state that punitive damages may not be awarded based on breach of contract, even though the defendant's breach was willful or fraudulent.") See also <u>Vale v. Union Bank</u> (1979) 88 Cal.App. 3d 330, 339 (trial court "correctly ruled that punitive damages are not recoverable for breach of contract."); <u>Hoffmayer v. Dean Witter & Co.</u> 459 F. Supp. 733, 740 (N.D.Cal. 1978) ("California does not permit recovery of punitive damages in a contract action.")

Plaintiff's claim for punitive damages on the cause for breach of contract should be stricken.

**4. There can be no recovery of damages from Charles Thompson's emotional distress. Such damages did not survive his death.**

Damages for emotional distress do not survive death, and a personal representative or successor interest of the decedent cannot recover damages for the decedent's emotional distress in an action brought after the decedent's death. <u>Code of Civil Procedure</u> §377.34 ("In an action. . . by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable. . . do not include damages for pain, suffering or disfigurement.") See also <u>Maddox v.</u>

1  <u>Philadelphia Life Insurance Company</u> 77 F. Supp. 2d 1123, 1134
2  ("Plaintiff's recovery of emotional distress damages is expressly
3  barred by California's survival statute [i.e. Code of Civil
4  Procedure §377.34, previously Code of Civil Procedure §573]
5  Plaintiff's present no authority to overcome the long-established
6  rule that emotional distress damages are within the definition of
7  pain and suffering damages and do not survive the death of a
8  decedent under the California survival statute."); <u>Neal v.</u>
9  <u>Farmers Insurance Exchange</u> (1978) 21 Cal.3d 910, 920 ("The trial
10 court properly ruled that because Mrs. Neal had died prior to
11 trial, no damages for emotional distress were recoverable.)
12     The claim for damages for emotional distress on the second
13 cause for bad faith, and the third cause for violation of Welfare
14 and Institutions Code §§15600, et seq. should be stricken.

16 DATED: October 26, 2007            LAW OFFICES OF MARC J. WODIN

19                                     By    /s/ Marc J. Wodin
                                            MARC J. WODIN
                                       Attorneys for Defendant CONSECO
20                                     SENIOR HEALTH  INSURANCE COMPANY

Law Offices
Marc J. Wodin

7
NOTICE OF MOTION AND MOTION TO DISMISS, ETC.