JOHN E. HILL (Bar No. 45338)
MICHAEL P. GUTA (Bar No. 121509)
LAW OFFICES OF JOHN E. HILL
8105 Edgewater Drive, Suite 100
Oakland, CA 94621
Telephone: (510) 588-1000
Facsimile:  (510) 729-6333

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA THOMPSON, Individually and as Personal Representative of CHARLES THOMPSON, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>CONSECO SENIOR HEALTH INSURANCE COMPANY, a Pennsylvania corporation, DOES I through XX<br><br>Defendant (s). | Case No. C 07-05437 MEJ<br><br>POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) AND TO STRIKE PURSUANT TO FRCP 12(f)<br><br>Date:   December 19, 2007<br>Time:  10:00 a.m.<br>Place:  Courtroom B |

In opposition to Defendant's Motion to Dismiss and Motion to Strike, Plaintiff respectfully submits the following Points and Authorities:

I. INTRODUCTION

Plaintiff sued Defendant in Superior Court of California, County of Sonoma for breach of insurance contract; breach of implied covenant of good faith and fair dealing; and violation of Welfare and Institutions Code Sections 15600 et seq. Defendant removed the case to the Northern District, and now moves to dismiss pursuant to FRCP Rule 12(b)(6) and to strike pursuant to Rule 12(f).

071029 3                                                         1                POINTS AND AUTHORITIES IN
                                                                                   OPPOSITION TO MOTION TO
                                                                                   DISMISS/MOTION TO STRIKE

## II. APPLICABLE LAW

Welfare and Institutions Code Section 15657.5 states:

> "(a) Where it is proven by a preponderance of the evidence that a defendant is liable for financial abuse, as defined in Section 15610.30, in addition to all other remedies otherwise provided by law, the court shall award to the plaintiff reasonable attorney's fees and costs. The term "costs" includes, but is not limited to, reasonable fees for the services of a conservator, if any, devoted to the litigation of a claim brought under this article. (b) Where it is proven by a preponderance of the evidence that a defendant is liable for financial abuse, as defined in Section 15610.30, and where it is proven by clear and convincing evidence that the defendant has been guilty of recklessness, oppression, fraud, or malice in the commission of the abuse, in addition to reasonable attorney's fees and costs set forth in subdivision (a), and all other remedies otherwise provided by law, the following shall apply: (1) The limitations imposed by Section 377.34 of the Code of Civil Procedure on the damages recoverable shall not apply. (2) The standards set forth in subdivision (b) of Section 3294 of the Civil Code regarding the imposition of punitive damages on an employer based upon the acts of an employee shall be satisfied before any damages or attorney's fees permitted under this section may be imposed against an employer. (c) Nothing in this section affects the award of punitive damages under Section 3294 of the Civil Code."

Code of Civil Procedure Section 377.34 states:

> "In an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and do not include damages for pain, suffering, or disfigurement."

//

### III. STATEMENT OF FACTS[1]

In 1992, in consideration of the payment of a premium made by CHARLES THOMPSON, Defendant, by its duly authorized agents, delivered to CHARLES THOMPSON in Santa Rosa, County of Sonoma, State of California, its policy of insurance, hereinafter referred to as "the policy," by which Defendant undertook and did insure for health care benefits. On the occurrence of the insured event Defendant promised to pay Plaintiff for health benefits as they became necessary. On or about April, 2005, while the policy was in full force and effect, the insured incurred health care costs. By reason thereof, under the terms of the policy, Plaintiff became entitled to receive from Defendant, and Defendant became obligated to pay for services in the sum of $80.00 weekly from April 2005, and $160.00 weekly from February 2007. Plaintiff has and the insured have performed all conditions of the policy on their part to be performed and, in accordance with the terms of the policy, gave Defendant due and timely notice and proof or claim of loss.

