**LAW OFFICES OF MARC J. WODIN**
Marc J. Wodin, Esq. - SBN 79573
Elana Bitton, Esq. - SBN. 130835
21600 Oxnard Street, Suite 1110
Woodland Hills, California 91367
Telephone (818) 595-3490
Fax (818) 595-3494

Attorneys for Defendant CONSECO SENIOR HEALTH INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAMELA THOMPSON, Individually and as Personal Representative of CHARLES THOMPSON, Deceased,<br><br>    Plaintiff,<br><br>    vs.<br><br>CONSECO SENIOR HEALTH INSURANCE COMPANY, a Pennsylvania corporation, DOES 1 through XX<br><br>    Defendant(s). | CASE NO.: C 07-05437 PJH<br><br>[Sonoma County Superior Court Case No. 241544]<br><br>**REPLY TO OPPOSITION TO NOTICE OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6), AND TO STRIKE PURSUANT TO FRCP 12(f)**<br><br>**DATE: December 19, 2007**<br>**TIME: 10:00 a.m.**<br>**CTRM: B**<br><br>Assigned to: The Honorable Phyllis J. Hamilton |

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. The motion shows that Plaintiff Pamela Thompson, suing in her own capacity, and as a representative of Charles Thompson, deceased, has filed a complaint in which she alleges that Charles Thompson was insured under an insurance policy assumed by defendant; that in April 2005, Charles Thompson became entitled to benefits under the policy; that defendant wrongfully denied benefits under the policy; that Charles Thompson died on June 8, 2007, and; that Pamela Thompson is his successor in interest.

Based on these same allegations, Plaintiff seeks to proceed on three claims - a first claim for breach of the insurance contract, a second claim for bad faith, and a third claim for elder abuse.

The complaint is defective in three respects:

First: Plaintiff is seeking to sue, on all three claims, not only as a successor in interest of Charles Thompson, but also in her own capacity, alleging that this conduct constituted a wrong to her, and entitles her to damages. She has no standing to proceed on any of these causes. A non-party to an insurance contract, has no standing to enforce it or recover extra-contractual damages, for the wrongful withholding of benefits. Seretti v. Superior National Insurance Co. (1999) 71 Cal.App. 4th 920, 930; Jones v. Aetna Casualty and Surety Co. (1994) 26 Cal.App. 4th 1717, 1722; Hatchwell v. Blue Shield of California (1988) 198 Cal.App. 3d 1027, 1034

Second: The first claim for breach of contract seeks

1  recovery of punitive damages. Punitive damages are not
2  recoverable on a claim for breach of contract. <u>Dryden v. Tri-</u>
3  <u>Valley Growers</u> (1977) 65 Cal.App. 3d 990, 999; <u>Vale v. Union Bank</u>
4  (1979) 88 Cal.App. 3d 330, 339;  <u>Hoffmayer v. Dean Witter & Co.</u>
5  459 F. Supp. 733, 740 (N.D.Cal. 1978)
6       Third: On the second cause for bad faith, and the third
7  claim for elder abuse, plaintiff seeks recovery of damages for
8  decedent Charles Thompson's emotional distress. Damages for
9  emotional distress do not survive death, and a personal
10 representative or successor interest of the decedent  cannot
11 recover damages for the decedent's emotional distress in an
12 action brought after the decedent's death. <u>Code of Civil</u>
13 <u>Procedure</u> §377.34;  <u>Maddox v. Philadelphia Life Insurance Company</u>
14 77 F. Supp. 2d 1123, 1134; <u>Neal v. Farmers Insurance Exchange</u>
15 (1978) 21 Cal.3d 910, 920

17    2. Plaintiff concedes that Pamela Thompson has no standing
18 to proceed as a plaintiff in her own right on the first claim for
19 breach of contract and the second claim for bad faith.

21    3. Plaintiff concedes that there can be no recovery of
22 punitive damages on the first claim for breach of contract.

24    4. Plaintiff argues that Pamela Thompson has standing to
25 proceed as a plaintiff in her own right on the third claim for
26 elder abuse.
27    Plaintiff does not present any authority which says that she
28 does have such standing. Rather, she argues that defendant has

Law Offices
Marc J. Wodin

3
REPLY TO OPPOSITION TO MOTION TO DISMISS, ETC.

1 not presented any authority which shows that she does not have
2 such standing. That is not correct. As noted, it has been
3 specifically held that a non-party to an insurance contract, has
4 no standing to enforce it or recover extra-contractual damages,
5 for the wrongful withholding of benefits.
6     Plaintiff appears to argue that Welfare and Institutions
7 Code §15657.5 says that she has standing to sue in her own right.
8 She recites the statute, which nowhere says such a thing. Nor is
9 there anything in the statute which says such a thing.
10     Plaintiff has no standing to sue in her own right on this
11 claim, any more than she has a standing to sue in her own right
12 on any of the other claims.
13
14     5. Plaintiff argues that there can be recovery for Charles
15 Thompson's emotional distress on the second claim for bad faith
16 pursuant to Welfare and Institutions Code §15656.5. That statute
17 has nothing to do with such a claim. It concerns the damages that
18 may be recovered on a claim for elder abuse. ("Where it is proven
19 by a preponderance of the evidence that defendant is liable for
20 financial abuse, as defined in Section 15610.30 [the elder abuse
21 statute]. . .")
22
23     6. Plaintiff argues that there can be recovery for Charles
24 Thompson's emotional distress on the third claim for elder abuse
25 pursuant to Welfare and Institutions Code §15656.5. However,
26 plaintiff has not alleged the prerequisites to obtain such
27 damages. In order to recover such damages, on a claim for elder
28 abuse, it must be alleged that, to the standard of clear and

Law Offices
Marc J. Wodin

4

REPLY TO OPPOSITION TO MOTION TO DISMISS, ETC.

1  convincing evidence, the defendant was guilty of recklessness,
2  oppression, fraud, or malice, in the commission of the abuse.
3  ("Where it is proven by a preponderance of the evidence that a
4  defendant is liable for financial abuse, as defined in Section
5  15610.30, and where it is proven by clear and convincing evidence
6  that the defendant has been guilty or recklessness, oppression,
7  fraud, or malice in the commission of the abuse. . . . the
8  limitations imposed by Section 377.34 of the Code of Civil
9  Procedure do not apply. . .") Plaintiff has not alleged such a
10 thing on the third claim.

11 DATED: December 5, 2007           LAW OFFICES OF MARC J. WODIN

                                    By ____/s/ Marc J. Wodin____
                                         MARC J. WODIN
                                    Attorneys for Defendant CONSECO
                                    SENIOR HEALTH  INSURANCE COMPANY