UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAMELA THOMPSON, et al.,

    Plaintiffs,

v.

CONSECO SENIOR HEALTH INSURANCE COMPANY,

    Defendant.
_____/

No. C 07-5437 PJH

**ORDER RE MOTION TO DISMISS**

Defendant's motion to dismiss came on for hearing before this court on December 19, 2007. Plaintiff Pamela Thompson, individually and as personal representative of the Estate of Charles Thompson, appeared by her counsel Michael Guta, and defendant Conseco Senior Health Insurance Company appeared by its counsel Marc Wodin. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion in part and DENIES it in part as follows for the reasons stated at the hearing.

    1.    The motion to dismiss Pamela Thompson in her individual capacity as to the first and second causes of action is GRANTED, as a non-party to an insurance contract does not have standing to pursue a claim for wrongful withholding of insurance benefits. See Seretti v. Superior Nat'l Ins. Co., 71 Cal. App. 4th 920, 930 (1999).

    2.    The motion to strike the claim for punitive damages in the first cause of action is GRANTED, as punitive damages are not available for breach of contract. Dryden v. Tri-Valley Growers, 65 Cal. App. 3d 990, 999 (1977).

3. The motion to strike the claim for emotional distress damages in the second cause of action is GRANTED, as emotional distress damages do not survive a decedent's death. Cal. Civ. P. Code § 377.34.

4. The motion to dismiss Pamela Thompson in her individual capacity as to the third cause of action is DENIED, as the claim appears not to be one on the insurance contract, though this is far from clear from the pleading of the claim.

5. The motion to strike the claim for emotional distress damages in the third cause of action is DENIED. Assuming plaintiff is able to state a claim of elder abuse, she may be able to pursue emotional distress damages for that claim.

6. The third cause of action is DISMISSED for failure to state a claim. The third cause of action alleges "violation of Welfare and Instutions Code § 15600, et seq." This is not sufficient under Federal Rule of Civil Procedure 8(a) to put Conseco on notice as to what type of elder abuse claim is being asserted, and what facts support the claim. See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). It is true, as plaintiff's counsel stated at the hearing, that Conseco did not move to dismiss on this ground. However, the court does not understand the claim, and sees no benefit to be gained from proceeding on a claim that is incomprehensible as pled.

7. The dismissal is of the third cause of action is WITH LEAVE TO AMEND to allege facts supporting the elements of whatever claim of elder abuse plaintiff intends to assert. Any amended complaint shall be filed no later than January 21, 2008.

**IT IS SO ORDERED.**

Dated: December 20, 2007

PHYLLIS J. HAMILTON
United States District Judge

2