JOHN E. HILL (Bar No. 45338)
MICHAEL P. GUTA (Bar No. 121509)
LAW OFFICES OF JOHN E. HILL
8105 Edgewater Drive, Suite 100
Oakland, CA 94621
Telephone: (510) 588-1000
Facsimile: (510) 729-6333

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA THOMPSON, Individually and as Personal Representative of CHARLES THOMPSON, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>CONSECO SENIOR HEALTH INSURANCE COMPANY, a Pennsylvania corporation, DOES I through XX<br><br>Defendant (s). | Case No. 3:07-cv-05437-PJH<br><br>FIRST AMENDED COMPLAINT<br><br>(Breach of Insurance Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Violation of Welfare and Institutions Code Sections 15600 et seq.) |

**GENERAL ALLEGATIONS**

1. At all times mentioned herein, Plaintiff was and is a resident of State of California, County of Sonoma.

2. At all times mentioned herein, Defendant CONSECO SENIOR HEALTH INSURANCE COMPANY was and is a Pennsylvania corporation, authorized by the California Insurance Commissioner to do business and doing business in the State of California, County of Sonoma as a health insurer .

3. Plaintiff is informed and believes, and thereon alleges, that the true names and capacities,

080107 2                                    1            COMPLAINT FOR DAMAGES

whether individual, associate, corporate or otherwise of Defendants sued herein as Does I to XX, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that the Defendants sued herein as "Does" are legally and/or equitably culpable and liable for the actions complained of herein.  Plaintiff will seek leave of court to amend his complaint to allege the Does true names and capacities when the names and capacities have been ascertained.  At all times herein mentioned, Plaintiff is informed and believes, and upon such basis alleges, that Does I to XX were the agents, servants and/or employees of the other Defendants, and at all times herein mentioned were acting within the course and scope of their agency and employment, and that the acts of each Defendant were ratified by the others.

## FIRST CAUSE OF ACTION

**(Breach of Insurance Contract- by PAMELA THOMPSON as Personal Representative)**

4.  Plaintiff incorporates Paragraphs 1 to 3 as though fully set forth herein.

5.  In 1992, in consideration of the payment of a premium made by CHARLES THOMPSON, Defendant, by its duly authorized agents, delivered to CHARLES THOMPSON in Santa Rosa, County of Sonoma, State of California, its policy of insurance, hereinafter referred to as "the policy," by which Defendant undertook and did insure for health care benefits.  On the occurrence of the insured event Defendant promised to pay Plaintiff for health benefits as they became necessary.  A copy of the policy is attached hereto as Exhibit A and made a part hereof.

6.  On or about April, 2005, while the policy was in full force and effect, the insured incurred health care costs. By reason thereof, under the terms of the policy, Plaintiff became entitled to receive from Defendant, and Defendant became obligated to pay for services in the sum of $80.00

weekly from April 2005, and $160.00 weekly from February 2007.

7.     Specifically, the Long Term Care Policy contained a Home Health Care Benefit Rider with a daily benefit amount for Home Health Care of $80.00, and a Homemaker Daily Benefit of $80.00 for one day of services in a week in which three days of Home Health Care Benefit is payable.  Mr. Thompson was receiving Home Health Care seven days each week as prescribed by his physician.  Conseco refused to pay for seven days for seven days of Home Health Care each week <u>and</u> the Homemaker Daily Benefit as clearly stated in the policy.

When Conseco failed to pay the Homemaker Benefit in 2005, PAMELA THOMPSON attempted to remedy their error by speaking with customer service representative at Conseco Defendant claimed the policy did not allow both the Home Health Care Benefit and the Homemaker Benefit to be paid on the same day.  When she questioned how we would ever be able to collect the Homemaker Benefit, she was told the following:

a) That Plaintiff needed to make a choice regarding the services.

b) Under no circumstances would Conseco pay more than a maximum of $80.00 per day.

c) If Home Health Care and Homemaker Benefit were billed for the same date of service, once weekly, then only the maximum amount of $80.00 would be paid, not a maximum amount of $160.00.

Unsatisfied with this answer, Ms. Thompson wrote a letter to the Claims Review department at Conseco on November 13, 2005, explaining the situation, including a copy of the policy pages pertinent to her inquiry, and copies of the invoices which had not been paid.  She certified this letter with a return receipt request.  Conseco failed to respond to her letter and never paid the benefit.

