**LAW OFFICES OF MARC J. WODIN**
Marc J. Wodin, Esq. - SBN 79573
Elana Bitton, Esq. - SBN. 130835
21600 Oxnard Street, Suite 1110
Woodland Hills, California 91367
Telephone (818) 595-3490
Fax (818) 595-3494


Attorneys for Defendant CONSECO SENIOR HEALTH INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAMELA THOMPSON, Individually and as Personal Representative of CHARLES THOMPSON, Deceased,<br><br>    Plaintiff,<br><br>vs.<br><br>CONSECO SENIOR HEALTH INSURANCE COMPANY, a Pennsylvania corporation, DOES 1 through XX<br><br>    Defendant(s). | CASE NO.: C 07-05437 PJH<br>[Sonoma County Superior Court Case No. 241544]<br><br>**JOINT CASE MANAGEMENT STATEMENT/JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(f)**<br><br>Case Management Conf.:<br>1/31/08<br><br>Assigned to the Honorable Phyllis J. Hamilton |

**TO THE COURT AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

The parties to the above-entitled action jointly submit this Joint Case Management Statement/Joint Scheduling Conference Report pursuant to Rule 26(f) and request the Court to adopt it as its Case Management Order in this case.

**1. Jurisdiction and Service**:

The basis for subject matter jurisdiction in this diversity

action is that it is an action between a plaintiff resident of California and defendant corporation located in Pennsylvania. The amount in controversy, exclusive of interest and costs, exceeds the sum of $500,000.00.

**2. Facts:**

Plaintiff Pamela Thompson, suing in her own capacity, and as a representative of Charles Thompson, deceased, alleges, among other things, that defendant wrongfully deprived her of long term care benefits under a long term care insurance issued by Transport Life Insurance Company in 1992, which was assumed by defendant Conseco Senior Health Insurance Company. She has sued Conseco Senior on various causes, seeking to recover policy benefits, general damages, emotional distress damages, attorneys fees and punitive damages. Defendant denies that it has wrongfully deprived plaintiff of long term care benefits on this policy, or otherwise engaged in wrongful conduct toward plaintiff, and deny that plaintiff is entitled to damages for failure to provide benefits under the policy, damages for emotional and mental distress, interest, punitive damages, attorneys fees, costs of suit, or any other damages.

**3. Legal Issues:**

The principal legal issues which the parties dispute:

Whether defendant breached the insurance contract, and the nature and extent of the damages plaintiff is entitled to recover if it is determined that there was such a breach.

Whether defendant breached the implied covenant of good faith and fair dealing and the nature and extent of the damages plaintiff is entitled to recover if it is determined that there

1  was such a breach.
2      Whether defendant breached Welfare and Institutions
3  Code §§15600 et. seq. and the nature and extent of the damages
4  plaintiff is entitled to recover if it is determined that there
5  was such a breach.
6      Whether plaintiff suffered mental and/or emotional
7  distress as a result of defendant's conduct and the nature and
8  extent of any such mental and/or emotional distress.
9      Whether plaintiff is entitled to recover attorneys
10 fees, and the amount of any such fees.
11     Whether, by clear and convincing evidence, defendant
12 acted with malice, oppression or fraud, entitling plaintiff to
13 punitive damages, and the amount of any such damages.

14   **4. Motions:**

15   Defendant filed a motion to dismiss that was heard by this
16 court on December 19, 2007. Defendant further anticipates that it
17 will file additional motions including a motion to dismiss
18 regarding plaintiff's first amended complaint and a motion for
19 summary judgment.

20   **5. Amendment of Pleadings:**

21      Plaintiff has filed a first amended complaint pursuant to
22 court order.

23   **6. Evidence Preservation:**

24   The parties have taken steps to preserve evidence relevant
25 to the issues reasonably evident in this action.

26   **7. Disclosures:**

27   The parties certify that the parties have served the
28 following initial disclosures:

Law Offices
Marc J. Wodin

3
JOINT CASE MANAGEMENT STATEMENT

(1) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

(2) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

(3) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(4) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**8. Discovery:**

The parties agree to the following discovery plan:

(A) Per Plaintiff: Plaintiff anticipates taking the deposition of the person most knowledgeable , Interrogatories, Request for Documents, and Request for Admission.

