1  **LAW OFFICES OF MARC J. WODIN**
Marc J. Wodin, Esq. - SBN 79573
2  Elana Bitton, Esq. - SBN. 130835
21600 Oxnard Street, Suite 1110
3  Woodland Hills, California 91367
Telephone (818) 595-3490
4  Fax (818) 595-3494

5

Attorneys for Defendant CONSECO SENIOR HEALTH INSURANCE COMPANY
6

7
                       **UNITED STATES DISTRICT COURT**
8
              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9

10
PAMELA THOMPSON, Individually )      CASE NO.: C 07-05437 PJH
11 and as Personal               )
Representative of CHARLES        )      [Sonoma County Superior
12 THOMPSON, Deceased,           )      Court Case No. 241544]
                                 )
13         Plaintiff,            )      **NOTICE OF MOTION AND MOTION**
                                 )      **TO DISMISS PURSUANT TO FRCP**
14    vs.                        )      **12(b)(6); MEMORANDUM OF**
                                 )      **POINTS AND AUTHORITIES**
15 CONSECO SENIOR HEALTH         )
INSURANCE COMPANY, a             )      **DATE: March 19, 2008**
16 Pennsylvania corporation,     )      **TIME: 9:00 a.m.**
DOES 1 through XX                )      **CTRM: 3,17th Floor**
17                               )
                                 )      Assigned to: The Honorable
18         Defendant(s).         )      Phyllis J. Hamilton
_____  )
19

20 **TO: THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF**

21 **CALIFORNIA AND TO THE INTERESTED PARTIES AND THEIR ATTORNEYS OF**

22 **RECORD:**

23      Please take notice that on March 19, 2008, at 9:00 a.m. in

24 Courtroom 3, 17th Floor, of the above entitled court located

25 at the U.S. Courthouse, 450 Golden Gate Avenue, San Francisco,

26 California, defendant Conseco Senior Health Insurance Company

27 ("defendant") will move the court for an order dismissing Pamela

28 Thompson, insofar as she is suing individually, i.e. in her own

Law Offices
Marc J. Wodin

1  right, on the third claim for violation of Welfare and

2  Institutions Code §§15600.

3       Said motion will be made pursuant to FRCP 12(b)(6), on the

4  ground that said claim does not state a claim on which relief can

5  be granted.

6       Said motion will be based on this notice, the pleadings,

7  records and documents on file in this action, the memorandum of

8  points and authorities served and filed herewith, as well as such

9  oral and documentary evidence as may be presented at the time of

10  the hearing of the motion.

11

12  DATED: 2/11/08                    LAW OFFICES OF MARC J. WODIN

13

14                                    By _____/S/ Marc J. Wodin_____
                                          MARC J. WODIN
15                                    Attorneys for Defendants CONSECO
                                      SENIOR HEALTH  INSURANCE COMPANY,
16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices
Marc J. Wodin

NOTICE OF MOTION AND MOTION TO DISMISS, ETC.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3  **1. Pamela Thompson has no claim, in her own right, for financial**

4  **elder abuse.** [1]

5

6    **(1) Introduction: History related to the prior motion to**

7  **dismiss and nature of plaintiff's allegations of elder abuse in**

8  **the first amended complaint.**

9    Plaintiff Pamela Thompson previously filed a complaint, in

10  which she sought to proceed on claims for breach of contract, bad

11  faith, and elder abuse, both as representative of Charles

12  Thompson, and in her own right. See complaint

13    The complaint alleged that Charles Thompson was insured

14  under an insurance contract issued to him by defendant, which was

15  attached as an exhibit to the complaint, and that defendant acted

16  wrongfully in withholding benefits due thereunder. See complaint.

17    Defendant brought a motion to dismiss the complaint of

18  Pamela Thompson, insofar as she was seeking to proceed as a

19  plaintiff in her own right, on the ground that she had no

20  standing to sue in such capacity on those claims. Under

21  California law, a non-party to an insurance contract has no

22  standing to enforce it, or recover extra-contractual damages, for

23  the wrongful withholding of benefits. The insurance contract was

24

25    [1] This motion is only directed at Pamela Thompson's attempt

26  to proceed on a claim for elder abuse, as a plaintiff,
    "individually," i.e. in her own right, and is not directed at her

27  attempt to proceed on a claim for elder abuse, in her capacity as
    representative of Charles Thompson, deceased, to recover for

28  elder abuse which defendant allegedly committed against him.

