SAN FRANCISCO | 201 Spear Street
Los Angeles | Suite 1000
New York | San Francisco, CA 94105
Redwood City | Telephone (415) 543-4800
San Jose | Facsimile (415) 972-6301
| www.ropers.com



John A. Koeppel
(415) 972-6373

jkoeppel@rmkb.com

May 5, 2008

<u>**Via Facsimile and U. S. Mail**</u>

Michael P. Guta, Esq.
Law Offices of John E. Hill
8105 Edgewater Drive, Suite 100
Oakland, CA  94621

Marc J. Wodin, Esq.
Law Offices of Marc J. Wodin
21600 Oxnard Street, Suite 1110
Woodland Hills, CA  91367

Re:  <u>Pamela Thompson v. Conseco Senior Health Insurance Company</u>
U.S.D.C., Northern District of California, Case No. C 07-054347 PJH

Dear Counsel:

This correspondence confirms that we have scheduled the mediation for this case on **Thursday, May 29, 2008, at 9:30 a.m.** We will meet at my office at 201 Spear Street, Suite 1000, San Francisco, California. As agreed, I will set aside the entire day to allow the mediation to continue for as long as it is being productive.

Please make sure that the written statements described in ADR L.R. 6-7 are exchanged and in my office by **Friday, May 23, 2008, by 3:00 p.m.** Please include any key documents you feel I should read. If you think it would be helpful to our mediation, I also invite you to submit to me--but not exchange—confidential statements relating, for example, to obstacles to or options for settlement.

Also, please be sure to arrange for your clients' attendance. As we discussed, plaintiff Pamela Thompson and Michael Guta will appear as plaintiff's representatives, and Mr. Stephen Huffer and Mark Wodin will attend as defendant's representatives.

Please prepare for the mediation by discussing each of the following items with your clients:

- ☐ clients' interests, not just positions, and how these interests could be met;
- ☐ other side's interests, and how these could be met;
- ☐ best and worst alternatives to a negotiated settlement;
- ☐ strengths and weaknesses of case; and
- ☐ estimated budget to litigate the case through trial.

RC1/5112548.2/VS2



Michael P. Guta, Esq.
Marc J. Wodin, Esq.
Re: Thompson v. Conseco
May 5, 2008

Page 2

     As we discussed, under ADR L.R. 6-3(b) I will donate my preparation time and the first four hours of the mediation. If the case has not resolved and you all agree to continue, I will charge the court-set rate of $200 per hour for the next four hours. After eight hours of session time, should both sides agree to continue, we can discuss an agreed rate.

     Please also find enclosed a copy of the Court's standard confidentiality agreement which I will expect all participants to sign at the outset of the session. Please review this agreement with your clients and contact me if you have questions or concerns about this form.

     I look forward to working with you and your clients.

Sincerely yours,

**DICTATED BUT NOT READ AND
FORWARDED IN ATTORNEY'S
ABSENCE TO AVOID DELAY**

John A. Koeppel

JAK:rl
Enclosure

cc:    Clerk's Office-ADR Unit

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

RC1/5112548.2/VS2

Alternative Dispute Resolution Program
UNITED STATES DISTRICT COURT
Northern District of California

**CONFIDENTIALITY AGREEMENT**

Case Name    : <u>Thompson v. Conseco</u>
Case No.     : <u>C07-054347 PJH</u>
Session Date : <u>May 29, 2008</u>

    Consistent with ADR L.R. 5-12 and 6-11 governing the confidentiality of ENE and mediation sessions and, to the extent applicable, California Evidence Code Sections 703.5 and 1115-1128, the participants in the ADR session agree that they shall treat as "confidential information" anything that happened or was said in connection with the ADR session. "Confidential information" shall not be disclosed to anyone not involved in the litigation, shall not be disclosed to the assigned judge, and shall not be used for any purpose, including impeachment, in any pending or future proceedings unless all parties and the neutral so agree.

    The parties further agree that evidence admissible or subject to discovery or disclosure shall not be inadmissible or protected from disclosure solely by reason of its introduction or use in this ADR proceeding. Further, disclosure of information which is otherwise privileged shall not alter its privileged character.

    The parties further agree not to subpoena the neutral or any documents submitted to or prepared by the neutral in connection with or during the mediation or ENE sessions. The neutral shall not voluntarily testify on behalf of a party.

    This agreement shall not preclude a report to or an inquiry by the ADR Magistrate Judge pursuant to ADR L.R. 2-4(a) regarding a possible violation of the ADR Local Rules. Nor shall this agreement render inadmissible a written settlement agreement reached as a result of this ADR proceeding in an action to enforce that settlement.

_____       _____
Mediator                              Date


_____       _____
Plaintiff                             Plaintiff's Attorney


_____       _____
Plaintiff                             Plaintiff's Attorney


_____       _____
Plaintiff                             Plaintiff's Attorney

| | |
|---|---|
| _____ | _____ |
| Defendant | Defendant's Attorney |
| | |
| _____ | _____ |
| Defendant | Defendant's Attorney |
| | |
| _____ | _____ |
| Defendant | Defendant's Attorney |