JOHN E. HILL (Bar No. 45338)
MICHAEL P. GUTA (Bar No. 121509)
LAW OFFICES OF JOHN E. HILL
8105 Edgewater Drive, Suite 100
Oakland, CA 94621
Telephone: (510) 588-1000
Facsimile:  (510) 729-6333

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA THOMPSON, as Personal Representative of CHARLES THOMPSON, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>CONSECO SENIOR HEALTH INSURANCE COMPANY, a Pennsylvania corporation, DOES I through XX<br><br>Defendant (s). | Case No. C 07-05437 MEJ<br><br>POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT<br><br>[28 U.S.C. 1927; Code Civ. Proc. 664.6]<br><br>Date:   October 1, 2008<br>Time:   9:00 a.m.<br>Place:  Courtroom B |

In support of her motion to enforce settlement, Plaintiff PAMELA THOMPSON, as personal representative of CHARLES THOMPSON, Deceased, respectfully submits the following points and authorities:

## I. INTRODUCTION

This action went to Court ordered mediation and was settled on May 29, 2008. The settlement agreement contained a provision that the agreement was enforceable under California Code of Civil Procedure Section 664.6. At that time, counsel for Defendant CONSECO SENIOR HEALTH INSURANCE COMPANY, a Pennsylvania corporation (hereinafter "CONSECO")

assured counsel for Plaintiff that Plaintiff would receive her check within two weeks. Notwithstanding the elapsed time, on June 20, 2008, Plaintiff's counsel received a settlement agreement which contained a provision for venue in Indiana and a unilateral $10,000 penalty provision for Plaintiff's breach of the confidentiality provision. [Decl. of Michael P. Guta, Exh. B.] Counsel immediately wrote his objection to these provisions [Decl. of Michael P. Guta, Exh. C.] Later, in a letter dated July 14, 2008, Plaintiff's counsel sent Defendant's counsel a standard release with confidentiality provision [Decl. of Michael P. Guta, Exh. D.] Plaintiff's counsel stated if he did not receive at his office a release that is consistent with the terms of the settlement, he would move the Court to enforce the settlement agreement.

On August 4, 2008, Defendants gave a purported notice of failure of consideration and asked the Court to vacate the dismissal pursuant to the settlement.

## II. APPLICABLE LAW

28 U.S.C. 1927 states:

> "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

California Code of Civil Procedure Section 664.6 states:

> "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement "

## III. STATEMENT OF FACTS

Plaintiff Pamela Thompson, suing as a representative of Charles Thompson, deceased, alleges that defendant wrongfully deprived her father of long term care benefits under a long term care insurance issued by Transport Life Insurance Company in 1992, which was assumed by defendant Conseco Senior Health Insurance Company. She sued CONSECO, seeking to recover policy benefits, general damages, damages under the Elder Abuse statute, Welfare and Institutions Code Sec. 15600, emotional distress damages, attorneys fees and punitive damages.

The matter was settled on May 29, 2008   The settlement provided:

> "1) Defendant will pay Plaintiff and her attorneys $17,500;  2) Plaintiff will dismiss the entire action with prejudice; 3) Plaintiff and her attorneys will execute a release and settlement agreement provided by Defendant which will include a provision of confidentiality; 4) There will be no further claims made under the policy; and 5) The settlement is enforceable pursuant to Code of Civil Procedure Section 664.6."

[Decl. of Michael P. Guta, Exh. A.]

Each party and its attorney signed the agreement.

After the agreement was signed, Defendant proposed an 8 page release requiring that the agreement would be governed by the laws of the state of Indiana and that Plaintiff would be subject to the jurisdiction of the court in Indiana, and be subject to a further $10,000 penalty for violation of the confidentiality of the $17,500 settlement. Plaintiff proposed a standard release [Decl. of Michael P. Guta, Exh. D.]

