1  JOHN E. HILL (Bar No. 45338)
   MICHAEL P. GUTA (Bar No. 121509)
2  LAW OFFICES OF JOHN E. HILL
   8105 Edgewater Drive, Suite 100
3  Oakland, CA 94621
   Telephone: (510) 588-1000
4  Facsimile:  (510) 729-6333

5  Attorneys for Plaintiffs

6

7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9

10  PAMELA THOMPSON, Individually and as      Case No.  C 07-05437 MEJ
    Personal Representative of CHARLES
11  THOMPSON, Deceased,                       DECLARATION OF MICHAEL P.
                                              GUTA
12                  Plaintiff,
                                              [Code Civ. Proc. Sec. 664.6]
13  v.
                                              Date:      October 1, 2008
14  CONSECO SENIOR HEALTH INSURANCE           Time:      10:00 a.m.
    COMPANY, a Pennsylvania corporation,      Place:     Courtroom B
15  DOES I through XX                                    Hon. Phyllis Hamilton

16                  Defendant (s).

17

18        I, MICHAEL P. GUTA, declare as follows:

19  1.    I am an attorney at law, admitted to practice in California, and attorney for Defendant herein.  I

20  am fully familiar with the facts attested to herein, and if called as a witness could and would testify

21  competently.

22  2.    Pursuant to the Court's sponsored mediation program, a settlement of the case was reached

23        on May 29, 2008, before mediator John Koeppel, Esq.

24  3.    Attached are the following exhibits:

25        a.      Settlement agreement of Mary 29, 2008, a true and correct copy of which is attached

26

27                                            _____
                                              DECLARATION OF MICHAEL P. GUTA
28                                              IN SUPPORT OF MOTION
    080814 2                    1               TO COMPEL SETTLEMENT

1   hereto as Exhibit A;

2   b.    Letter from Marc Wodin, Esq. to Michael Guta, Esq. dated June 16, 2008 enclosing

3   release and settlement, and stipulation and order for dismissal, a true and correct copy

4   of which is attached hereto as Exhibit B;

5   c.    Letter from Michael P. Guta, Esq. to Marc Wodin, Esq. dated June 20, 2008, attached

6   hereto as Exhibit C;

7   d.    Letter from Michael Guta, Esq. to Marc Wodin, Esq., dated July 14, 2008, attached

8   hereto as Exhibit D.

9   4.    I have spent five hours compiling this motion to enforce the settlement. My normal and

10   customary billing rate is $350.00 per hour.

11

12

13   Under penalty of perjury, I declare the foregoing to be a true and correct declaration executed

14   at Oakland, California.

15

16

17   Dated: 8/27/08                              MICHAEL P. GUTA

18

19

20

21

22

23

24

25

26

27

28   080814 2                           2

DECLARATION OF MICHAEL P. GUTA
IN SUPPORT OF MOTION
TO COMPEL SETTLEMENT

**Exhibit A**

08/06/2008  10:57 FAX 415 972 6301         ROPERS MAJESKI ET AL          ☑001

| SAN FRANCISCO | 201 Spear Street |
|---|---|
| Los Angeles | Suite 1000 |
| New York | San Francisco, CA 94105 |
| Redwood City | Telephone (415) 543-4800 |
| San Jose | Facsimile (415) 972-6301 |
| Boston | www.ropers.com |



LAWYERS
RMKB
ROPERS MAJESKI KOHN BENTLEY

## FACSIMILE TRANSMISSION

DATE:     August 6, 2008

TO:

| NAME | FAX NO. | PHONE NO. |
|---|---|---|
| Michael P. Guta, Esq. | (510) 729-6333 | (510) 588-1000 |

FROM:     John A. Koeppel          PHONE:     (415) 972-6373

RE:     Thompson v Conseco

SENT BY:     Vija D. Strauts          PHONE:     (415) 972-6362

FILE NUMBER:          USDC 4056F

NUMBER OF PAGES, INCLUDING COVER:     2     Original(s) Will Not Follow By Regular Mail

MESSAGE:

Pursuant to our telephone conversation today, attached is agreement reached at the mediation of this action.

