**LAW OFFICES OF MARC J. WODIN**
Marc J. Wodin, Esq. - SBN 79573
Elana Bitton, Esq. - SBN. 130835
23901 Calabasas Road, Suite 1076
Calabasas, California 91302
Telephone (818) 595-3490
Fax (818) 225-7497
e-mail marc_wodin@wodinlaw.com

Attorneys for Defendant CONSECO SENIOR HEALTH INSURANCE COMPANY

### UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA THOMPSON, Individually )<br>and as Personal )<br>Representative of CHARLES )<br>THOMPSON, Deceased, )<br>)<br>       Plaintiff, )<br>)<br>  vs. )<br>)<br>CONSECO SENIOR HEALTH )<br>INSURANCE COMPANY, a )<br>Pennsylvania corporation, )<br>DOES 1 through XX )<br>)<br>)<br>      Defendant(s). )<br>_____ ) | CASE NO.: C 07-05437 PJH<br><br>[Sonoma County Superior Court<br>Case No. 241544]<br><br>**DEFENDANT'S NOTICE OF MOTION<br>AND MOTION FOR AN ORDER<br>COMPELLING MEET AND CONFER<br>AND/OR ENFORCING SETTLEMENT;<br>REQUEST FOR SANCTIONS;<br>EVIDENCE IN SUPPORT OF MOTION**<br><br>**DATE: October 29, 2008<br>TIME: 9:00 a.m.<br>CTRM: 3**<br><br>**[FILED CONCURRENTLY WITH<br>MOTION TO CHANGE TIME]**<br><br>Assigned to the Honorable<br>Phyllis J. Hamilton |

**TO: THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO THE INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

    Please take notice that on October 29, 2008, at 9:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 3, 17th Floor of the above entitled court, located at the U.S.

Law Offices
Marc J. Wodin

1   Courthouse, 450 Golden Gate Avenue, San Francisco, California,

2   defendant Conseco Senior Health Insurance Company ("defendant")

3   will move the court for an order:

4       1. compelling plaintiff's attorney to meet and confer with

5   defendant's attorney, to resolve differences which have arisen

6   with respect to the language of the Release and Settlement

7   Agreement, which was provided to plaintiff's attorney, by

8   defendant's attorney, pursuant to the memorandum of settlement

9   prepared at the time of the mediation of this matter on May 29,

10  2008 and/or;

11      2. enforcing the settlement entered into by the parties in

12  this action, including but not limited to, ordering plaintiff and

13  her attorney to execute the Release and Settlement Agreement

14  provided to plaintiff's attorney, by defendant's attorney,

15  pursuant to the memorandum of settlement prepared at the time of

16  the mediation of this matter on May 29, 2008, with such

17  modifications, if any, as the court deems appropriate, and/or;

18      3. enforcing the settlement entered into by the parties in

19  this action, including but not limited to, entering judgment on

20  the terms of the Release and Settlement Agreement provided to

21  plaintiff's attorney by defendant's attorney, pursuant to the

22  memorandum of settlement prepared at the time of the mediation of

23  this matter on May 29, 2008, with such modifications, if any, as

24  the court deems appropriate, and/or;

25      4. that plaintiff and/or her attorney pay sanctions of

26  $4,800, or such amount as the court deems appropriate, pursuant

27  to 28 U.S.C. §1927 and/or the authority of the court to award

28

Law Offices
Marc J. Wodin

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
MEET AND CONFER/ENFORCING SETTLEMENT, ETC.

1  sanctions on a motion to enforce a settlement, with respect to

2  their conduct, in necessitating the bringing of this motion.

3      Said motion will be based on this notice, the pleadings,

4  records and documents on file in this action, the evidence

5  presented in support of the motion, as well as such oral and

6  documentary evidence as may be presented at the hearing of the

7  motion.

8

9  DATED: September 2, 2008        LAW OFFICES OF MARC J. WODIN

10

11
                                  By ____/s/ Marc J. Wodin____
12                                     MARC J. WODIN
                                  Attorneys for Defendant CONSECO
13                                SENIOR HEALTH  INSURANCE COMPANY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3
DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
MEET AND CONFER/ENFORCING SETTLEMENT, ETC.

1

# TABLE OF CONTENTS

2

3

I. Introduction . . . . . . . . . . . . . . . . . . . . 4

4

II. There Is Good Cause For This Court To:

5

    (1) Order Plaintiff's Attorney To Meet And Confer With

6

Defendant's Attorney On The Language Of The Release And

7

Settlement Agreement Provided by Defendant, And/Or;

8

    (2) Enforce The Settlement By Ordering Plaintiff And Her

9

Attorney To Execute The Release And Settlement Agreement With

10

Such Modifications, If Any, As The Court Deems Appropriate,

11

And/Or;

12

    (3) Enforce The Settlement By Entering Judgment Pursuant To

13

The Terms Of Such Release And Settlement Agreement . . . . . . 7

14

        1. Applicable Law . . . . . . . . . . . . . . . . 7

15

        2. Discussion: Plaintiff's Unreasonable Refusal And

16

Failure To Carry Out The Terms Of The Settlement, By Obstructing

17

The Completion Of The Release And Settlement Agreement Called For

18

In The Memorandum Prepared At The Mediation, And Refusal To Meet

19

And Confer . . . . . . . . . . . . . . . . . . . . . . . 10

20

21

III. Sanctions Should Be Imposed On Plaintiff's Attorney And/Or

22

Plaintiff For Their Conduct In Necessitating This Motion . . 23

23

24

25

26

27

28

Law Offices
Marc J. Wodin

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
MEET AND CONFER/ENFORCING SETTLEMENT,ETC.

