1 **LAW OFFICES OF MARC J. WODIN**
Marc J. Wodin, Esq. - SBN 79573
2 Elana Bitton, Esq. - SBN. 130835
23901 Calabasas Road, Suite 1076
3 Calabasas, California 91302
Telephone (818) 595-3490
4 Fax (818) 225-7497
e-mail marc_wodin@wodinlaw.com
5

6 Attorneys for Defendant CONSECO SENIOR HEALTH INSURANCE COMPANY

7

8                        **UNITED STATES DISTRICT COURT**

9                   **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11 PAMELA THOMPSON, Individually )      CASE NO.: C 07-05437 PJH
   and as Personal              )      [Sonoma County Superior
12 Representative of CHARLES     )      Court Case No. 241544]
   THOMPSON, Deceased,          )
13                              )      **DECLARATION OF MARC J. WODIN**
             Plaintiff,         )      **RE DEFENDANT'S MOTION FOR AN**
14                              )      **ORDER COMPELLING MEET AND**
        vs.                     )      **CONFER AND/OR ENFORCING**
15                              )      **SETTLEMENT ETC.**
   CONSECO SENIOR HEALTH        )
16 INSURANCE COMPANY, a         )      **DATE: October 29, 2008**
   Pennsylvania corporation,    )      **TIME: 9:00 a.m.**
17 DOES 1 through XX            )      **CTRM: 3**
                                )
18                              )      **[FILED CONCURRENTLY WITH**
             Defendant(s).      )      **MOTION TO CHANGE TIME**]
19 _____)
                                       Assigned to the Honorable
20                                     Phyllis J. Hamilton

21              **DECLARATION OF MARC J. WODIN**

22

23 I, MARC J. WODIN, DECLARE:

24

25      1. The facts set forth herein are personally known to

26 declarant, who has firsthand knowledge of the same, and if called

27 as a witness, said declarant could and would competently testify

28

Law Offices
Marc J. Wodin

                                    1
_____
   DECLARATION OF MARC J. WODIN RE DEFENDANT'S MOTION FOR AN ORDER
    COMPELLING MEET AND CONFER AND/OR ENFORCING SETTLEMENT ETC.

1  thereto under oath.

2

3      2. I am an attorney duly admitted to practice before this

4  court, and I am a principal in the Law Offices of Marc J. Wodin,

5  attorneys of record for defendant Conseco Senior Health Insurance

6  Company ("Conseco") in the above entitled action.

7

8      3. I have been practicing as an attorney in California since

9  1978. I practiced in California State Courts, and in all of the

10  Federal District Courts, in California. Over the years, I have

11  personally attended hundreds of mediations, in cases pending in

12  both State and Federal Court. I have also served as a court

13  appointed medatior. I have knowledge of the process of mediation,

14  including the process which is commonly followed when a

15  settlement is reached at a mediation, in actions pending in both

16  California State and Federal Courts, as hereinafter set forth.

17

18      4. When a settlement is reached at a mediation, it is often

19  not feasible to then and there prepare a comprehensive settlement

20  agreement. To make the settlement binding, the parties and their

21  attorneys often sign a brief memorandum, setting forth essential

22  terms, in cursory, bullet point, form, with a proviso that a

23  settlement agreement - the formal document with the provisions,

24  terms and language appropriate to such - will be prepared

25  thereafter, usually by the defendant, which is seeking to "buy

26  its peace," and reasonably wants provisions, terms and language,

27  which will accomplish that purpose, to its satisfaction. In such

28

Law Offices
Marc J. Wodin

2

DECLARATION OF MARC J. WODIN RE DEFENDANT'S MOTION FOR AN ORDER
COMPELLING MEET AND CONFER AND/OR ENFORCING SETTLEMENT ETC.

1  circumstances, it is common for defendant's attorney to provide a

2  proposed agreement to the plaintiff's attorney, and for the

3  attorneys to meet and confer to resolve any differences that may

4  arise on the language.

5

6       5. On January 31, 2008, the court issued an order, referring

7  this matter to mediation. Attached hereto as Exhibit 1 is a true

8  and correct copy of the Order.

