# EXHIBIT 6

Case 3:07-cv-05437-PJH   Document 42-4   Filed 09/02/2008   Page 1 of 12

LAW OFFICES OF
# MARC J. WODIN
21600 OXNARD STREET, SUITE 1110
WOODLAND HILLS, CALIFORNIA 91367

MARC J. WODIN

ELANA BITTON

TELEPHONE (818) 595-3490
FACSIMILE (818) 595-3494

June 16, 2008

John E. Hill
Michael P. Guta
Law Offices of John E. Hill
8105 Edgewater Drive, Suite 100
Oakland, CA 94621

  Re: Pamela Thompson v. Conseco Senior Health Insurance Company

Dear Mr. Guta:

Enclosed please find a release and settlement agreement, and stipulation and order for dismissal. Please have these documents executed and returned to me.

Very truly yours,

LAW OFFICES OF MARC J. WODIN

MARC J. WODIN

  enc.

```
LAW OFFICES OF MARC J. WODIN
Marc J. Wodin, Esq. - SBN 79573
Elana Bitton, Esq. - SBN. 130835
21600 Oxnard Street, Suite 1110
Woodland Hills, California 91367
Telephone (818) 595-3490
Fax (818) 595-3494

Attorneys for Defendant CONSECO SENIOR HEALTH INSURANCE COMPANY
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA THOMPSON, Individually and as Personal Representative of CHARLES THOMPSON, Deceased,<br><br>    Plaintiff,<br><br>    vs.<br><br>CONSECO SENIOR HEALTH INSURANCE COMPANY, a Pennsylvania corporation, DOES 1 through XX<br><br>    Defendant(s). | CASE NO.: C 07-05437 PJH<br>[Sonoma County Superior Court Case No. 241544]<br><br>**STIPULATION AND ORDER DISMISSING ENTIRE ACTION WITH PREJUDICE**<br><br>Assigned to the Honorable Phyllis J. Hamilton |

It is hereby stipulated, by and between the parties to the above entitled action, by and through their attorneys of record, that the above entitled action is dismissed, in its entirety, with prejudice.

DATED:                                    LAW OFFICES OF JOHN E. HILL


                                          By: _____
                                              MICHAEL P. GUTA
                                              Attorney for Plaintiff, PAMELA
                                              THOMPSON INDIVIDUALLY AND AS
                                              PERSONAL REPRESENTATIVE OF
                                              CHARLES THOMPSON, DECEASED