Plaintiff has demanded of Defendant payment for the services to be provided Plaintiff, but Defendant has failed and refused, and continues to fail and refuse, to pay Plaintiff that sum or any part of it, and there is now due and owing from Defendant to Plaintiff the sum to be determined by the Court. Throughout the term of the policy Defendants have repeatedly refused to pay benefits under the policy fraudulently. On June 8, 2007, CHARLES THOMPSON died. PAMELA THOMPSON is his successor in interest. As a proximate result of Defendant's failure and refusal as herein alleged, Plaintiff has been damaged.

---

[1] This Statement of Facts contains the essential allegations of the Complaint filed September 24, 2007.

## IV ARGUMENT

**1. Welfare and Institutions Code Section 15657.5 Allows for Emotional Distress and Punitive Damages Surviving the Deceased.**

Defendant CONSECO SENIOR HEALTH INSURANCE COMPANY moves to dismiss the claims of PAMELA THOMPSON as an individual, and strike certain allegations made in the Complaint by Ms. THOMPSON as the Personal Representative of her late father CHARLES THOMPSON.

Plaintiffs concede that Ms. THOMPSON may not proceed as a Plaintiff on the First Cause of Action for breach of contract, and the Second Cause of Action for breach of the implied covenant of good faith and fair dealing. Defendant's Motion to Dismiss does not discuss or provide authority for the dismissal of the Third Claim for Violation of Welfare and Institutions Code Section 15600 et seq. Therefore, the motion cannot be granted as to Ms. THOMPSON's Claim for Violation of Welfare and Institutions Code Section 15600. In fact, Welfare and Institutions Code Section 15657.5(b) provides for an exception to the application of Code of Civil Procedure Section 377.34's prohibition on the award for emotional distress suffered prior to death which Defendant cites in Section 4 of its memorandum.

Plaintiffs agree that they cannot be awarded punitive damages on the contract claim. However, they are entitled to emotional distress [*Gruenberg v. Aetna Insurance Company* (1973) 9 Cal.3d 566 at 580] and punitive damages on the Second and Third Claims. [See Welf. & Inst. Code

Sec. 15657.5 and Code Civ. Proc. Sec. 377.34.]

Thus, the motions must be denied with respect to Ms. THOMPSON's claim within the Third Cause of Action for violation of Welfare and Institutions Code Section 15657.5. The motions must also be denied as it relates to the claim for emotional distress in the Second and Third Causes of Action.

Thus, Welfare and Institutions Code Section 15657.5 allows for emotional distress and punitive damages surviving the deceased.

## V. CONCLUSION

For the foregoing reasons, Defendant's motions should be denied.

Dated: 11/29/07

LAW OFFICES OF JOHN E. HILL
A Professional Corporation

By: Michael P. Guta
Attorneys for Plaintiff

071029.3

POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS/MOTION TO STRIKE

5

PROOF OF SERVICE

I, Michael R. Sher, do hereby declare as follows:

I am employed in the City of Oakland and the County of Alameda, California. I am over the age of 18 years and not a party to the within action. My business address is Law Offices of John E. Hill, 8105 Edgewater Drive, Suite 100, Oakland, California 94621.

On 11/29, 2007, I served the within: POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS/MOTION TO STRIKE, by placing a true copy thereof in a sealed envelope, addressed as follows:

Law Offices of Marc J. Wodin
21600 Oxnard Street, Ste 1110
Woodland Hills, CA 91367
(818) 595-3490
Fax: (818) 595- 3494

__X__ (Electronic Transmission) By causing an electronic delivery authorized under 28 U.S.C. § 1746, Local Rules and General Orders of this Court regarding Electronic Case Filing.

_____ (By Mail) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Oakland, California.

(By Personal Service) I caused each such envelope to be delivered by hand to the offices of each addressee above.

(Telecopier) I caused each such document to be delivered by telecopier to the offices of each addressee above.

(Federal Express Mail) I caused each such document to be delivered by hand to the offices of each addressee by Federal Express, over night service.

I declare under penalty of perjury that the foregoing is true and correct.

071029 3                                6                POINTS AND AUTHORITIES IN
                                                         OPPOSITION TO MOTION TO
                                                         DISMISS/MOTION TO STRIKE

1 | Executed on ___11/29___ 2007, at Oakland, California

_____
MICHAEL R. SHER