Conseco failed to pay a benefit outlined in the contract, she informed them of their failure to comply with the terms of the contract by phone and in writing, she requested payment, they intentionally refused to pay the benefit.

8. Plaintiff has and the insured have performed all conditions of the policy on their part to be performed and, in accordance with the terms of the policy, gave Defendant due and timely notice and proof or claim of loss.

9. Plaintiff has demanded of Defendant payment for the services to be provided Plaintiff, as alleged in Paragraph 7, *supra*, but Defendant has failed and refused, and continues to fail and refuse, to pay Plaintiff that sum or any part of it, and there is now due and owing from Defendant to Plaintiff the sum to be determined by the Court..

9. Throughout the term of the policy Defendants have repeatedly refused to pay benefits under the policy fraudulently.

10. On June 8, 2007, CHARLES THOMPSON died. PAMELA THOMPSON is his successor in interest.

11. As a proximate result of Defendant's failure and refusal as herein alleged, Plaintiff has been damaged .

WHEREFORE, Plaintiff prays relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**
**by PAMELA THOMPSON as Personal Representative**

12. Plaintiff incorporates by reference, as if fully stated herein, Paragraphs 1 through 11 of the Complaint.

080107 2                                            4         COMPLAINT FOR DAMAGES

13. The above-mentioned conduct by Defendants, and each of them, was arbitrary, capricious, unreasonable, and not made in good faith and is in breach of Defendant's duty of good faith and fair dealing implied in every contract of insurance.

14. As a direct and proximate result of the actions of the Defendants, and each of them, Plaintiff has sustained damages in an amount in excess of $500,000.00.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (Violation of Welfare and Institutions Code Sections 15600 et seq.)

15. Plaintiff hereby incorporates Paragraphs 1 through 14 as if fully set forth herein.

16. By committing the acts set forth herein, Defendants have violated Welfare and Institutions Code Sections 15600 et seq. Specifically, Defendant's appropriation and retention of the premiums paid by Charles Thompson was in bad faith and with an intent to defraud. It was obvious to any reasonable person that benefits were payable under the policy as described above. Thus, Defendant's failure to pay under the policy constituted financial abuse as defined by Welfare and Institutions Code Sec. 15610.30 and 15657.5  Defendant was guilty of recklessness, oppression and fraud in the commission of the financial abuse.

17. As a proximate result of said violations, Plaintiff and Charles Thompson have been damaged, suffered emotional distress, and incurred attorney fees. .

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

WHEREFORE, Plaintiff prays relief as follows:

1. For contract damages, with interest thereon at the legal rate;

    2.    For economic damages including losses of premiums paid , together with other economic losses, in an amount to be awarded by the Court;

    3.    For punitive damages;

    4.    For reasonable attorney's fees;

    5.    For costs of suit herein incurred; and

    6.    For such other and further relief as the Court may deem proper.

Dated:  1/22/08                                              LAW OFFICES OF JOHN E. HILL

By:            /s/
MICHAEL P. GUTA
Attorneys for Plaintiffs

080107 2                                       6                    COMPLAINT FOR DAMAGES

# PROOF OF SERVICE

I, Michael R. Sher, do hereby declare as follows:

I am employed in the City of Oakland and the County of Alameda, California. I am over the age of 18 years and not a party to the within action. My business address is Law Offices of John E. Hill, 8105 Edgewater Drive, Suite 100, Oakland, California 94621.

On ___1/22___, 2008, I served the within: FIRST AMENDED COMPLAINT, by placing a true copy thereof in a sealed envelope, addressed as follows:

Law Offices of Marc J. Wodin
21600 Oxnard Street, Ste 1110
Woodland Hills, CA 91367
(818) 595-3490
Fax: (818) 595- 3494

___x_ **(By Electronic Filing)** I caused said document(s) to be electronically filed pursuant to the Local Rules of Court.

**(By Mail)** I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Oakland, California.

**(By Personal Service)** I caused each such envelope to be delivered by hand to the offices of each addressee above.

**(Telecopier)** I caused each such document to be delivered by telecopier to the offices of each addressee above.

**(Federal Express Mail)** I caused each such document to be delivered by hand to the offices of each addressee by Federal Express, over night service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___1/22___ 2008, at Oakland, California.

_____/s/_____
**MICHAEL R. SHER**

080107 2                     7         COMPLAINT FOR DAMAGES