(B) Per Defendant: Defendant anticipates serving written discovery on plaintiff including interrogatories,

1  document requests and admissions, subpoenaing records relating to
2  the plaintiff from health care providers, and others, and taking
3  the depositions of plaintiff, plaintiff's health care providers,
4  and other witnesses.
5         (C)  The parties agree that Discovery should not be
6  conducted in phases.
7         (D)  The parties agree that Discovery should be limited
8  to or focused upon the particular issues reasonably related to
9  the claims and defenses advanced by the parties, that no changes
10 should be made in the limitations on Discovery imposed by the
11 FRCP or by local rule, and that no other limitations on Discovery
12 should be imposed.
13        (E)  The parties anticipate that they will be better
14 able to formulate and simplify the issues and eliminate any
15 frivolous claims or defenses prior to the date set for trial.
16        (F)  The parties anticipate that they will be
17 better able to obtain admissions of fact and of documents which
18 will avoid unnecessary proof, stipulations regarding the
19 authenticity of documents, and advance rulings from the court on
20 the admissibility of evidence, during discovery and prior to the
21 date set for trial.
22        (G) Expert Disclosures: During the FRCP 26(f)
23 Conference of the Parties, it was agreed that Experts will be
24 disclosed pursuant to FRCP 26(a)(2)(C) [at least 90 days before
25 the trial date], and that expert reports will not be required,
26 pursuant to FRCP 26(a)(2)(B).
27        As the parties have agreed that expert reports under
28 FRCP 26(a)(2)(B) will not be required, the parties have further

agreed that only expert witness declarations by the parties' attorney will be provided which must include the following information:

    (a)  A brief narrative statement of the qualifications of the expert;

    (b)  A brief narrative statement of the general substance of the testimony that the expert is expected to give;

    (c)  A representation that the expert has agreed to testify at trial;

    (d)  A representation that the expert will be sufficiently familiar with the pending action to submit to a meaningful oral deposition concerning the specific testimony, including any opinion and its basis, that the expert is expected to give at trial; and

    (e)  A statement of the expert's hourly and daily fee for providing deposition testimony and for consulting with the retaining attorney.

    The parties agree that the above manner of designating experts will better serve the litigation as both parties focus both their time and financial resources toward possible settlement rather than on the prohibitive cost and effort required for preparation of an expert report under FRCP 26(a)(2)(B).

    **9. Class Actions:**

    Not applicable.

    **10. Related Cases:**

    Not applicable.

    **11. Relief:**

Law Offices
Marc J. Wodin

6
JOINT CASE MANAGEMENT STATEMENT

(A) Plaintiff is entitled to damages for failure to provide benefits under the policy, damages for emotional and mental distress, interest, punitive damages, attorneys fees, costs of suit, or any other damages.

(B) Defendant disputes that plaintiff is entitled to the damages alleged and the amount.

**12. Settlement and ADR:**

Plaintiff and Defendants select ADR L.R. Procedure No. 6 (Mediation with a court appointed mediator).

With respect to prospects of settlement and proposed date of compliance with the mediation procedure, it is the position of both plaintiff and defendant that the parties will have to engage in some initial discovery in order to properly value the case and that they can then discuss settlement. The parties suggest a six month deadline to participate in the ADR settlement procedure.

**13. Consent to Magistrate Judge For All Purposes:**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14. Other References:**

Not applicable.

**15. Narrowing of Issues:**

None at the present time.

**16. Expedited Schedule:**

Not applicable.

**17. Scheduling:**

Completing Discovery: As this matter is currently in the preliminary stages of discovery, it is requested that adequate

1  time be allowed for the discovery stage as many of the suggested
2  deponents are out of state.  Defendants and Plaintiff propose
3  that the discovery cut-off date, including expert discovery,
4  should be December 31, 2008.
5      Hearing Dispositive Motions: Plaintiff and Defendants
6  propose that the last day for hearing dispositive motions shall
7  be January 26, 2009.  Defendants anticipate filing a motion for
8  summary judgment/adjudication.
9      Pre-trial Conference and Trial dates: Plaintiff and
10 Defendant  proposes that the Pre-trial conference shall be set
11 for February 27, 2009, and Trial shall be set for March 18, 2009.
12     **18.  Trial:**
13     Both Plaintiff and Defendant have requested that the case be
14 tried before a jury. Both Plaintiff and Defendant estimate that
15 the entire trial should take 5-7 days.
16     **19.  Disclosure of Non-party Interested Entities or Persons:**
17     As to defendant: Pursuant to Civil Local Rule 3-16, the
18 undersigned, counsel of record for Defendant Conseco Senior
19 Health Insurance Company, certifies that as of this date, other
20 than the named parties, there is no such interest to report.
21 These representations are made to enable the Court to evaluate
22 possible disqualification or recusal.
23     As to plaintiff: Pursuant to Civil Local Rule 3-16, the
24 undersigned, counsel of record for Plaintiff PAMELA THOMPSON
25 certifies that as of this date, other than the named parties,
26 there is no such interest to report.  These representations are
27
28

Law Offices
Marc J. Wodin

made to enable the Court to evaluate possible disqualification or recusal.

DATED: 1/24/08                    LAW OFFICES OF JOHN E. HILL

                                  By:  /S/ MICHAEL P. GUTA
                                       MICHAEL P. GUTA
                                  Attorney for Plaintiff, ANITA
                                  D. PARATLEY

DATED: 1/24/08                    LAW OFFICES OF MARC J. WODIN

                                  By:  /S/ MARC J. WODIN
                                       MARC J. WODIN
                                  Attorneys for Defendant,
                                  CONSECO SENIOR HEALTH INSURANCE
                                  COMPANY