1  issued to Charles Thompson, who was the owner and insured, and
2  the only one entitled to contractual benefits. Pamela Thompson
3  was not a party to the contract, and was not entitled to
4  contractual benefits. See motion to dismiss.

5      The court granted the motion as to the claims for breach of
6  contract and bad faith, and dismissed Pamela Thompson as a
7  plaintiff on those claims. See Order re Motion to Dismiss.

8      The court denied the motion as to the claim for elder abuse,
9  because it was pled so tersely and vaguely, that it was not clear
10 whether it was, like the other claims, based on the withholding
11 of benefits under the insurance contract, or had some other
12 factual basis ("the claim appears not to be one on the insurance
13 contract, though this is far from clear from the pleading of the
14 claim"). However, because of this lack of clarity as to the
15 factual basis for the claim, the court dismissed the claim as
16 being "not sufficient under Federal Rule of Civil Procedure 8(a)
17 to put [defendant] on notice as to what type of elder abuse claim
18 is being asserted, and what facts support the claim." The Court
19 granted leave to amend this claim.  See Order re Motion to
20 Dismiss.

21     Plaintiff has now filed a first amended complaint ("FAC"),
22 in which Pamela Thompson again claims to be a plaintiff, in her
23 own right, on the claim for elder abuse. Further, she now
24 specifically alleges that the factual basis for this claim is,
25 indeed, the same as for the other claims - the withholding of
26 benefits allegedly due under the insurance contract.

27     In that regard, she first, in paragraph 15 of the FAC,
28 incorporates allegations from the prior claims, in which it is

1   alleged that: Charles Thompson purchased and was insured under a

2   long term care insurance contract issued by defendant to Charles

3   Thompson, and which is attached as an Exhibit to the FAC. (FAC,

4   paras 5-6 and Exhibit A to FAC)[2] In or about April 2005, Charles

5   Thompson became entitled to benefits under the policy. (FAC,

6   paras. 6-7) Defendant wrongfully withheld benefits due thereunder

7   (FAC, paras. 7, 9) Charles Thompson died on June 8, 2007, and

8   Pamela Thompson is his representative/successor. (FAC, caption,

9   title of claim and para. 10)

10       She then alleges, in paragraph 16 of the FAC, that defendant

11  committed elder abuse by withholding benefits on his claim, after

12  it had accepted the premiums which he paid to purchase the

13  policy. ("It was obvious to any reasonable person that benefits

14  were payable under the policy. as described above. Thus,

15  Defendant's failure to pay under the policy constituted financial

16  abuse. . .")

17

18       **(2) Because it is now clear that the claim for elder abuse**

19  **is based on the withholding of benefits under the insurance**

20  **contract, Pamela Thompson has no standing to proceed on that**

21  **claim, in her own right, any more than she had standing to sue,**

22  **in her own right on the other claims.**

23       As noted in defendant's prior motion to dismiss, it has been

24

25       [2] The insurance contract was attached as an exhibit to the
26  complaint. It is alleged to be attached as an exhibit to the FAC,
    (see para. 5)but was not attached in the filing. Defendant's
27  attorney brought this to the attention of plaintiff's attorney,
    who advised that the omission was inadvertent, and who then filed
28  the exhibit separately. Wodin Dec.