//

080813.2                                      3

POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO ENFORCE
SETTLEMENT

IV. ARGUMENT

### 1. The Agreement is Enforceable Under Code of Civil Procedure Section 664.6.

Here, the parties agreed the agreement is enforceable under Code of Civil Procedure Section 664.6. Defendant apparently saw the Code of Civil Procedure Section 664.6 settlement agreement as the starting point for further negotiations and have insisted Plaintiff sign an 8 page document which is inconsistent with the terms reached in the Court ordered mediation.

In *Olam v. Congress* (ND Cal. 1999) 68 F. Supp.2d 1110, the court held that California law applies to enforcement of settlement agreements reached in federal courts in California. California courts routinely enforce settlement agreements which invoke Code of Civil Procedure Section 664.6. Recently, in *Osumi v. Sutton* (2007) 151 Cal. App.4th 1355, the court was faced with a similar attempted escape of contractual obligations within a settlement agreement stipulated as enforceable under Code of Civil Procedure Section 664.6.

In *Osumi v. Sutton* (2007) 151 Cal. App.4th 1355, the court stated:

> "Section 664.6 permits the trial court judge to enter judgment on a settlement agreement without the need for a new lawsuit. *(Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 809-810.) It is for the trial court to determine in the first instance whether the parties have entered into an enforceable settlement. *(Elyaoudayan v. Hoffman* (2003) 104 Cal.App.4th 1421, 1428-1429.) In making that determination, "the trial court acts as the trier of fact, determining whether the parties entered into a valid and binding settlement. [Citation.] Trial judges may consider oral testimony or may determine the motion upon declarations alone. [Citation.] When the same judge hears the settlement and the motion to enter judgment on the settlement, he or she may consult his [or her] memory. [Citation.]" *(Terry v. Conlan* (2005) 131 Cal.App.4th 1445, 1454.) The trial court's

080813.2               4                POINTS AND AUTHORITIES IN SUPPORT
                                         OF MOTION TO ENFORCE
                                         SETTLEMENT

factual findings on a motion to enforce a settlement pursuant to section 664.6 "are subject to limited appellate review and will not be disturbed if supported by substantial evidence." (Williams v. Saunders (1997) 55 Cal.App.4th 1158, 1162.)"

*Osumi v. Sutton* (2007) 151 Cal. App.4th 1355, 1360

The court thus enforced the agreement under Code of Civil Procedure Section 664.6.

Here, Defendant apparently believes that the reference to Plaintiff and her attorneys will execute a release and settlement precludes the enforcement of the agreement entered May 29, 2008. Yet, a settlement entered pursuant to Code of Civil Procedure Section 664.6 is enforceable even if the parties agree to put the settlement in a formal document that is never executed.

In *Richardson v. Richardson* (1986) 180 Cal. App.3d 91, the court stated:

> "Wife's counsel understood that husband offered to release to wife the money deposited in court, and wife in turn would dismiss the consolidated cases. She had 48 hours in which to accept the offer.
>
> On March 22, wife's counsel notified husband by telephone and express mail of wife's timely acceptance of the settlement offer prior to the close of business on March 23. He also sent husband an express mail letter stating that he would appear on the April 2 trial date, advise the court of the settlement, and request a brief continuance for execution of settlement documents. This he did, and the trial date was thereafter continued several times pending a final written settlement agreement."

*Richardson v. Richardson* (1986) 180 Cal. App.3d 91, 94

The court further stated:

> "An agreement to settle a lawsuit which is reached at a judicially supervised settlement conference is enforceable. (Gopal v. Yoshikawa,

080813.2                                      5

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

> 0, 147 Cal.App.3d 128, 132.) <u>Judge Storch found on substantial evidence that the parties reached agreement as to all material terms required for a binding contract, even though it was intended that the agreement be memorialized later by a formal writing.</u> (*Pacific Grove-Asilomar Operating Corp. v. County of Monterey* (1974) 43 Cal.App.3d 675 [117 Cal.Rptr. 874].) [4] <u>"When parties orally agree upon all the terms and conditions of an agreement with the mutual intention that it shall thereupon become binding, the mere fact that a formal written agreement to the same effect is to be prepared and signed does not alter the binding validity of the oral agreement. [Citation.]"</u> (Id. at p. 686.)
>
> Here, wife's counsel accepted the settlement offer and sent husband a proposed settlement agreement, but husband imposed additional conditions which had not been discussed before the judge. Although the judge recalled the settlement offer specifically, he deferred ruling and encouraged the parties to attempt to achieve a mutually satisfactory written settlement agreement. Their efforts to do so failed. <u>The trial judge properly confirmed the settlement agreement without further argument when husband failed to appear on the motion."</u>
> (Emphasis added)