John A Koeppel, Mediator

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U S tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment)

CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL AS SOON AS POSSIBLE.
RCI/5072732 2/VS2

Received Fax     Aug 06 2008 10:03     Fax Station : LAW OFFICES OF JOHN HILL PC     P. 2

08/06/2008 10:57 FAX 415 972 6301          ROPERS.MAJESKI.ET AL                    002

1. Def will pay pl & her
att/ys a $17,500.00

2. Pl will dismiss the entire
action with prejudice

3. Pl & her atty will execute a
release & settlement agreement
provided by def. which will
include a provision for confidentiality

Michael Guta _____     Steven _____ Assoc.
Pl's Atty                         Gen
Pamela Thomson                    Defendant      Counsel

_____
atty for def.

4. There will be no further
claims made under the Pl

5. The settlement is enforceable
pursuant to CCP 664.6.

.

**Exhibit B**

LAW OFFICES OF
## MARC J. WODIN
21600 OXNARD STREET, SUITE 1110
WOODLAND HILLS, CALIFORNIA 91367

MARC J WODIN

———

ELANA BITTON

TELEPHONE (818) 595-3490
FACSIMILE (818) 595-3494



June 16, 2008

John E. Hill
Michael P. Guta
Law Offices of John E. Hill
8105 Edgewater Drive, Suite 100
Oakland, CA 94621

> Re:   Pamela Thompson v. Conseco Senior Health Insurance Company

Dear Mr. Guta:

Enclosed please find a release and settlement agreement, and stipulation and order for dismissal. Please have these documents executed and returned to me.

Very truly yours,

LAW OFFICES OF MARC J. WODIN

MARC J. WODIN

enc.

### *CONFIDENTIAL RELEASE, SETTLEMENT AGREEMENT AND COVENANT NOT TO SUE*

This Confidential Release, Settlement Agreement And Covenant Not To Sue ("Agreement") is entered into by and between (1) Pamela Thompson ( "Plaintiff"), on the one hand, and; (2) Conseco Senior Health Insurance Company ("Defendant"), and Defendant's past, current and future affiliates, subsidiaries, parent companies, agents, officers, directors, employees insurers, attorneys, heirs, successors and assigns and the past, current and future agents, employees, insurers, officers, directors, attorneys, heirs, successors and assigns of its affiliates, subsidiaries, and parent companies, on the other hand. The entities and persons identified in (2) above, are, hereinafter, collectively and individually, referred to as the "Released Parties."

WHEREAS, Plaintiff and Defendant are parties to that certain action entitled Pamela Thompson et. al. v. Conseco Senior Health Insurance Company, bearing Case No.: C 07-05437 PJH, pending in the United States District Court for the Northern District of California ("the Action"), relating to a certain insurance policy number EM9729 issued by Transport Life Insurance Company to Plaintiff's decedent, Charles Thompson ("the Policy"), and;

WHEREAS, Plaintiff and Defendant desire to settle and compromise all claims which were or could have been asserted in the Action on the terms and conditions set forth herein;

NOW THEREFORE, in consideration of the promises and the mutual covenants herein set forth, the parties agree as follows:

1. Defendant Conseco Senior Health Insurance Company will pay to plaintiff and her attorneys the sum of $17,500.00, by check made payable to the Law Offices of John E. Hill, a

Page 1 of 8

professional corporation.

    2. Defendant is responsible for paying only the amounts specifically set out in paragraph 1, and are not responsible for paying any other amounts whatsoever, including, but not limited to, any amounts due from any other person or party.