1

**TABLE OF AUTHORITIES**

2

3 **CASES**

4 Alden v University of San Diego 967 F. 2d 583

5 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . 24

6 Armstong v City and County of San Francisco 2004 WL 2713068 at

7 p.4  . . . . . . . . . . . . . . . . . . . . . . . . 10

8 Assemi v Assemi (1994) 7 Cal. 4th 896, 905  . . . . . . . . . . 9

9 Bright Beginnings, Inc. v Care Comm, Inc. 78 F.3d 592 (9th Cir.

10 1996) at pp. 1-4 . . . . . . . . . . . . . . . . . . 9, 23

11 Calcor Space Facility, Inc. v McDonnell Douglas Corp. 5 Fed.

12 Appx. 787, 789 (9th Cir. 2001)  . . . . . . . . . . . . . . 8

13 Cities Equities Anaheim, Ltd v Lincoln Plaza Development Co. 22

14 F. 3d 954, 956-958 (9th Cir. 1994)  . . . . . . . . . . . 7, 8

15 Dierickx v Allstate Ins. Co. 15 F. 3d 1084 (9th Cir. 1994), at

16 pp. 2-6  . . . . . . . . . . . . . . . . . . . . . . 9

17 Doi v Halekulani Corp., 276 F. 3d 1131, 1134=1135, 1139, 1140-

18 1141 (9th Cir.)  . . . . . . . . . . . . . . . . . . . 9

19 Gregory v Hamilton (1978) 219 Cal.App. 3d 1527 . . . . . . . . 8

20 Grinzi v Barnes 2005 WL 343871 (N.D.Cal.)  . . . . . . . . . 24

21 Hermetic Order of the Golden Dawn, Inc. v Griffin 2008 WL2923403,

22 N.D.Cal.) at P.2 . . . . . . . . . . . . . . . . . . . 8

23 Hubbard v Yardagte Town, Inc. 2006 WL 1369085 (S.D.Cal. 2006) at

24 p.3  . . . . . . . . . . . . . . . . . . . . . . . . 23

25 Jones v Bayer Corp. 2004 WL 2445235 (N.D. Cal.) at p.1 . . . . 7

26 Kirpatrick v Beebe (1990) 219 Cal.App.3d 1527, 1529  . . . . . 9

27 Ray v Bluehippo Funding, L.L.C. 2008 WL 3399392 (N.D. Cal)

28

Law Offices
Marc J. Wodin

ii

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
MEET AND CONFER/ENFORCING SETTLEMENT,ETC.

at p.3 . . . . . . . . . . . . . . . . . . . . . 7

Schiff v City and County of San Francisco 2007 WL 2301773

(N.D.Cal.)at pp. 3-5) . . . . . . . . . . . . . . . . 10

TNT Marketing, Inc. v Agresti 796 F. 2d 276, 278, 279 p. 278-279

(9th Cir. 1986) . . . . . . . . . . . . . . . . . 24

United Commercial Insurance Services v Paymaster Corp 962 F.2d

853, 856 (9th Cir.1992) . . . . . . . . . . . . . . . 8

**STATUTES**

CCP §664.6 . . . . . . . . . . . . . . . . . . . 12

28 U.S.C. §1927 . . . . . . . . . . . . . . . . . 3

Law Offices
Marc J. Wodin

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
MEET AND CONFER/ENFORCING SETTLEMENT,ETC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. Introduction

The parties mediated this case at the office of the mediator, and reached a settlement. Common to such a circumstance, where it is not feasible to then and there prepare a formal, written settlement agreement, the parties and their attorneys signed a cursory, five sentence memorandum, which stated essential terms of the settlement, to make the settlement binding, with the express proviso that defendant would prepare a Release and Settlement Agreement, which plaintiff and her attorney would sign.

Defendant thereafter prepared a comprehensive Release and Settlement Agreement - defendant's standard Agreement (defendant's attorney told plaintiff's attorney, at the mediation, that defendant had such an agreement) - modified,  in certain respects, for the particulars of the settlement, and with provisions, terms and language, usual and appropriate to such a document; and provided it to plaintiff's attorney, for his consideration.

When plaintiff's attorney wrote, expressing "concern" with the language of two of the provisions, defendant's attorney - again, as is usual to such a circumstance - promptly wrote back that he was happy to consider changes to the language of the Agreement, and requested that plaintiff's attorney call, so that they could do so. Plaintiff's attorney did not respond to that request, or two follow up letters, asking that he call so they could resolve matters related to the language of the Agreement.

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING MEET AND CONFER/ENFORCING SETTLEMENT, ETC.

1   Rather, after ignoring the three letters, plaintiff's
2   attorney wrote, taking a new position (inconsistent with his
3   prior position, wherein he only expressed concern about two of
4   the provisions), now asserting that the five sentence memorandum
5   prepared at the mediation, was the settlement agreement, and
6   there could be no formal, comprehensive settlement agreement,
7   setting forth the settlement, comprehensively and in detail, with
8   provisions, terms and language appropriate to such a document.

9   Defendant's attorney responded, disagreeing with that
10  assertion:

11  An agreement to settle is interpreted according to the
12  ordinary rules applicable to the interpretation of contracts
13  generally. That means that it will be interpreted to effectuate
14  the intent of the parties, based on the language used, and in
15  consideration of the surrounding circumstances under which it was
16  prepared.

17  Plaintiff's assertion is contrary to the language of the
18  memorandum, and the circumstances under which it was prepared,
19  and is unreasonable.

20  The memorandum says that defendant will provide a Release
21  and Settlement Agreement.  Further, it does not say that the
22  Agreement will be limited to a literal recitation of the five
23  sentences in the memorandum. In fact, it does not place any
24  specific limitation on the provisions, terms and language of the
25  Agreement. Further, it is reasonable that such a document would
26  include provisions, terms and language usual and appropriate to
27  such a document.