9

10       6. On February 14, 2008, the court issued a Notice of

11  Appointment of Mediator, notifying the parties that attorney John

12  Koeppel, of the Law Office of Ropers, Majeski, Kohn & Bentley,

13  210 Spear Street, Suite 1000, San Francisco CA 94105, was

14  assigned as the mediator. Attached hereto as Exhibit 2 is a true

15  and correct copy of the Notice.

16

17       7. A mediation was scheduled for May 29, 2008, at the

18  mediator's office, and went forward on that date, and at that

19  place. The following persons attended the mediation, in addition

20  to Mr. Koeppel: plaintiff Pamela Thompson; attorney Michael P.

21  Guta, of the Law Offices of John E. Hill, attorneys for

22  plaintiff; Steven Huffer, Associate General Counsel for defendant

23  Conseco Senior Health Insurance Company, and; myself, as attorney

24  for defendant Conseco Senior Health Insurance Company

25

26       8. A settlement was reached at the mediation. A one page

27  memorandum was prepared, with the word "Thompson" at the top, and

28

Law Offices
Marc J. Wodin

DECLARATION OF MARC J. WODIN RE DEFENDANT'S MOTION FOR AN ORDER
COMPELLING MEET AND CONFER AND/OR ENFORCING SETTLEMENT ETC.

1   which set forth essential terms of the settlement, in cursory,

2   bullet point form, as follows:

3

4           Defendant will pay plaintiff and her attorneys $17,500.

5

6           Plaintiff will dismiss the entire action with

7   prejudice.

8

9           There will be no further claims made under the policy.

10

11          Plaintiff and her attorneys will execute a release and

12  settlement agreement provided by defendant which will include a

13  provision for confidentiality.

14

15          The settlement is enforceable pursuant to CCP §664.6.

16

17      The memorandum was signed and initialed by Ms. Thompson, Mr.

18  Guta, Mr. Huffer, and myself, at the time of the mediation.

19      Attached hereto as Exhibit 3 is a true and correct copy of

20  the memorandum.

21

22      9. At the mediation, plaintiff's attorney asked when the

23  settlement check could be provided. After speaking with Mr.

24  Huffer, I told him that it was anticipated that the check could

25  be provided within several weeks of my receipt of the executed

26  Agreement and the Dismissal.

27

28

Law Offices
Marc J. Wodin

4

DECLARATION OF MARC J. WODIN RE DEFENDANT'S MOTION FOR AN ORDER
COMPELLING MEET AND CONFER AND/OR ENFORCING SETTLEMENT ETC.

1      10. On June 2, 2008, the mediator filed a Certification of

2  ADR Session, stating that the case settled at the mediation.

3  Attached hereto as Exhibit 4 is a true and correct copy of the

4  Certification.

5

6      11. On June 5, 2008, the court issued an Order of Dismissal,

7  dismissing the action without prejudice, which dismissal would be

8  vacated, and the action restored to the calendar, if any party

9  certified to the court, within 60 days, that agreed upon

10  consideration for the settlement had not been delivered over.

11  Attached hereto as Exhibit 5 is a true and correct copy of the

12  Order

13

14      12. On June 16, 2008,[1] I wrote to plaintiff's attorney,

15  enclosing a Release and Settlement Agreement ("the Agreement") -

16  Conseco's  standard Agreement, modified in certain respects for

17  the particularities of the settlement, with provisions, terms and

18  language, stated with particularity, usual and appropriate to

19  such a document [2] - and a Dismissal. Attached hereto as Exhibit 6

20  _____

21     [1] The process was delayed, for several weeks, by the failure
of plaintiff's attorney to respond to telephonic requests from me

22  and my associate for information as to how the settlement check
was to made payable, to be included in the Agreement, which

23  information was finally received on June 16, 2008.

24     [2] e.g., the identification of the document, the parties, the
action, and statement of the fact of settlement; the amount of

25  payment to be made by and who it would be made to; a timetable
for plaintiff to provide the executed Agreement and Dismissal,

26  and for defendant to make payment; that defendant was not
responsible for paying any other sums; that defendant was not be

27  responsible to taxing authorities for any tax liability incurred

28

Law Offices
Marc J. Wodin

5

DECLARATION OF MARC J. WODIN RE DEFENDANT'S MOTION FOR AN ORDER
COMPELLING MEET AND CONFER AND/OR ENFORCING SETTLEMENT ETC.