```
 1  DATED:                          LAW OFFICES OF MARC J. WODIN
 2
 3                                  By: _____
                                          MARC J. WODIN
 4                                  Attorneys for Defendant CONSECO
                                    SENIOR HEALTH  INSURANCE COMPANY
 5
 6
 7
 8       IT IS ORDERED THAT:
 9
10       The above entitled action is dismissed, in its entirety,
11  with prejudice.
12
13  DATED:
14
15                                  _____
                                    THE HONORABLE PHYLLIS J. HAMILTON
16                                  UNITED STATES DISTRICT COURT JUDGE
17
18
19
20
21
22
23
24
25
26
27
28
```

Law Offices
Marc J. Wodin

2

STIPULATION AND ORDER DISMISSING ACTION

## *CONFIDENTIAL RELEASE, SETTLEMENT AGREEMENT AND COVENANT NOT TO SUE*

This Confidential Release, Settlement Agreement And Covenant Not To Sue ("Agreement") is entered into by and between (1) Pamela Thompson ( "Plaintiff"), on the one hand, and; (2) Conseco Senior Health Insurance Company ("Defendant"), and Defendant's past, current and future affiliates, subsidiaries, parent companies, agents, officers, directors, employees insurers, attorneys, heirs, successors and assigns and the past, current and future agents, employees, insurers, officers, directors, attorneys, heirs, successors and assigns of its affiliates, subsidiaries, and parent companies, on the other hand. The entities and persons identified in (2) above, are, hereinafter, collectively and individually, referred to as the "Released Parties."

WHEREAS, Plaintiff and Defendant are parties to that certain action entitled Pamela Thompson et. al. v. Conseco Senior Health Insurance Company, bearing Case No.: C 07-05437 PJH, pending in the United States District Court for the Northern District of California ("the Action"), relating to a certain insurance policy number EM9729 issued by Transport Life Insurance Company to Plaintiff's decedent, Charles Thompson ("the Policy"), and;

WHEREAS, Plaintiff and Defendant desire to settle and compromise all claims which were or could have been asserted in the Action on the terms and conditions set forth herein;

NOW THEREFORE, in consideration of the promises and the mutual covenants herein set forth, the parties agree as follows:

1. Defendant Conseco Senior Health Insurance Company will pay to plaintiff and her attorneys the sum of $17,500.00, by check made payable to the Law Offices of John E. Hill, a

professional corporation.

2. Defendant is responsible for paying only the amounts specifically set out in paragraph 1, and are not responsible for paying any other amounts whatsoever, including, but not limited to, any amounts due from any other person or party.

3. As consideration for the payment of the sums specified in paragraph 1, Plaintiff does hereby release, acquit and forever discharge the Released Parties, of and from any and all claims, demands, disputes, losses, or causes of action, known or unknown, foreseen or unforeseen, in law or in equity, which the Plaintiff has, has ever had, may ever have, or which may hereafter accrue or be acquired, against the Released Parties, relating to or concerning the Policy, and any claims which were or could have been asserted in the Action.  Plaintiff further covenants and agrees that neither she nor anyone authorized to act on her behalf will commence, authorize, or accept any benefit from any judicial or administrative action or proceeding, other than as expressly provided for in this Agreement, against the Released Parties, or any of them, in either their personal or corporate capacity, with respect to any claim, matter, or issue that in any way arises from, is based on, or relates to any alleged loss, harm, or damages allegedly caused by the Released Parties, or any of them, in connection with the released claims referenced in this paragraph and paragraph 5 of this Agreement.

4. The release and covenant not to sue set forth in paragraph 3 above specifically includes, but is not in any way limited to: (a) any and all claims against the Released Parties on account of, arising out of, or in any way relating to the Policy; (b) any and all claims against the Released Parties on account of, arising out of, or in any way relating to the Action; (c) any damages which were or could have been claimed in the Action including, but not limited, any

extra-contractual damages suffered at any time by reason of any of the conduct alleged in the Action, or the continued effects thereof, or as referenced in (a) and (b) of this paragraph.

5. As further consideration for the payment of the sums specified in paragraph 1, Plaintiff agrees to promptly dismiss the Action in its entirety with prejudice.

6. As further consideration for the payment of the sums specified in paragraph 1, Plaintiff and her attorneys will provide Defendant with a properly executed W-9 form, for each payee on the aforesaid check.

7. It is further understood and agreed that Plaintiff intends to waive and hereby expressly waives all rights under California Civil Code Section 1542 and any similar law of any state or territory of the United States. Section 1542 reads as follows:

> A general release does not extend to claim which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

8. Plaintiff further represents and warrants to the Released Parties that she had authority and capacity to file the complaint in the Action, and that she has the authority to consent to a stipulation of dismissal of the entire Action, with prejudice. Plaintiff further represents and warrants that she owns the claims asserted in the Action, and has not heretofore assigned to any other person or party all, or any portion of, any claim whatsoever, that she may now have, or in the future may have, against the Released Parties, arising out of the Policy and the facts involved in the Action. Plaintiff agrees to defend, indemnify and hold the Released Parties harmless, from any claim or action by any other person, who has been assigned or transferred any of the claims or interests asserted by Plaintiff in the Action.

9. Plaintiff expressly agrees to indemnify, defend and hold the Released Parties harmless, from and against any and all claims asserted by any party for reimbursement of claims, services or assistance rendered to, for, or on behalf of the Plaintiff's decedent, Charles Thompson, whether or not such claim would have been covered by the Policy. This includes any claims of any caregiver, or caregiver agency, related to services provided to Plaintiff's decedent.

10. Plaintiff agrees that the Released Parties shall have no responsibility whatsoever to any federal, state or local taxing authority for the tax liability, or consequences, if any, arising from the payment of the consideration recited herein, and that all such responsibility is exclusively that of the Plaintiff.

11. It is further understood and agreed that Plaintiff, as representative of Plaintiff's decedent, Charles Thompson, does hereby surrender the Policy. Plaintiff understands and agrees that any interest she or Plaintiff's decedent may have in the Policy is surrendered and cancelled, that insurance under the Policy is terminated, that there is no entitlement to any further benefits under the Policy, that there will be no claim for further benefits under the Policy, that the Released Parties have no further obligation under the Policy, and that Plaintiff shall promptly return the original Policy to Defendant, if it can be located.