1    the law in California, for many years, that a non-party to an
2    insurance contract, has no standing to enforce it or recover
3    extra-contractual damages, for the wrongful withholding of
4    benefits. <u>Seretti v. Superior National Insurance Co.</u> (1999) 71
5    Cal.App. 4th 920, 930 ("[S]omeone who is not a party to the
6    contract has no standing to enforce it or recover extra-
7    contractual damages for the wrongful withholding of benefits" -
8    affirming an order sustaining defendants' demurrer, where a
9    person, who was not a party to the insurance contract, sought to
10   sue the insurer in contract and tort for wrongful denial of
11   benefits); <u>Jones v. Aetna Casualty and Surety Co.</u> (1994) 26
12   Cal.App. 4th 1717, 1722 (same); <u>Hatchwell v. Blue Shield of</u>
13   <u>California</u> (1988) 198 Cal. App. 3d 1027, 1034 (same) [3]

14        That is logical. A person who is not a party to an insurance
15   contract - who is not the owner or insured, entitled to benefits
16   of the contract - should not reasonably be accorded standing to
17   sue, in her own right, to enforce the policy or recover
18   extracontractual damages, based on the wrongful withholding of
19   benefits under the contract. Such standing should reasonably be
20   accorded only to the contracted party, himself, or, if he is
21   deceased or incapacitated, through a representative.

22        Pamela Thompson is not a party to the insurance contract,
23   and is not entitled to benefits thereunder.  See FAC, paras. 5-7,

24

25        [3] Further, "a non-party who is nevertheless entitled to
26   policy benefits, such as an insured person under the terms of the
     policy, or an express beneficiary, has standing only if he or she
27   is the *claimant* whose benefits are wrongfully withheld." <u>Seretti</u>,
     supra,  p. 930, and <u>Jones</u>, supra, p. 1722, citing <u>Hatchwell</u>,
28   supra

1  and Exhibit A to FAC. She has no standing to bring a claim, in
2  her own right, for the alleged wrongful withholding of benefits
3  under the insurance contract. Now that it is clear that the claim
4  for elder abuse is, like the previous claims, based on an
5  allegation that defendant wrongfully withheld benefits under that
6  contract, her claim is barred, just like the previous claims.

7      Further, the fact that the claim for elder abuse is a
8  statutory, rather than a common law claim, does not change this
9  result. A statute is to be construed in light of the common law,
10 unless its language clearly and unequivocally discloses
11 otherwise. Catholic Mutual Relief Society v. Superior Court
12 (2007) 42 Cal. 4th 358, 372 ("[U]nless expressly provided,
13 statutes should not be interpreted to alter the common law, and
14 should not be construed to avoid conflict with common law rules.
15 'A statute will be construed in light of common law decisions,
16 unless its language clearly and unequivocally discloses and
17 intention to depart from, alter or abrogate the common law rule
18 concerning the particular subject matter.'")

19     Thus, unless the elder abuse statute "clearly and
20 unequivocally" abrogates this rule, and says that a non-party to
21 the insurance contract does have standing, acting in his or her
22 own right, to enforce it, and recover extra-contractual damages,
23 for the wrongful withholding of benefits, she has no standing to
24 proceed on such a basis.

25     It does not do so, and she cannot proceed on any such basis.
26     The financial elder abuse statute, appears as Welfare and

27
28

Law Offices
Marc J. Wodin

7

NOTICE OF MOTION AND MOTION TO DISMISS, ETC.

1   Institutions Code §15610.30. [4]

2       Preliminarily, by the express language of the statute,

3   financial elder abuse only applies to abuse of elders or

4   dependent adults. Therefore, if Pamela Thompson is seeking to

5   recover for elder abuse in her own right, she must either qualify

6   as an elder or dependent adult, terms which are specifically

7   defined by statute. [5] There is no allegation in the FAC, that she

8   _____

9   [4]