*Richardson v. Richardson* (1986)   180 Cal. App.3d 91, 97

Here, the parties agreed the settlement would be enforceable under California law. Defendant's proposed release changes the applicable law to the law of the State of Indiana without any explanation. It further provides exclusive venue in Indiana (Defendant's place of business) and provides for a $10,000 penalty for violation of confidentiality. Clearly, all material terms are set out in the agreement reached at mediation. The parties clearly stated the intent that the agreement would be enforceable under California Code of Civil Procedure Section  664.6 and the parties and their attorneys signed the agreement. Curiously, Defendant deletes reference to Code of Civil Procedure Section 664.6 in their eight page release [Decl. of Michael P. Guta, Exh. B.] Plaintiff should not be subject to an action in Indiana to resolve any future disputes. Defendant essentially admits that the

settlement agreement was enforceable as it claims Plaintiff has failed to provide the consideration (*i.e.* a release containing confidentiality contemplated by the agreement.)[1] Plaintiff requests the Court enforce the settlement consistent with the terms agreed to by the parties.

2. **Plaintiff Must Be Awarded Costs in Filing the Instant Motion Under 28 U.S.C. 1927.**

In *Ullman v. Olwiner, Connolly Chase O'Donnell* (SD Ohio 1987) 123 F.R.D. 559, 561, affirmed 857 F.2d 1475, *cert. Den.* 489 U.S. 1080, the court found that 28 U.S.C. 1927 could apply to an attempt to back out of a settlement agreement, on grounds that certain terms had never been finally agreed to.

> "§ 1927 permits the award of fees despite the absence of conscious impropriety. In *In Re Ruben*, 825 F.2d 977 (6th Cir. 1987) the court further explicated the standard:
> 'There must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party'.
> 825 F.2d at 984.
> . . . .
> The obligation which Plaintiff violated is also supplied by case law. Agreements settling litigation are solemn undertakings, invoking a duty upon the involved lawyers, as officers of the Court, to make every reasonable effort to see that the agreed terms are fully and timely carried out

*Ullman, supra,* 123 F.R.D. at 561

The *Ullman* court thus awarded 50 hours of attorney fees to the party enforcing the settlement.

---

[1] Under general contract principles, the result is the same. A contract reduced to writing and signed is binding even if it contemplates a subsequent and more formal instrument as a repository of its terms. [*Levin v. Saroff* (1921) 54 Cal. App. 285; *Schlageter Estate Co. v. Koontz* (1950) 97 Cal. App.2d 814; *Mann v. Mueller* (1956) 140 Cal. App.2d 481; *Smissaert v. Chiodo* (1958) 163 Cal. App.2d 827; *Stephan v. Maloof* (1969) 274 Cal. App.2d 843.]

1 | *Ullman, supra,* 123 F.R.D. at 562.

Here, Defendant attempts to disavow the settlement based on Plaintiff's refusal to agree to additional inconsistent terms. Plaintiff's counsel spent five hours at $350.00/hour in preparing this motion. [Decl. of Michael P. Guta.] Plaintiff requests $1,750.00 in attorney time for filing the instant motion.

Thus, Plaintiff must be awarded costs in filing the instant motion under 28 U.S.C. 1927.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion should be granted.

Dated: 8/27/08

LAW OFFICES OF JOHN E. HILL
A Professional Corporation

_____
By: Michael P. Guta
Attorneys for Plaintiff

080813.2

8

POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO ENFORCE
SETTLEMENT