    3. As consideration for the payment of the sums specified in paragraph 1, Plaintiff does hereby release, acquit and forever discharge the Released Parties, of and from any and all claims, demands, disputes, losses, or causes of action, known or unknown, foreseen or unforeseen, in law or in equity, which the Plaintiff has, has ever had, may ever have, or which may hereafter accrue or be acquired, against the Released Parties, relating to or concerning the Policy, and any claims which were or could have been asserted in the Action. Plaintiff further covenants and agrees that neither she nor anyone authorized to act on her behalf will commence, authorize, or accept any benefit from any judicial or administrative action or proceeding, other than as expressly provided for in this Agreement, against the Released Parties, or any of them, in either their personal or corporate capacity, with respect to any claim, matter, or issue that in any way arises from, is based on, or relates to any alleged loss, harm, or damages allegedly caused by the Released Parties, or any of them, in connection with the released claims referenced in this paragraph and paragraph 5 of this Agreement.

    4. The release and covenant not to sue set forth in paragraph 3 above specifically includes, but is not in any way limited to: (a) any and all claims against the Released Parties on account of, arising out of, or in any way relating to the Policy; (b) any and all claims against the Released Parties on account of, arising out of, or in any way relating to the Action; (c) any damages which were or could have been claimed in the Action including, but not limited, any

extra-contractual damages suffered at any time by reason of any of the conduct alleged in the Action, or the continued effects thereof, or as referenced in (a) and (b) of this paragraph.

5. As further consideration for the payment of the sums specified in paragraph 1, Plaintiff agrees to promptly dismiss the Action in its entirety with prejudice.

6. As further consideration for the payment of the sums specified in paragraph 1, Plaintiff and her attorneys will provide Defendant with a properly executed W-9 form, for each payee on the aforesaid check.

7. It is further understood and agreed that Plaintiff intends to waive and hereby expressly waives all rights under California Civil Code Section 1542 and any similar law of any state or territory of the United States. Section 1542 reads as follows:

> A general release does not extend to claim which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

8. Plaintiff further represents and warrants to the Released Parties that she had authority and capacity to file the complaint in the Action, and that she has the authority to consent to a stipulation of dismissal of the entire Action, with prejudice. Plaintiff further represents and warrants that she owns the claims asserted in the Action, and has not heretofore assigned to any other person or party all, or any portion of, any claim whatsoever, that she may now have, or in the future may have, against the Released Parties, arising out of the Policy and the facts involved in the Action. Plaintiff agrees to defend, indemnify and hold the Released Parties harmless, from any claim or action by any other person, who has been assigned or transferred any of the claims or interests asserted by Plaintiff in the Action.

9. Plaintiff expressly agrees to indemnify, defend and hold the Released Parties harmless, from and against any and all claims asserted by any party for reimbursement of claims, services or assistance rendered to, for, or on behalf of the Plaintiff's decedent, Charles Thompson, whether or not such claim would have been covered by the Policy. This includes any claims of any caregiver, or caregiver agency, related to services provided to Plaintiff's decedent.

10. Plaintiff agrees that the Released Parties shall have no responsibility whatsoever to any federal, state or local taxing authority for the tax liability, or consequences, if any, arising from the payment of the consideration recited herein, and that all such responsibility is exclusively that of the Plaintiff.

11. It is further understood and agreed that Plaintiff, as representative of Plaintiff's decedent, Charles Thompson, does hereby surrender the Policy. Plaintiff understands and agrees that any interest she or Plaintiff's decedent may have in the Policy is surrendered and cancelled, that insurance under the Policy is terminated, that there is no entitlement to any further benefits under the Policy, that there will be no claim for further benefits under the Policy, that the Released Parties have no further obligation under the Policy, and that Plaintiff shall promptly return the original Policy to Defendant, if it can be located.

12. It is further understood and agreed that this Agreement is not to be construed as, and does not constitute, an admission of liability or wrongdoing on the part of the Released Parties, and that the material purpose of the sum or money paid hereunder is solely for the purpose of avoiding the expense and time involved in defending litigation.

13. Plaintiff agrees and declares that no representation made by any employees, agents or attorneys of the Released Parties, if any, concerning the validity or merit of any claims they have

has induced Plaintiff to make this Agreement, and that Plaintiff is acting upon her own judgment, belief and knowledge of the nature of all claims or potential claim against the Released Parties in making this Agreement. Plaintiff warrants and declares that she is acting only after securing the advice and consultation of legal counsel of her choice.