28

Law Offices
Marc J. Wodin

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
MEET AND CONFER/ENFORCING SETTLEMENT, ETC.

1    Further, the circumstances under which the memorandum was
2    prepared are consistent with such an interpretation, and
3    inconsistent with plaintiff's assertion. The memorandum was
4    prepared at a mediation, where it was not feasible to then and
5    there prepare a formal written settlement agreement, with
6    essential terms stated in cursory form, signed by the parties to
7    make the settlement binding, with an express proviso that the
8    defendant would thereafter provide the formal Release and
9    Settlement Agreement, which plaintiff and her attorney would
10   sign.

11   Defendant's attorney requested for the fourth time, that
12   they meet and confer in an attempt to resolve differences over
13   the language of the Release and Settlement Agreement. Once again,
14   plaintiff's attorney ignored the request.

15   This court has the authority to 1. order plaintiff's
16   attorney to meet and confer over the language of the Release and
17   Settlement Agreement provided by defendant's attorney; 2. enforce
18   the settlement, by ordering  plaintiff and her attorney to sign a
19   Release and Settlement Agreement, as called for in the
20   memorandum, with any modifications which the court deems
21   appropriate; 3. enforce the settlement, by entering  judgment
22   pursuant to the terms of such Release and Settlement Agreement.

23   It is appropriate, in this case, that the court issue such
24   orders.

25   Further, this court has authority to order plaintiff, and
26   her attorney, to pay sanctions, based on their conduct in
27   necessitating the bring of this motion. It is reasonable and
28

Law Offices
Marc J. Wodin

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
MEET AND CONFER/ENFORCING SETTLEMENT,ETC.

1   appropriate to order such sanctions in this case.

2   **II. There Is Good Cause For This Court To:**

3   **(1) Order Plaintiff's Attorney To Meet And Confer With**

4   **Defendant's Attorney On The Language of The Release And**

5   **Settlement Agreement Provided by Defendant's Attorney And/Or;**

6   **(2) Enforce The Settlement By Ordering Plaintiff And Her**

7   **Attorney To Execute The Release And Settlement Agreement, With**

8   **Such Modifications, If Any, As The Court Deems Appropriate**

9   **And/Or;**

10  **(3) Enforce The Settlement By Entering Judgment Pursuant To**

11  **The Terms Of Such Release And Settlement Agreement**

12      **1. Applicable Law**

13      This court can order parties to meet and confer - meaning

14  "to communicate <u>directly</u> and <u>discuss</u> <u>in good faith</u>"  - on any

15  matter which is the  subject of a motion pending before the

16  court. <u>Ray v. Bluehippo Funding, L.L.C.</u> 2008 WL 3399392

17  (N.D.Cal.) at p.3 <u>Jones v. Bayer Corp.</u> 2004 WL 2445235 (N.D.Cal.)

18  at p.1

19      This court has the inherent power, on motion, to enforce a

20  settlement entered into between the parties to an action pending

21  before it. Further, public policy favors the enforcement of

22  settlements. <u>City Equities Anaheim, Ltd v. Lincoln Plaza</u>

23  <u>Development Co.</u> 22 F. 3d 954, 958 (9th Cir. 1994)

24      "It is now well established that the trial court has

25      power to summarily enforce on motion a settlement

26      agreement entered into by the litigants in which the

27      litigation is pending before it. . . This circuit also

28

Law Offices
Marc J. Wodin

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
MEET AND CONFER/ENFORCING SETTLEMENT,ETC.

1    recognizes a trial court's inherent enforcement power.

2    . . . The practice of summary enforcement evolved for two

3    reasons. First is the 'high judicial favor' accorded

4    the voluntary settlement of disputes. . . Second is the

5    efficiency of having one court see litigation through

6    to its conclusion, thereby avoiding duplication of

7    effort." [1]

8    The enforcement and construction  of settlement agreements

9 is "governed by principles of contract law" which "apply to

10 contracts generally. . . A settlement agreement is treated as any

11 other contract for purposes of interpretation." United Commercial

12 Insurance Services v. Paymaster Corp 962 F.2d 853, 856(9th Cir.

13 1992); Hermetic Order of the Golden Dawn, Inc. v. Griffin 2008

14 WL2923403 (N.D.Cal.) at p. 2 (citing California state law)

15    In that regard "the intent of the parties determines the

16 meaning of the contract," which is the "objective" intent as

17 "manifested [1] in the agreement and [2] by surrounding conduct."

18 Id. (again, citing California state law)

19    Consistent with these principles, the court can enforce an

20 out of court settlement, entered into by the parties, as

21 expressed in a written document or documents. City Equities

22 Anaheim, Ltd. v. Lincoln Plaza Development Co., supra, pp. 956-

23 958 (holding that a "memorandum agreement" which set forth

24 "material" terms of a settlement, showed an "agreement" and

25

26    [1] That is also true under California law. See, e.g. Gregory

27 v. Hamilton (1978) 219 Cal.App. 3d 1527 (affirming order
enforcing settlement on equitable motion seeking such

28 enforcement)

Law Offices
Marc J. Wodin

8

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
MEET AND CONFER/ENFORCING SETTLEMENT,ETC.

1    "intent to be bound" and was enforceable. [2] [3] [4]

2        It is common for a settlement to be reached under

3    circumstances where essential terms are stated, in cursory form,

4    with a proviso that a written settlement agreement will be

5    prepared at a later time, usually by the defendant (which is

6    seeking to "buy its peace," and wants and reasonably needs a

7

8        [2] See also: <u>Calcor Space Facility, Inc. v. McDonnell Douglas
   Corp</u>. 5 Fed Appx. 787,789 (9th Cir. 2001) (holding that a written

9    "memorandum," which was "signed" by the parties, setting forth
   "material" terms of the settlement showed that there was a

10   "mutual intent to be bound," and thus an enforceable settlement);
   <u>Bright Beginnings, Inc. v. Care Comm, Inc</u>. 78 F.3d 592 (9th Cir.