1  is a true and correct copy of the letter, Release and Settlement

2  Agreement and Dismissal.

3

4      13. On June 20, 2008, I received a letter from plaintiff's

5  attorney, in which he said that he had "concerns" with the

6  language of two of the provisions (a provision which provided for

7  liquidated damages in the event of breach of the confidentiality

8  provision, and a venue provision). Attached hereto as Exhibit 7

9  is a true and correct copy of the letter.

10

11      14. I promptly faxed a letter to plaintiff's attorney,

12  saying that I was "happy to discuss" any "changes" he wanted to

13  make in language, and requesting, that he "please call" so that

14  we could do so. Attached hereto as Exhibit 8 is a true and

15  correct copy of the letter. [3] [4]

16  _____

17  by plaintiff related to the payment; that no further benefits
    would be paid under the policy; the terms of release; that
18  plaintiff would dismiss the action with prejudice; plaintiff's
    authority to file the action and dismiss it; that the settlement
19  was not an admission of liability; that plaintiff was not
    entering into the settlement based on any representation of
20  defendant; that plaintiff was over the age of 18, had read the
    Agreement, and was acting after securing the advice of counsel;
21  that if any part of the Agreement was held to be invalid, it
    would not effect the remaining portions; confidentiality of the
22  settlement and facts and circumstances of the action; venue; that
    this was the entire agreement; that the parties would do such
23  acts as might reasonably be required to carry out the Agreement;
    that each party and their attorneys had reviewed the Agreement,
24  and the rule of ambiguities was not applicable; that the
    Agreement could not be modified except in writing signed by the
25  parties; that the Agreement could be executed in parts.
26
27      [3] "If there are provisions of the release which you wish to
    have changed, as seems to be the case, then please call me, and I
28

Law Offices
Marc J. Wodin

DECLARATION OF MARC J. WODIN RE DEFENDANT'S MOTION FOR AN ORDER
COMPELLING MEET AND CONFER AND/OR ENFORCING SETTLEMENT ETC.

1    15. Plaintiff's attorney did not respond to my request.

2

3    16. On June 27, 2008, I faxed a second, follow up, letter to

4    plaintiff's attorney, noting that I had not heard from him, and

5    stressing that we needed to resolve matters related to the

6    language of the release. Attached hereto as Exhibit 9 is a true

7    and correct copy of the letter. [5]

8

9    17. Plaintiff's attorney did not respond to this letter,

10   either.

11

12   18. After waiting another week, on July 3, 2008, I faxed a

13   third letter to plaintiff's attorney, again noting that I had not

14   _____

15   will be happy to discuss them with you. You mention some things
     in your letter. However, I cannot tell whether those are the only
16   things you have a question about, and it makes no sense to do
     this on a piecemeal basis."
17
     [4] At the mediation, plaintiff's attorney asked when the
18   settlement check could be provided. I told him that it was
     anticipated that the check could be provided within several weeks
19   of my receipt of the executed Agreement and the Dismissal.
         In his letter of June 20, 2008, plaintiff's attorney said
20   that it was his understanding that the settlement check would be
     received within 2 weeks of the mediation, and complained that it
21   had not been provided.
         In my responsive letter of June 20, 2008, I reminded
22   plaintiff's attorney that what he was told, at the mediation, was
     that the check could be provided within a few weeks of his
23   providing the executed Agreement and Dismissal. Further, it was
     plaintiff's attorney who had caused a delay, by failing to
24   provide requested information concerning the payee on the
     settlement check, which delayed completion of the Agreement.
25
     [5] "I have not heard back from you in response to my letter of
26   June 20. We need to resolve matter related to the release
     language.
27

28

DECLARATION OF MARC J. WODIN RE DEFENDANT'S MOTION FOR AN ORDER
COMPELLING MEET AND CONFER AND/OR ENFORCING SETTLEMENT ETC.