12. It is further understood and agreed that this Agreement is not to be construed as, and does not constitute, an admission of liability or wrongdoing on the part of the Released Parties, and that the material purpose of the sum or money paid hereunder is solely for the purpose of avoiding the expense and time involved in defending litigation.

13. Plaintiff agrees and declares that no representation made by any employees, agents or attorneys of the Released Parties, if any, concerning the validity or merit of any claims they have

has induced Plaintiff to make this Agreement, and that Plaintiff is acting upon her own judgment, belief and knowledge of the nature of all claims or potential claim against the Released Parties in making this Agreement. Plaintiff warrants and declares that she is acting only after securing the advice and consultation of legal counsel of her choice.

14. Plaintiff acknowledges that she is over the age of eighteen (18) years of age and has carefully read this Agreement and fully understands and knows the terms thereof, and signs the same as her own free act and upon recommendation of legal counsel of her choice.

15. It is further understood and agreed that should any portion of this Agreement be held invalid by operation of law or otherwise, the remaining portion shall be given full force and effect and shall not in any way be affected thereby.

16. Plaintiff and her attorneys in the Action agree that the terms of this Agreement (including but not limited to the amount of the payment recited herein and the basis on which said payments are computed), the nature and circumstances of the dispute between the parties, and the factual background of the Action, are confidential. Plaintiff and her attorneys in the Action further understand and agree that while each may state that a settlement has been reached, except as provided in this paragraph, they may not disclose confidential information, to third parties, orally or in writing.

Confidential information shall not be disclosed, revealed, or divulged, by plaintiff or her attorneys, to any person, firm, corporation, news media, or to any other entity whatsoever, with the following exceptions, and then only to the extent reasonably necessary: (a) to governmental taxing authorities; (b) to plaintiff's and her attorneys' accountants and tax preparers; (c) when required by order or a court of competent jurisdiction or otherwise compelled by law, or; (d)

with the prior written consent of all parties.

No party or their attorneys shall categorize this Agreement or the outcome of the Action as a victory for themselves, or a defeat of the other party, or suggest that this Agreement, or the terms thereof, constitute something other than the settlement of a dispute without an admission or finding of liability on the part of either party.

The promises of confidentiality as provided in this paragraph are material inducements to Defendant to enter into this Agreement and are of the essence of this Agreement.

17. In the event of a breach of the obligations under the confidentiality provisions of this Agreement, including but not limited to paragraph 16, the parties agree that the breaching party will be required to pay the Defendant's reasonable attorneys' fees and litigation costs associated with enforcement of these provisions. In addition, Plaintiff and Defendant acknowledge their understanding that in the event of a breach of said confidentiality provisions, Defendant is very likely to incur damage to reputation and other significant interests, which are very substantial, yet will defy being accurately quantified and reduced to specific money damages. As such, in the event Defendant prevails in any action to enforce the said confidentiality provisions, Defendant shall receive, as liquidated damages for breach of confidentiality, and not as a penalty, the sum of $10,000.00.

18. This Agreement shall be governed b y and construed in accordance with the internal laws of the State of Indiana, except its choice of law rules which shall not be applied so as to make the law of any other State applicable. The parties agree that exclusive venue and jurisdiction for any action to interpret and/or enforce this Agreement shall be in the Hamilton County (Indiana) Circuit or Superior Court or the U. S. District Court for the Southern District

of Indiana. All parties waive jury trial in any action to interpret or enforce this Agreement, and consent to service of process in accordance with the Indiana Rules of Trial Procedure in any such action.

19. Plaintiff's attorneys will return this Agreement to Defendant's attorneys, fully executed, with a Stipulation and Order for Dismissal of the Entire Action with Prejudice, also fully executed, within 10 days of this Agreement being provided to Plaintiff's attorneys. Defendant will provide Plaintiff's attorney with the settlement checks, within 10 days thereafter.

20. This Agreement contains the entire agreement between the parties, and the terms and conditions of this Agreement are contractual and not a mere recital. Plaintiff further states that she has carefully read the Agreement, knows and understands the contents thereof, and signs her name as her own free act.

21. All parties to the Agreement agree, for their respective selves, heirs, executors and assigns, that they will abide by this Agreement and do all such acts, and prepare, execute, and deliver all such documents as may reasonably be required to carry out the stated objectives of this Agreement.

22. Each party and their respective attorneys have had the opportunity to review and revise this Agreement, and the rule of construction that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Agreement.

23. This Agreement shall not be amended or modified except in writing signed by all of the parties.

24. This Agreement may be executed in parts by the parties.

                                                   **I HAVE READ, UNDERSTAND, AND AGREE TO THE FOREGOING**

DATED:                                      _____
                                                    PLAINTIFF PAMELA THOMPSON
                                                    INDIVIDUALLY AND AS PERSONAL
                                                    REPRESENTATIVE OF CHARLES
                                                    THOMPSON, DECEASED

DATED:                                      _____
                                                         MICHAEL GUTA
                                                    LAW OFFICES OF JOHN E. HILL
                                                    ATTORNEYS FOR PLAINTIFF PAMELA
                                                    THOMPSON INDIVIDUALLY AND
                                                    AS PERSONAL REPRESENTATIVE OF
                                                    CHARLES THOMPSON, DECEASED

DATED:                                      _____
                                                         STEVEN HUFFER
                                                   FOR DEFENDANT CONSECO SENIOR
                                                   HEALTH INSURANCE COMPANY

DATED:                                      _____
                                                        MARC J. WODIN
                                                   LAW OFFICES OF MARC J. WODIN
                                                   ATTORNEYS FOR FOR DEFENDANT
                                                   CONSECO SENIOR  HEALTH INSURANCE
                                                   COMPANY