    (a) 'Financial abuse' of an elder or dependent adult occurs when a
10  person or entity does any of the following:
        (1) Takes, secretes, appropriates, or retains real or
11  personal property of an elder or dependent adult to a wrongful
    use or with intent to defraud, or both.
12      (2) Assists in taking, secreting, appropriating, or
    retaining real or personal property of an elder or dependent
13  adult to a wrongful use or with intent to defraud, or both.
    (b) A person or entity shall be deemed to have taken, secreted,
14  appropriated, or retained property for a wrongful use if, among
    other things, the person or entity takes, secretes, appropriates
15  or retains possession of property in bad faith.
        (1) A person or entity shall be deemed to have acted in bad
16  faith if the person or entity knew or should have known that the
    elder or dependent adult had the right to have the property
17  transferred or made readily available to the elder or dependent
    or to his or her representative.
18      (2) For purposes of this section, a person or entity should
    have know of a right specified in paragraph (1) if, on the basis
19  of the information received by the person or entity or the person
    or entity's authorized third party, or both, it is obvious to a
20  reasonable person that th elder or dependent adult has a right
    specified in paragraph (1).
21  (c) For purposes of this section, 'representative' means a person
    or entity that is either of the following:
22      (1) A conservator, trustee, or other representative of the
    of the estate of an elder or dependent adult.
23      (2) An attorney-in-fact- of an elder or dependent adult who
    acts within the authority of the power of attorney.
24
25      [5] Indeed, as a preliminary, but essential matter, the
    complaint does not even allege facts that show that Pamela
26  Thompson qualifies as a elder or dependent adult, entitled to
    bring a claim for anything under the statute. As noted, in order
27  to bring a claim under the statute, one must be an elder or

28

Law Offices
Marc J. Wodin

1  is either.

2      Second, she could not recover in her own right even if she

3  did so qualify.  The statute nowhere purports to abrogate the

4  above noted common law rule that a non-party to an insurance

5  contract has no standing to enforce it or recover extra-

6  contractual damages, for the wrongful withholding of benefits,

7  which, as noted, is the factual basis for the claim involved in

8  this case. It nowhere says that a person, who is not a party to

9  an insurance contract, can bring an action, in his her own right,

10  to enforce the contract or recover extracontractual damages,

11  based on the withholding of benefits.

12

13  DATED: February 11, 2008        LAW OFFICES OF MARC J. WODIN

14

15

                              By _____/s/ Marc J. Wodin_____
16                                    MARC J. WODIN
                              Attorneys for Defendant CONSECO
17                            SENIOR HEALTH  INSURANCE COMPANY

18

19

20

21

22

23  dependent adult. An "elder" is a "person residing in this state,
    65 years or older." <u>Welfare and Institutions Code</u> Section
24  16510.27 A "dependent adult" is a "person between the ages of 18
    and 64 years who resides in this state and who has physical or
25  mental limitations that restrict his or her ability to carry out
    normal activities or to protect his or her rights, including but
26  not limited to person who have physical or developmental
    disability, or whose physical or mental abilities have diminished
27  because of age." There is no allegation that she meets either of
    these requirements.
28

NOTICE OF MOTION AND MOTION TO DISMISS, ETC.

Law Offices
Marc J. Wodin

1          **DECLARATION OF MARC J. WODIN**

2

3    I, MARC J. WODIN, DECLARE:

4

5         1. The facts set forth herein are personally known to

6    declarant, who has firsthand knowledge of the same, and if called

7    as a witness, said declarant could and would competently testify

8    thereto under oath.

9

10        2. I am an attorney duly admitted to practice before this

11   court, and I am a principal in the Law Offices of Marc J. Wodin,

12   attorneys of record for defendant Conseco Senior Health Insurance

13   Company in the above entitled action.

14

15        3. On February 4, 2008, I noticed that the insurance

16   contract, which had been attached as an exhibit to the complaint,

17   and which was referenced as being attached as an exhibit to the

18   first amended complaint was not, in fact, attached as an exhibit.

19   I promptly wrote to plaintiff's attorney, advising him of this

20   fact, and asked him to correct it. I was advised that the

21   correction would be made and that the first amended complaint

22   would be filed as a separate document. On February 11, 2008, I

23   received a call from plaintiff attorney's office advising me that

24   the first amended complaint had been filed. I also received a

25   notification from the court indicating that it had, in fact,

26   / / /

27   / / /

28   / / /

Law Offices
Marc J. Wodin

NOTICE OF MOTION AND MOTION TO DISMISS, ETC.

1   been filed on February 11, 2008.

2

3       I declare under penalty of perjury under the laws of the

4   United States of America that the foregoing is true and correct.

5

6       Executed this 11th day of February, 2008, at Woodland Hills,

7   California

8

9                                      /S/ Marc J. Wodin
                                    MARC J. WODIN
10                                   DECLARANT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices
Marc J. Wodin

11
NOTICE OF MOTION AND MOTION TO DISMISS, ETC.