14. Plaintiff acknowledges that she is over the age of eighteen (18) years of age and has carefully read this Agreement and fully understands and knows the terms thereof, and signs the same as her own free act and upon recommendation of legal counsel of her choice.

15. It is further understood and agreed that should any portion of this Agreement be held invalid by operation of law or otherwise, the remaining portion shall be given full force and effect and shall not in any way be affected thereby.

16. Plaintiff and her attorneys in the Action agree that the terms of this Agreement (including but not limited to the amount of the payment recited herein and the basis on which said payments are computed), the nature and circumstances of the dispute between the parties, and the factual background of the Action, are confidential. Plaintiff and her attorneys in the Action further understand and agree that while each may state that a settlement has been reached, except as provided in this paragraph, they may not disclose confidential information, to third parties, orally or in writing.

Confidential information shall not be disclosed, revealed, or divulged, by plaintiff or her attorneys, to any person, firm, corporation, news media, or to any other entity whatsoever, with the following exceptions, and then only to the extent reasonably necessary: (a) to governmental taxing authorities; (b) to plaintiff's and her attorneys' accountants and tax preparers; (c) when required by order or a court of competent jurisdiction or otherwise compelled by law, or; (d)

with the prior written consent of all parties.

No party or their attorneys shall categorize this Agreement or the outcome of the Action as a victory for themselves, or a defeat of the other party, or suggest that this Agreement, or the terms thereof, constitute something other than the settlement of a dispute without an admission or finding of liability on the part of either party.

The promises of confidentiality as provided in this paragraph are material inducements to Defendant to enter into this Agreement and are of the essence of this Agreement.

17. In the event of a breach of the obligations under the confidentiality provisions of this Agreement, including but not limited to paragraph 16, the parties agree that the breaching party will be required to pay the Defendant's reasonable attorneys' fees and litigation costs associated with enforcement of these provisions. In addition, Plaintiff and Defendant acknowledge their understanding that in the event of a breach of said confidentiality provisions, Defendant is very likely to incur damage to reputation and other significant interests, which are very substantial, yet will defy being accurately quantified and reduced to specific money damages. As such, in the event Defendant prevails in any action to enforce the said confidentiality provisions, Defendant shall receive, as liquidated damages for breach of confidentiality, and not as a penalty, the sum of $10,000.00.

18. This Agreement shall be governed b y and construed in accordance with the internal laws of the State of Indiana, except its choice of law rules which shall not be applied so as to make the law of any other State applicable. The parties agree that exclusive venue and jurisdiction for any action to interpret and/or enforce this Agreement shall be in the Hamilton County (Indiana) Circuit or Superior Court or the U. S. District Court for the Southern District

of Indiana. All parties waive jury trial in any action to interpret or enforce this Agreement, and consent to service of process in accordance with the Indiana Rules of Trial Procedure in any such action.

19. Plaintiff's attorneys will return this Agreement to Defendant's attorneys, fully executed, with a Stipulation and Order for Dismissal of the Entire Action with Prejudice, also fully executed, within 10 days of this Agreement being provided to Plaintiff's attorneys. Defendant will provide Plaintiff's attorney with the settlement checks, within 10 days thereafter.

20. This Agreement contains the entire agreement between the parties, and the terms and conditions of this Agreement are contractual and not a mere recital. Plaintiff further states that she has carefully read the Agreement, knows and understands the contents thereof, and signs her name as her own free act.

21. All parties to the Agreement agree, for their respective selves, heirs, executors and assigns, that they will abide by this Agreement and do all such acts, and prepare, execute, and deliver all such documents as may reasonably be required to carry out the stated objectives of this Agreement.

22. Each party and their respective attorneys have had the opportunity to review and revise this Agreement, and the rule of construction that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Agreement.