11   1996) at pp. 1-4 (holding that written "memoranda" exchanged
   between attorneys for the parties showed "an objective intent to

12   be bound" and thus "the existence of a negotiated agreement"
   which was enforceable); <u>Dierickx v. Allstate Ins. Co.</u> 15 F. 3d

13   1084 (9th Cir. 1994), at pp. 2-6 (holding that an "exchange of
   faxes" between counsel for the parties, which set forth

14   "essential terms" showed "mutuality of intent" necessary for a
   "binding" agreement, and was enforceable)

15

16       [3] This is likewise true under California law. <u>Assemi v.
   Assemi</u> (1994) 7 Cal. 4th 896, 905 (noting that, pursuant to Code

17   of Civil Procedure Section 664.6, "the trial court may enter
   judgment pursuant to a stipulated settlement, if the stipulation

18   is made. . . in a writing signed by the parties outside the
   presence of the court.")

19       (As discussed hereinafter, the memorandum says that the
   settlement is enforceable under this section. That doesn't mean

20   that it must be enforced under this section. It doesn't say that
   the settlement can only be enforced under this section, and

21   California law holds that the section, even where it is
   available, is not exclusive. <u>Kirpatrick v. Beebe</u> (1990) 219

22   Cal.App.3d 1527, 1529 ("Nothing in the language of section 664.6,
   suggests it was intended to be exclusive."))

23

24       [4] The fact that there are disputed issues related to the
   existence or terms of the settlement does not prevent the court

25   from enforcing it. The court can, if it deems it appropriate,
   conduct an "evidentiary hearing" to determine "whether an

26   agreement existed, or what its terms were" <u>Doi v. Halekulani
   Corp</u>., 276 F. 3d 1131, 1139 (9th Cir.) That is also true under

27   California law. <u>Assemi v. Assemi</u>, supra, p. 905

28

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
MEET AND CONFER/ENFORCING SETTLEMENT,ETC.

1  formal agreement, with provisions, terms and language which will

2  reasonably accomplish that purpose, to its satisfaction). In such

3  circumstances, if the plaintiff or her attorney then fail or

4  refuse to sign such a written agreement, the court can enforce

5  the settlement by ordering them to do so. Schiff v. City and

6  County of San Francisco 2007 WL 2301773 (N.D. Cal., at pp. 3-5)

7  (ordering plaintiff's attorney to sign a written settlement

8  agreement provided by the defendant, where settlement terms were

9  cursorily stated on the record, with a proviso that there would

10 be a "written settlement agreement" provided thereafter by the

11 defendant, such a settlement agreement was thereafter  drafted by

12 the defendant's attorney and provided to plaintiff's attorney who

13 "refused to sign the written agreement."); Armstong v. City and

14 County of San Francisco 2004 WL 2713068 at p. 4(same - ordering

15 plaintiff to sign)

16      Alternatively, the court can enter judgment on the terms of

17 the written agreement agreement. Doi v. Halekulani Corp., supra,

18 pp. 1134-1135, 1137, 1139-1140 (ordering judgment entered

19 pursuant to the terms of a written settlement, where settlement

20 terms were cursorily stated on the record, with again, with a

21 proviso that there would be a "written settlement agreement"

22 provided thereafter by the defendant, and defendant's attorney

23 provided a "standard" settlement agreement which plaintiff

24 "refused to sign.")

25      **2. Discussion: Plaintiff's Refusal And Failure To Carry Out**

26 **The Terms Of The Settlement, By Obstructing The Completion Of The**

27 **Release And Settlement Agreement Called For In The Memorandum**

28

Law Offices
Marc J. Wodin

10

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
MEET AND CONFER/ENFORCING SETTLEMENT, ETC.

1  **Prepared At The Mediation, And Refusal To Meet And Confer On The**

2  **Language Of The Agreement**

3     When a settlement is reached at a mediation, it is often not

4  feasible to then and there prepare a comprehensive settlement

5  agreement. To make the settlement binding, the parties and their

6  attorneys often sign a brief memorandum, setting forth essential

7  terms, in cursory, bullet point, form, with a proviso that a

8  settlement agreement - the formal document with the provisions,

9  terms and language appropriate to such - will be prepared

10  thereafter, usually by the defendant, which is seeking to "buy

11  its peace," and reasonably wants provisions, terms and language,

12  which will accomplish that purpose, to its satisfaction. In such

13  circumstances, it is common defendant's attorney to provide a

14  proposed agreement to the plaintiff's attorney, and for the

15  attorneys to meet and confer to resolve any differences that may

16  arise on the language. (Wodin Dec.)

17     This case was mediated, on May 29, 2008, by the parties and

18  their attorneys, before a private mediator, at the mediator's

19  office. A settlement was reached. (Exs. 1-3; Wodin Dec.)[5]

20     It not being feasible to then and there prepare a formal

21  written settlement  agreement, with all of the language

22  appropriate to such, a cursory (five sentence), bullet point,

23  memorandum, stating essential terms, was prepared and signed by

24

25     [5] The matter was ordered to mediation, and an attorney, Mr.
   Koeppel, was assigned as the mediator. The mediation proceeded on
26  May 29, 2008, at Mr. Koeppel's office, with plaintiff, her
   attorney Michael Guta, Steven Huffer as a representative of
27  defendant, and defendant's attorney Marc J. Wodin, present. The
   parties reached a settlement at the mediation.