1  received a response, and again asking him to contact me, so we

2  could resolve issues related to the release language. Attached

3  hereto as Exhibit 10 is a true and correct copy of the letter. [6]

4

5     19. Once again, plaintiff's attorney did not respond.

6

7     20. Rather, eleven days later, plaintiff's attorney wrote,

8  asserting a new position (inconsistent with the position

9  expressed in prior letter, that he only had a concern

10  about two of the provisions of the Agreement). He now asserted:

11     1. that the five sentence memorandum prepared at the

12  mediation <u>was</u> the settlement agreement, and that document, with

13  those five sentences, as the only document, and all that could be

14  said, to express the terms of settlement  - there could be no

15  comprehensive settlement agreement with provisions, terms and

16  language, such as were contained in the Release and Agreement

17  provided by me to him.

18     2. The only additional thing to be done, according to

19  plaintiff's attorney, was to physically affix to the five

20  sentence memorandum, several sentences of language concerning

21  release and confidentiality, as demanded and phrased by him.

22  Attached hereto as Exhibit 11 is a true and correct copy of the

23

24

25  ────────────────

26     [6] "I have now written two letters to you concerning resolving
    issues related to the release, to which I have received no
27  response. I have the settlement check. Again, please contact me
    so we can resolve these issues."

28

Law Offices
Marc J. Wodin

DECLARATION OF MARC J. WODIN RE DEFENDANT'S MOTION FOR AN ORDER
COMPELLING MEET AND CONFER AND/OR ENFORCING SETTLEMENT ETC.

1    letter.[7]

2

3       21. On July 17, 2008, I faxed a letter to plaintiff's

4    attorney, expressing strong disagreement with his assertions:

5        - Agreements for settlement are interpreted under the rules

6    applicable to contracts generally, one of which is that

7    they are interpreted to express the mutual intent of the parties,

8    which is determined from an objective consideration of the

9    language of the document and the circumstances under which it was

10   prepared.

11       - The reasonable interpretation of the language of the

12   memorandum, and consideration of the circumstances under which it

13   was prepared, is consistent with the preparation of comprehensive

14   Release and Settlement Agreement, with provisions, terms and

15   language appropriate to such a document:

16       The parties reached a settlement at a private mediation. It

17   was not feasible to then and there prepare a comprehensive,

18   formal agreement. Common to such a circumstance, a cursory,

19

20       [7] As discussed hereinafter, the Agreement provided by me to
21   plaintiff's attorney contained language of release, which set
     forth, with particularity, the releasee, the releasor, and the
22   matters released. Plaintiff's attorney demanded that the language
     of release consist of a sentence, which said something about some
23   unidentified releasor being released from some vague and
     unspecified matters related to a misidentified insurance policy.
24       Likewise, the Agreement contained language of
25   confidentiality, which set forth, with particularity, what was
     encompassed as being confidential, and who and under what
26   circumstances confidential matters could and could not be
     disclosed. Plaintiff's attorney demanded that the that language
27   of confidentiality consist of one sentence, which said that the
     terms of settlement were confidential.

28

Law Offices
Marc J. Wodin

9

DECLARATION OF MARC J. WODIN RE DEFENDANT'S MOTION FOR AN ORDER
COMPELLING MEET AND CONFER AND/OR ENFORCING SETTLEMENT ETC.

1    bullet point memorandum was prepared, and signed by the parties,

2    to make the settlement binding, with an express proviso that

3    defendant would thereafter provide a Release and Settlement

4    Agreement. It is reasonable that the Release and Settlement

5    Agreement would include provisions, terms and language

6    appropriate to such a document, the preparation of such a

7    document is consistent with the wording of the memorandum and the

8    circumstances under which it was prepared, and there is nothing

9    in the language, or those circumstances, which is inconsistent

10   with such a thing.

11       - His assertion that the five sentence memorandum is the

12   Agreement was contrary to the language of the memorandum. The

13   memorandum doesn't say that it is the Release and Settlement

14   Agreement. It says defendant will be providing a Release and

15   Settlement Agreement.

16       - The memorandum does not state that the Agreement can only

17   consist of a literal recitation of the five, bullet point

18   sentences, set forth in the memorandum. In fact, it doesn't place

19   any limitations on the provisions, terms or language of the

20   Agreement, other than to say that it will contain a provision for

21   confidentiality.