23. This Agreement shall not be amended or modified except in writing signed by all of the parties.

24. This Agreement may be executed in parts by the parties.

**I HAVE READ, UNDERSTAND, AND AGREE TO THE FOREGOING**

DATED: _____    _____

PLAINTIFF PAMELA THOMPSON
INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVE OF CHARLES
THOMPSON, DECEASED

DATED: _____    _____

MICHAEL GUTA
LAW OFFICES OF JOHN E. HILL
ATTORNEYS FOR PLAINTIFF PAMELA
THOMPSON INDIVIDUALLY AND
AS PERSONAL REPRESENTATIVE OF
CHARLES THOMPSON, DECEASED

DATED: _____    _____

STEVEN HUFFER
FOR DEFENDANT CONSECO SENIOR
HEALTH INSURANCE COMPANY

DATED: _____    _____

MARC J. WODIN
LAW OFFICES OF MARC J. WODIN
ATTORNEYS FOR FOR DEFENDANT
CONSECO SENIOR  HEALTH INSURANCE
COMPANY

1  LAW OFFICES OF MARC J. WODIN
   Marc J. Wodin, Esq. - SBN 79573
2  Elana Bitton, Esq. - SBN. 130835
   21600 Oxnard Street, Suite 1110
3  Woodland Hills, California 91367
   Telephone (818) 595-3490
4  Fax (818) 595-3494

5

6  Attorneys for Defendant CONSECO SENIOR HEALTH INSURANCE COMPANY

7                      UNITED STATES DISTRICT COURT

8                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10
   PAMELA THOMPSON, Individually )      CASE NO.: C 07-05437 PJH
11 and as Personal               )      [Sonoma County Superior
   Representative of CHARLES      )      Court Case No. 241544]
12 THOMPSON, Deceased,           )
                                  )
13            Plaintiff,          )      STIPULATION AND ORDER
                                  )      DISMISSING ENTIRE ACTION
14      vs.                       )      WITH PREJUDICE
                                  )
15 CONSECO SENIOR HEALTH          )
   INSURANCE COMPANY, a           )      Assigned to the Honorable
16 Pennsylvania corporation,      )      Phyllis J. Hamilton
   DOES 1 through XX              )
17                                )
                                  )
18            Defendant(s).       )
   _____    )
19

20      It is hereby stipulated, by and between the parties to the

21 above entitled action, by and through their attorneys of record,

22 that the above entitled action is dismissed, in its entirety,

23 with prejudice.

   DATED:                         LAW OFFICES OF JOHN E. HILL
24

25

26                                By: _____
                                       MICHAEL P. GUTA
27                                Attorney for Plaintiff, PAMELA
                                  THOMPSON INDIVIDUALLY AND AS
28                                PERSONAL  REPRESENTATIVE OF
                                  CHARLES THOMPSON, DECEASED

Law Offices
Marc J. Wodin
                                        1
                  STIPULATION AND ORDER DISMISSING ACTION

1   DATED:                              LAW OFFICES OF MARC J. WODIN

2

3                                       By: _____
                                              MARC J. WODIN
4                                       Attorneys for Defendant CONSECO
                                        SENIOR HEALTH  INSURANCE COMPANY
5

6

7

8        IT IS ORDERED THAT:

9

10       The above entitled action is dismissed, in its entirety,

11  with prejudice.

12

13  DATED:

14

15                                      _____
                                        THE HONORABLE PHYLLIS J. HAMILTON
16                                      UNITED STATES DISTRICT COURT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices
Marc J  Wodin
                                        2

**Exhibit C**

# LAW OFFICES OF JOHN E. HILL

## A PROFESSIONAL CORPORATION

John E. Hill *
Daniel A. Stenson
Michael P. Guta
Ian M. Cooper
Mark J. Shostak
Inna Bimits
Joanne A. Helvig

Of Counsel
Melvin M. Belli (1907-1996)

*Certified Specialist: Civil Trial Advocate
Certified by National Board of Trial Advocacy
Accredited by State Bar of California