28

Law Offices
Marc J. Wodin

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
MEET AND CONFER/ENFORCING SETTLEMENT,ETC.

1  the parties and their attorneys, to make the settlement binding,

2  with an express proviso therein that defendant would thereafter

3  provide a Release and Settlement Agreement, which the plaintiff

4  and her attorney would sign. (Ex. 3; Wodin Dec.)[6]

5      Defendant's attorney told plaintiff's attorney, at the

6  mediation, that defendant had a standard Release and Settlement

7  Agreement, which would be provided. (Wodin Dec.)

8      The mediator certified to the court that the case was

9  settled, and the court dismissed the case, without prejudice to

10  the dismissal being vacated, and the case restored to the trial

11  calendar, if either party certified that agreed upon

12  consideration was not provided. (Exs. 4-5; Wodin Dec.)

13      On June 16, 2008,[7] defendant's attorney provided plaintiff's

14  attorney with a comprehensive Release and Settlement Agreement

15  ("the Agreement") - defendant's standard Agreement, modified in

16  certain respects for the particularities of the settlement, with

17  provisions, terms and language, stated with particularity, usual

18

19  ────────────────────

    [6] The memorandum has the word "Thompson" at the top, and
20  states:
        "Defendant will pay plaintiff and her attorneys $17,500.
21      Plaintiff will dismiss the entire action with prejudice.
        There will be no further claims made under the policy.
22      Plaintiff and her attorneys will execute a release and
    settlement agreement provided by defendant which will include a
23  provision for confidentiality.
        The settlement is enforceable pursuant to CCP §664.6."
24

25      [7] after the process was delayed, for several weeks, by the
    failure of plaintiff's attorney to respond to telephonic requests
26  from defendant's attorney for a information as to how the
    settlement check was to made payable, to be included in the
27  Agreement, which information was finally received on June 16,
    2008. (Wodin Dec.)
28

Law Offices
Marc J. Wodin

                                    12
DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
        MEET AND CONFER/ENFORCING SETTLEMENT,ETC.

1   and appropriate to such a document [8] - and a Dismissal. (Ex. 6;

2   Wodin Dec.)

3       On June 20, 2008, plaintiff's attorney wrote that he had

4   "concerns" with the language of two of the provisions (a

5   provision which provided for liquidated damages in the event of

6   breach of the confidentiality provision, and a venue provision).

7   (Ex. 7; Wodin Dec.)

8        Defendant's attorney promptly faxed a letter to plaintiff's

9   attorney, saying that he was "happy" to consider <u>any</u> "changes"

10  plaintiff's attorney wanted to make in language, and requesting,

11  that plaintiff's attorney "please call" so that they could

12

13

14  _____

15       [8] e.g., the identification of the document, the parties, the
    action, and statement of the fact of settlement; the amount of
16  payment to be made by and who it would be made to; a timetable
    for plaintiff to provide the executed Agreement and Dismissal,
17  and for defendant to make payment; that defendant was not
    responsible for paying any other sums; that defendant was not be
18  responsible to taxing authorities for any tax liability incurred
    by plaintiff related to the payment; that no further benefits
19  would be paid under the policy; the terms of release; that
    plaintiff would dismiss the action with prejudice; plaintiff's
20  authority to file the action and dismiss it; that the settlement
    was not an admission of liability; that plaintiff was not
21  entering into the settlement based on any representation of
    defendant; that plaintiff was over the age of 18, had read the
22  Agreement, and was acting after securing the advice of counsel;
    that if any part of the Agreement was held to be invalid, it
23  would not effect the remaining portions; confidentiality of the
    settlement and facts and circumstances of the action; venue; that
24  this was the entire agreement; that the parties would do such
    acts as might reasonably be required to carry out the Agreement;
25  that each party and their attorneys had reviewed the Agreement,
    and the rule of ambiguities was not applicable; that the
26  Agreement could not be modified except in writing signed by the
    parties; that the Agreement could be executed in parts.
27

28

13
DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
MEET AND CONFER/ENFORCING SETTLEMENT, ETC.

1    discuss them (Ex. 8; Wodin Dec.)[9] [10]

2        Plaintiff's attorney did not respond. (Wodin Dec.)

3        On June 27, 2008, defendant's attorney faxed a second,

4    follow up, letter to plaintiff's attorney, noting that he had not

5    heard from him, and stressing that they needed to resolve matters

6    related to the language of the release. (Ex. 9; Wodin Dec.)[11]

7        Plaintiff's attorney did not respond to this letter, either.

8    (Wodin Dec.)

9        After waiting another week, defendant's attorney, on July 3,

10   2008, faxed a third letter, again noting that he had not received

11   a response, and again asking plaintiff's attorney contract him,

12

13       [9] "If there are provisions of the release which you wish to
     have changed, as seems to be the case, then please call me, and I
14   will be happy to discuss them with you. You mention some things
     in your letter. However, I cannot tell whether those are the only
15   things you have a question about, and it makes no sense to do
     this on a piecemeal basis."

16
         [10] At the mediation, plaintiff's attorney asked when the
17   settlement check could be provided. Defendant's attorney told him
     that it was anticipated that the check could be provided within
18   several weeks of his receipt of the executed Agreement and the
     Dismissal. (Wodin Dec.)
19       In his letter of June 20, 2008, plaintiff's attorney said
     that it was his understanding that the settlement check would be
20   received within 2 weeks of the mediation, and complained that it
     had not been provided. (Ex.7; Wodin Dec.)
21       In his responsive letter of June 20, 2008, defendant's
     attorney reminded plaintiff's that what he was told, at the
22   mediation, was that the check could be provided within a few
     weeks of his providing the executed Agreement and Dismissal.
23   Further, it was plaintiff's attorney who had caused a delay, by
     failing to provide requested information concerning the payee on
24   the settlement check, which delayed completion of the Agreement.
     (Ex. 8; Wodin Dec.)
25

26
         [11] "I have not heard back from you in response to my letter
27   of June 20. We need to resolve matter related to the release
     langauge.
28

Law Offices
Marc J. Wodin

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
MEET AND CONFER/ENFORCING SETTLEMENT,ETC.