22       - For the same reasons set forth above, his assertion that

23   the five sentence memorandum is the Agreement, and that the

24   Agreement cannot contain anything other than a literal recitation

25   of the five, bullet point sentences, set forth in the memorandum,

26   is inconsistent with a consideration of the circumstances under

27   which the memorandum was prepared.

28

Law Offices
Marc J. Wodin

DECLARATION OF MARC J. WODIN RE DEFENDANT'S MOTION FOR AN ORDER
COMPELLING MEET AND CONFER AND/OR ENFORCING SETTLEMENT ETC.

1    - His assertion was inconsistent with his own prior letter,

2  wherein he said that he only had a problem with the language of

3  two of the provisions of the Agreement.

4    - The memorandum said that defendant would  provide language

5  of Release. The Agreement provided by defendant contains language

6  of release, which sets forth, with particularity, the releasee,

7  the releasor, and the matters released.[8] Defendant has the right

8  to have language of release which was full, complete, and

9  reasonable. Plaintiff's demand that the language of release

10  consist of a single sentence of release, which says something

11

12    [8] "3. As consideration for the payment of the sums specified
in paragraph 1, Plaintiff does hereby release, acquit and forever
13  discharge the Released Parties, of and from any and all claims,
demands, disputes, losses, or causes of action, known or unknown,
14  foreseen or unforeseen, in law or in equity, which the Plaintiff
has, has ever had, may ever have, or which may hereafter accrue
15  or be acquired, against the Released Parties, relating to or
concerning the Policy, and any claims which were or could have
16  been asserted in the Action.  Plaintiff further covenants and
agrees that neither she nor anyone authorized to act on her
17  behalf will commence, authorize, or accept any benefit from any
judicial or administrative action or proceeding, other than as
18  expressly provided for in this Agreement, against the Released
Parties, or any of them, in either their personal or corporate
19  capacity, with respect to any claim, matter, or issue that in any
way arises from, is based on, or relates to any alleged loss,
20  harm, or damages allegedly caused by the Released Parties, or any
of them, in connection with the released claims referenced in
21  this paragraph and paragraph 5 of this Agreement."
    "4. The release and covenant not to sue set forth in
22  paragraph 3 above specifically includes, but is not in any way
limited to: (a) any and all claims against the Released Parties
23  on account of, arising out of, or in any way relating to the
Policy; (b) any and all claims against the Released Parties on
24  account of, arising out of, or in any way relating to the Action;
(c) any damages which were or could have been claimed in the
25  Action including, but not limited, any extra-contractual damages
suffered at any time by reason of any of the conduct alleged in
26  the Action, or the continued effects thereof, or as referenced in
(a) and (b) of this paragraph."
27

28

11

DECLARATION OF MARC J. WODIN RE DEFENDANT'S MOTION FOR AN ORDER
COMPELLING MEET AND CONFER AND/OR ENFORCING SETTLEMENT ETC.

1  about some unidentified releasor being released from some

2  unspecified matters related to a misidentified insurance policy,

3  was vague, incomplete, and essentially meaningless. [9]

4      - The memorandum said that defendant would provide a

5  provision for confidentiality. Defendant has the right to have

6  language of confidentiality which was full, complete, and

7  reasonable.  The Agreement provided by defendant contains

8  language of confidentiality, which sets forth, with

9  particularity, what is encompassed as being confidential, and who

10 and under what circumstances confidential matters could and could

11 not be disclosed.[10] The single sentence of confidentiality

12

13  [9] "Releasor Pamela Thompson acknowledges and agrees that this
    release applies to all claims that Releasor may have against
14  Releasee [nowhere defined] arising out of Transport Life
    Insurance company Policy of Insurance No. 1101-CA [which is not
15  a correct identification of the subject policy] for injuries,
    damages, or losses to Releasor's personal and property, real or
16  personal [whatever that means], whether those injuries, damages
    or losses are known or unknown, foreseen or unforeseen, or patent
17  or latent [whatever that means]."