**ATTORNEYS AT LAW**

8105 Edgewater Drive, Suite 100
Oakland, California 94621-2017
Telephone (510) 588-1000
General Facsimile (510) 729-6333
E-mail: johnhill@hill-law-offices.com

San Francisco Office
747 Leavenworth Street
San Francisco, California 94109
Telephone (415) 398-2434
Facsimile (415) 392-2809

Los Angeles Office
1112 11th Street, Suite 3
Santa Monica, California 90403
Telephone: 310-260-2100

June 20, 2008

**TRANSMITTED BY FACSIMILE**

Marc Wodin, Esq.
21600 Oxnard Street, Ste 1110
Woodland Hills, CA 91367

     Re: *Thompson v. Conseco*

Dear Mr. Wodin:

     I am extremely concerned about the proposed Release that you have now sent to us and which we received June 19, 2008. This action was settled on May 29, 2008. At that time, you assured me that Plaintiff would receive her check within two weeks. Now, notwithstanding the elapsed time, you sent a settlement agreement which contains venue in Indiana and a unilateral penalty provision for breach of the confidentiality provision of the agreement. If I do not have at this office a release that is consistent with the terms of the settlement we reached May 29, 2008 by the close of business June 23, I will move the Court to enforce the settlement agreement entered May 29, 2008.

               Very truly yours,

               Michael P. Guta

MPG/m

080620 3

**Exhibit D**

# LAW OFFICES OF JOHN E. HILL

### A PROFESSIONAL CORPORATION

John E. Hill *
Daniel A. Stenson
Michael P. Guta
Ian M. Cooper
Mark J. Shostak
Inna Bimits
Joanne A. Helvig

Of Counsel
Melvin M. Belli (1907-1996)

*Certified Specialist: Civil Trial Advocate
Certified by National Board of Trial Advocacy
Accredited by State Bar of California

### ATTORNEYS AT LAW

8105 Edgewater Drive, Suite 100
Oakland, California 94621-2017
Telephone (510) 588-1000
General Facsimile (510) 729-6333
E-mail: johnhill@hill-law-offices.com

San Francisco Office
747 Leavenworth Street
San Francisco, California 94109
Telephone (415) 398-2434
Facsimile (415) 392-2809

Los Angeles Office
1112 11th Street, Suite 3
Santa Monica, California 90403
Telephone: 310-260-2100

July 14, 2008

**TRANSMITTED BY FACSIMILE**

Marc Wodin, Esq.
23901 Calabasas Road, Ste 1076
Calabasas, CA 91302

Re: *Thompson v. Conseco*

Dear Mr. Wodin:

Enclosed please find a copy of the Settlement Agreement, executed over six weeks ago. Under its terms, the agreement was complete, save for a release containing a confidentiality agreement. That is all that has been agreed to. If you wanted additional terms, it is now too late. Enclosed please find a release providing for confidentiality.

Thank you very much.

Very truly yours,

Michael P. Guta

MPG/m
encl.
080714.2

6.     Releasor PAMELA THOMPSON acknowledges and agrees that this release applies to all claims that Releasor may have against Releasee arising out of Transport Life Insurance Company Policy of Insurance No. 11001-CA for injuries, damages, or losses to Releasor's person and property, real or personal, whether those injuries, damages or losses are known or unknown, foreseen or unforeseen, or patent or latent.

7.     Releasor certifies that she has read Section 1542 of the Civil Code, set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect ton exist in his favotr at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

8.     Releasor hereby waives application of Section 1542 of the Civil Code.

9.     Releasor understands and acknowledges that the significance and consequence of this waiver of Section 1542 of the Civil Code is that even if Releasor should eventually suffer additional damages arising out of the policy of insurance, she will not be permitted to make any claim for those damages. Furthermore, Releasor acknowledges that she intends those consequences even as to claims for injury and/or damages that may exist as of the date of this release but which Releasor does not know exist, and which, if known, would materially affect Releasor's decision to execute this release, regardless of whether Releasor's lack of knowledge is the result of ignorance, oversight, error, negligence or any other cause.

10.  The parties agree that the terms of the settlement are confidential.