1    so they could resolve issues related to the release language.

2    (Ex. 10; Wodin Dec.)[12]

3    Once again, plaintiff's attorney did not respond. (Wodin

4    Dec.)

5    Rather, eleven days later, plaintiff's attorney wrote,

6    asserting a new position (inconsistent with the position

7    expressed in prior letter, that he only had a concern

8    about two of the provisions of the Agreement). He now asserted:

9    1. that the five sentence memorandum prepared at the

10   mediation <u>was</u> the settlement agreement, and that document, with

11   those five sentences all that could be said, to express the terms

12   of settlement  - there could be no comprehensive settlement

13   agreement with provisions, terms and language, such as were

14   contained in the Release and Agreement provided by defendant's

15   attorney.

16   2. The only additional thing to be done, according to

17   plaintiff's attorney, was to physically affix to the five

18   sentence memorandum, several sentences of language concerning

19   release and confidentiality, as demanded and phrased by him. (Ex.

20   11; Wodin Dec.)[13]

21

22   [12] "I have now written two letters to you concerning
     resolving issues related to the release, to which I have received
23   no response. I have the settlement check. Again, please contact
     me so we can resolve these issues."
24

25   [13] As discussed hereinafter, the Agreement provided by
     defendant's attorney contained language of release, which set
26   forth, with particularity, the releasee, the releasor, and the
     matters released. Plaintiff's attorney demanded that the language
27   of release consist of a sentence, which said something about some
     unidentified releasor being released from some vague and

28

Law Offices
Marc J. Wodin

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
MEET AND CONFER/ENFORCING SETTLEMENT,ETC.

1    On July 17, 2008, defendant's attorney faxed a letter to

2  plaintiff's attorney, expressing disagreement with his

3  assertions:

4    1. Agreements for settlement are interpreted under the

5  rules applicable to contracts generally, one of which is that

6  they are interpreted to express the mutual intent of the parties,

7  which is determined from an objective consideration of the

8  language of the document and the circumstances under which it was

9  prepared.

10    2. The reasonable interpretation of the language of the

11  memorandum, and consideration of the circumstances under which it

12  was prepared, is consistent with the preparation of comprehensive

13  Release and Settlement Agreement, with provisions, terms and

14  language appropriate to such a document:

15    The parties reached a settlement at a private mediation. It

16  was not feasible to then and there prepare a comprehensive,

17  formal agreement. Common to such a circumstance, a cursory,

18  bullet point memorandum was prepared, and signed by the parties,

19  to make the settlement binding, with an express proviso that

20  defendant would thereafter provide a Release and Settlement

21  Agreement. It is reasonable that the Release and Settlement

22  Agreement would include provisions, terms and language

23

24  unspecified matters related to a misidentified insurance policy.
    Likewise, the Agreement contained language of

25  confidentiality, which set forth, with particularity, what was
   encompassed as being confidential, and who and under what

26  circumstances confidential matters could and could not be
   disclosed. Plaintiff's attorney demanded that the that language

27  of confidentiality consist of one sentence, which said that the
   terms of settlement were confidential.

28

Law Offices
Marc J. Wodin

16

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
MEET AND CONFER/ENFORCING SETTLEMENT,ETC.

1 appropriate to such a document, the preparation of such a

2 document is consistent with the wording of the memorandum and the

3 circumstances under which it was prepared, and there is nothing

4 in the language, or those circumstances, which is inconsistent

5 with such a thing.

6     3. His assertion that the five sentence memorandum was the

7 Agreement is contrary to the language of the memorandum. The

8 memorandum doesn't say that it was the Release and Settlement

9 Agreement. It says defendant would be providing a Release and

10 Settlement Agreement.

11     4. Further, the memorandum does not say that the Agreement

12 could only consist of a literal recitation of the five, bullet

13 point sentences, set forth in the memorandum. In fact, it doesn't

14 place any limitations on the provisions, terms or language of the

15 Agreement, other than to say that it will contain a provision for

16 confidentiality.

17     5. For the same reasons set forth in 2, above, his

18 assertion that the five sentence memorandum was the Agreement,

19 and that the Agreement cannot contain anything other than a

20 literal recitation of the five, bullet point sentences, set forth

21 in the memorandum, is inconsistent with a consideration of the

22 circumstances under which the memorandum was prepared.

23     6. His assertion was inconsistent with his own prior letter,

24 wherein he said that he only had a problem with the language of

25 two of the provisions of the Agreement.

26     7. The memorandum said that defendant would provide language

27 of Release. The Agreement contained language of release, which

28

Law Offices
Marc J. Wodin

17

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
MEET AND CONFER/ENFORCING SETTLEMENT,ETC.