18  [10] "16. Plaintiff and her attorneys in the Action agree that
    the terms of this Agreement (including but not limited to the
19  amount of the payment recited herein and the basis on which said
    payments are computed), the nature and circumstances of the
20  dispute between the parties, and the factual background of the
    Action, are confidential.  Plaintiff and her attorneys in the
21  Action further understand and agree that while each may state
    that a settlement has been reached, except as provided in this
22  paragraph, they may not disclose confidential information, to
    third parties, orally or in writing.
23
    Confidential information shall not be disclosed, revealed,
24  or divulged, by plaintiff or her attorneys, to any person, firm,
    corporation, news media, or to any other entity whatsoever, with
25  the following exceptions, and then only to the extent reasonably
    necessary: (a) to governmental taxing authorities; (b) to
26  plaintiff's and her attorneys' accountants and tax preparers; (c)
    when required by order or a court of competent jurisdiction or
27  otherwise compelled by law, or;  (d)with the prior written

28

Law Offices
Marc J. Wodin

DECLARATION OF MARC J. WODIN RE DEFENDANT'S MOTION FOR AN ORDER
COMPELLING MEET AND CONFER AND/OR ENFORCING SETTLEMENT ETC.

1  demanded by plaintiff's attorney  - that the terms of the

2  settlement are confidential, is even more vague, incomplete, and

3  meaningless that his demanded language of release [11] It doesn't

4  even say what confidentiality is, or means - i.e. that

5  confidential information cannot be disclosed. It doesn't

6  encompass plaintiff's attorney. Further, it doesn't encompass the

7  facts and circumstances of the case.[12]

8      I concluded the letter requesting, for the fourth time, that

9  we meet and confer in an attempt to resolve these issues.[13]

10     Attached hereto as Exhibit 12 is a true and correct copy of

11 the letter.

12

13     22. Once again, plaintiff's attorney did not respond to my

14 request.

15

16 _____

17 consent of all parties.
        No party or their attorneys shall categorize this Agreement

18 or the outcome of the Action as a victory for themselves, or a
   defeat of the other party, or suggest that this Agreement, or the

19 terms thereof, constitute something other than the settlement of
   a dispute without an admission or finding of liability on the

20 part of either party.
        The promises of confidentiality as provided in this

21 paragraph are material inducements to Defendant to enter into
   this Agreement and are of the essence of this Agreement."

22
        [11] "The parties agree that the terms of the settlement are

23 confidential."

24      [12] I told plaintiff's attorney, at the mediation, that

25 confidentiality would encompass the settlement and the facts and
   circumstances of the action.

26
        [13] "I continue to be open to discussing modification of the

27 release and settlement agreement which I provided to you, if you
   have some problem with the specific language therein."

28

Law Offices
Marc J. Wodin

                                    13
DECLARATION OF MARC J. WODIN RE DEFENDANT'S MOTION FOR AN ORDER
  COMPELLING MEET AND CONFER AND/OR ENFORCING SETTLEMENT ETC.

1     23. On August 4, 2008, I filed a Certification that

2  plaintiff had not delivered agreed upon consideration for the

3  settlement, and requested that the dismissal be vacated, and the

4  action be restored to the calendar. Attached hereto as Exhibit 13

5  is a true and correct copy of the Certification.

6

7     24. On August 11, 2008, the court issued an order vacating

8  the dismissal, and setting a status conference. Attached hereto

9  as Exhibit 14 is a true and correct copy of the Order.

10

11     25. I bill at the rate of $160/hour on this matter. I have

12  spent 25 hours preparing this motion. I anticipate that 5 hours

13  will be spent appearing on this motion.

14

15     I declare under penalty of perjury under the laws of the

16  United States of America that the foregoing is true and correct.

17

18     Executed this 2nd day of September, 2008, at Calabasas,

19  California

20

21

22                  /s/ Marc J. Wodin

                    MARC J. WODIN

                    DECLARANT

23

24

25

26

27

28

Law Offices
Marc J. Wodin

14

DECLARATION OF MARC J. WODIN RE DEFENDANT'S MOTION FOR AN ORDER
COMPELLING MEET AND CONFER AND/OR ENFORCING SETTLEMENT ETC.