1 set forth, with particularity, the releasee, the releasor, and

2 the matters released.[14] Defendant has the right to have language

3 of release which was full, complete, and reasonable. Plaintiff's

4 demand that the language of release consist of a single sentence

5 of release, which says something about some unidentified releasor

6 being released from some unspecified matters related to a

7 misidentified insurance policy, was vague, incomplete, and

8 essentially meaningless. [15]

9

---

10 [14] "3. As consideration for the payment of the sums
11 specified in paragraph 1, Plaintiff does hereby release, acquit
and forever discharge the Released Parties, of and from any and
12 all claims, demands, disputes, losses, or causes of action, known
or unknown, foreseen or unforeseen, in law or in equity, which
13 the Plaintiff has, has ever had, may ever have, or which may
hereafter accrue or be acquired, against the Released Parties,
14 relating to or concerning the Policy, and any claims which were
or could have been asserted in the Action.  Plaintiff further
15 covenants and agrees that neither she nor anyone authorized to
act on her behalf will commence, authorize, or accept any benefit
16 from any judicial or administrative action or proceeding, other
than as expressly provided for in this Agreement, against the
17 Released Parties, or any of them, in either their personal or
corporate capacity, with respect to any claim, matter, or issue
18 that in any way arises from, is based on, or relates to any
alleged loss, harm, or damages allegedly caused by the Released
19 Parties, or any of them, in connection with the released claims
referenced in this paragraph and paragraph 5 of this Agreement."
20 "4. The release and covenant not to sue set forth in
21 paragraph 3 above specifically includes, but is not in any way
limited to: (a) any and all claims against the Released Parties
22 on account of, arising out of, or in any way relating to the
Policy; (b) any and all claims against the Released Parties on
23 account of, arising out of, or in any way relating to the Action;
(c) any damages which were or could have been claimed in the
24 Action including, but not limited, any extra-contractual damages
suffered at any time by reason of any of the conduct alleged in
25 the Action, or the continued effects thereof, or as referenced in
26 (a) and (b) of this paragraph."

27 [15] "Releasor Pamela Thompson acknowledges and agrees that
this release applies to all claims that Releasor may have against
28

---

18
DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
MEET AND CONFER/ENFORCING SETTLEMENT, ETC.

1     8. The memorandum said that defendant would provide a

2  provision for confidentiality. Defendant has the right to have

3  language of confidentiality which was full, complete, and

4  reasonable.   The Agreement provided by defendant contains

5  language of confidentiality, which set forth, with particularity,

6  the what is encompassed as being confidential, and who and under

7  what circumstances confidential matters could and could not be

8  disclosed.[16] The single sentence of confidentiality demanded by

9

10  Releasee [nowhere defined] arising out of Transport Life
   Insurance company Policy of Insurance No. 1101-CA [which is not
11  a correct identification of the subject policy] for injuries,
   damages, or losses to Releasor's personal and property, real or
12  personal [whatever that means], whether those injuries, damages
   or losses are known or unknown, foreseen or unforeseen, or patent
13  or latent [whatever that means]."

14
   [16] "16. Plaintiff and her attorneys in the Action agree that
15  the terms of this Agreement (including but not limited to the
   amount of the payment recited herein and the basis on which said
16  payments are computed), the nature and circumstances of the
   dispute between the parties, and the factual background of the
17  Action, are confidential.  Plaintiff and her attorneys in the
   Action  further understand and agree that while amay state
18  that a settlement has been reached, except as provided in this
   paragraph, they may not disclose confidential information, to
19  third parties, orally or in writing.
       Confidential information shall not be disclosed, revealed,
20  or divulged, by plaintiff or her attorneys, to any person, firm,
   corporation, news media, or to any other entity whatsoever, with
21  the following exceptions, and then only to the extent reasonably
   necessary: (a) to governmental taxing authorities; (b) to
22  plaintiff's and her attorneys' accountants and tax preparers; (c)
   when required by order or a court of competent jurisdiction or
23  otherwise compelled by law, or; (d)with the prior written consent
   of all parties.
24     No party or their attorneys  shall categorize this Agreement
   or the outcome of the Action as a victory for themselves, or a
25  defeat of the other party, or suggest that this Agreement, or the
   terms thereof, constitute something other than the settlement of
26  a dispute without an admission or finding of liability on the
   part of either party.

27

28

Law Offices
Marc J. Wodin

19

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
MEET AND CONFER/ENFORCING SETTLEMENT,ETC.

1  plaintiff's attorney  - that the terms of the settlement are

2  confidential, is even more vague, incomplete, and meaningless

3  than his demanded language of release [17] It doesn't even say what

4  confidentiality is, or means - i.e. that confidential information

5  cannot be disclosed. It doesn't encompass plaintiff's attorney.

6  Further, it doesn't encompass the facts and circumstances of the

7  case.[18] (Ex. 12; Wodin Dec.)

8      Defendant's attorney concluded the letter requesting, for

9  the fourth time, that they meet and confer in an attempt to

10  resolve these issues. (Ex.12; Wodin Dec.)[19]

11      Once again, plaintiff's attorney ignored the request. (Wodin

12  Dec.)

13      Accordingly, on August 4, 2008, defendant filed a

14  Certification that plaintiff had not delivered agreed upon

15  consideration for the settlement, and requested that the

16  dismissal be vacated, and the action be restored to the calendar.

17  On August 11, 2008,the court issued an order vacating the

18  dismissal, and setting a status conference. (Exs. 13-14; Wodin

19

20  _____

21      The promises of confidentiality as provided in this
    paragraph are material inducements to Defendant to enter into

22  this Agreement and are of the essence of this Agreement."

23      [17] "The parties agree that the terms of the settlement are
    confidential."

24      [18] Defendant's attorney told plaintiff's attorney, at the

25  mediation, that confidentiality would encompass the settlement
    and the facts and circumstances of the action. (Wodin Dec.)

26

27      [19] "I continue to be open to discussing modification of the
    release and settlement agreement which I provided to you, if you
28  have some problem with the specific language therein."

Law Offices
Marc J. Wodin

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
MEET AND CONFER/ENFORCING SETTLEMENT,ETC.

Dec.)

1. This court should order plaintiff's attorney to meet and confer  - meaning to communicate directly and discuss in good faith - on the language of the Release and Settlement Agreement as provided by defendant's attorney.

The memorandum signed by plaintiff and her attorney says that defendant would provide a Release and Settlement Agreement, which plaintiff and her attorney would sign.  Defendant's attorney provided such a document to plaintiff's attorney, and offered, four times, to meet and confer with plaintiff's attorney with regard to any problems he has with the language of that document. He has refused to do so. He should be ordered to do so.

2. Additionally, or in the alternative, this court should enforce the settlement, by ordering plaintiff and her attorney to sign the Release and Settlement Agreement provided by defendant's attorney, with any modifications the court deems appropriate, and/or enter judgment under the terms of such Release and Settlement Agreement.

An agreement to settle is interpreted according to the principles applicable to contracts generally, which means that the court will seek to effectuate the intent of the parties, based on a consideration of the language of the agreement and the surrounding.

The parties mediated this case at the office of the mediator and reached a settlement. It was not feasible to then and there prepare a formal, written settlement agreement, and the parties and their attorneys signed a cursory, five sentence memorandum,

Law Offices
Marc J. Wodin

21

1  which stated essential terms of settlement, to make the

2  settlement binding, with the express proviso that defendant would

3  prepare a Release and Settlement Agreement, which plaintiff and

4  her attorney would sign.

5      Defendant's attorney told plaintiff's attorney that

6  defendant had a standard agreement, and thereafter provided him

7  with such an agreement, modified, in certain respects, for the

8  particulars of the settlement, and with provisions, terms and

9  language usual and appropriate to such a document.

10     When plaintiff's attorney wrote, questioning the language of

11 two of the provisions, defendant's attorney wrote back that he

12 was happy to consider changes to the Agreement, and requested

13 that he call, so that they could discuss the matter.  Plaintiff's

14 attorney did not respond to that request, and two follow up

15 requests.

16     Rather, he then took the position (inconsistent with his

17 prior position, wherein he only expressed concern about two of

18 the provisions) that the five sentence memorandum, _was_ the

19 settlement agreement, and there could be no settlement agreement

20 prepared, stating the terms of settlement, in comprehensive

21 detail, with provisions, terms and language appropriate to such a

22 document.

23     Plaintiff's position concerning language of release and

24 confidentiality is also unreasonable. The memorandum says that

25 defendant would provide a "Release" and Settlement Agreement

26 which would  include a provision for confidentiality.  The

27 Agreement provided by defendant's attorney included detailed,

28

Law Offices
Marc J. Wodin

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
MEET AND CONFER/ENFORCING SETTLEMENT,ETC.

1  comprehensive language related to each of these things.

2  Plaintiff's attorney - who has, again, refused to even meet and

3  confer on this language - demanded that release and

4  confidentiality each be covered by single sentences, which are

5  vague, incomplete, and essentially meaningless.

6

7  **III. Sanctions Should Be Imposed On Plaintiff's Attorney And/Or**

8  **Plaintiff For Their Conduct In Necessitating This Motion.**

9       28 U.S.C.§1927 "allows a district court to award excess

10  costs and attorney's fees reasonably incurred due to the

11  unreasonable and vexatious multiplication of the proceedings by

12  an attorney."

13      Such sanctions are properly awarded where an attorney

14  engages in "obstructive conduct" or acts in "bad faith,"

15  requiring the bringing of a motion to enforce a settlement.

16  Bright Beginnings, Inc. v. Care Comm, Inc. supra, p. at p. 4. See

17  also Hubbard v. Yardagte Town, Inc. 2006 WL 1369085 (S.D.Cal.

18  2006) at p. 3

19      In the present case, plaintiff and her attorney - but

20  particularly her attorney - have  engaged in a pattern of

21  "obstructive" and "bad faith" conduct which merits the imposition

22  of such sanctions:

23       - refusing four written requests from defendant's attorney

24  to meet and confer to resolve any differences over language of

25  the Release and Settlement Agreement, provided to plaintiff's

26  attorney by defendant's attorney, pursuant to the memorandum of

27  settlement prepared at the time of the mediation, and;

28

Law Offices
Marc J. Wodin

23

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
MEET AND CONFER/ENFORCING SETTLEMENT,ETC.

1    - asserting, contrary to the language of the memorandum, and

2  the circumstances under which it was prepared, that the five

3  sentence memorandum, prepared at the mediation, is the settlement

4  agreement, and there can not be a comprehensive Release and

5  Settlement Agreement.

6    Further, the court otherwise has authority to order a

7  plaintiff, and/or  the plaintiff's attorney, to pay sanctions,

8  for conduct which necessitates the defendant bringing a motion to

9  enforce a settlement. Doi v. Halekulani Corp., supra, p. 1140-

10  1141; TNT Marketing, Inc. v. Agresti 796 F. 2d 276, 279 p. 278-

11  279 (9th Cir. 1986). See also Grinzi v. Barnes 2005 WL 3434871

12  (N.D.Cal.);Alden v. University of San Diego 967 F. 2d 583 (9th

13  Cir. 1992)

14    Defendant's attorney bills at the rate of $160/hour on this

15  matter, and spent 25 hours preparing this motion. He anticipates

16  that 5 hours will be spent traveling to court for the hearing on

17  this motion.  (Wodin Dec.)

18  DATED: September 2, 2008     LAW OFFICES OF MARC J. WODIN

19

20                 By    /s/ Marc J. Wodin
                        MARC J. WODIN
21                 Attorneys for Defendant CONSECO
                   SENIOR HEALTH  INSURANCE COMPANY
22

23

24

25

26

27

28

Law Offices
Marc J. Wodin

24
DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
MEET AND CONFER/ENFORCING SETTLEMENT,ETC.