**EXHIBIT 11**

# LAW OFFICES OF JOHN E. HILL

A PROFESSIONAL CORPORATION

John E. Hill *
Daniel A. Stenson
Michael P. Guta
Ian M. Cooper
Mark J. Shostak
Inna Bimits
Joanne A. Helvig

Of Counsel
Melvin M. Belli (1907-1996)

*Certified Specialist: Civil Trial Advocate
Certified by National Board of Trial Advocacy
Accredited by State Bar of California

**ATTORNEYS AT LAW**

8105 Edgewater Drive, Suite 100
Oakland, California 94621-2017
Telephone (510) 588-1000
General Facsimile (510) 729-6333
E-mail: johnhill@hill-law-offices.com

San Francisco Office
747 Leavenworth Street
San Francisco, California 94109
Telephone (415) 398-2434
Facsimile (415) 392-2809

Los Angeles Office
1112 11th Street, Suite 3
Santa Monica, California 90403
Telephone: 310-260-2100

July 14, 2008

**TRANSMITTED BY FACSIMILE**

Marc Wodin, Esq.
23901 Calabasas Road, Ste 1076
Calabasas, CA 91302

Re: *Thompson v. Conseco*

Dear Mr. Wodin:

Enclosed please find a copy of the Settlement Agreement, executed over six weeks ago. Under its terms, the agreement was complete, save for a release containing a confidentiality agreement. That is **all** that has been agreed to. If you wanted additional terms, it is now too late. Enclosed please find a release providing for confidentiality.

Thank you very much.

Very truly yours,

Michael P. Guta

MPG/m
encl.
080714 2

1. Def will pay pl & her attys $17,500.00

2. Pl will dismiss the entire action with prejudice

3. Pl & her atty will execute a release & settlement agreement provided by def. which will include a provision for confidentiality

_Michal Guta_
Pl's Atty.
Pamela Thompson

_Steven [illegible]_
Defendant

Assoc.
Con-
Counsel

[scribble]
atty for def.

4. There will be no further claims made under the B of
5. The settlement is enforceable pursuant to CCP 664.6.

6. Releasor PAMELA THOMPSON acknowledges and agrees that this release applies to all claims that Releasor may have against Releasee arising out of Transport Life Insurance Company Policy of Insurance No. 11001-CA for injuries, damages, or losses to Releasor's person and property, real or personal, whether those injuries, damages or losses are known or unknown, foreseen or unforeseen, or patent or latent.

7. Releasor certifies that she has read Section 1542 of the Civil Code, set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect ton exist in his favotr at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

8. Releasor hereby waives application of Section 1542 of the Civil Code.

9. Releasor understands and acknowledges that the significance and consequence of this waiver of Section 1542 of the Civil Code is that even if Releasor should eventually suffer additional damages arising out of the policy of insurance, she will not be permitted to make any claim for those damages. Furthermore, Releasor acknowledges that she intends those consequences even as to claims for injury and/or damages that may exist as of the date of this release but which Releasor does not know exist, and which, if known, would materially affect Releasor's decision to execute this release, regardless of whether Releasor's lack of knowledge is the result of ignorance, oversight, error, negligence or any other cause.

10. The parties agree that the terms of the settlement are confidential.

# EXHIBIT 12

LAW OFFICES OF
# MARC J. WODIN
21600 OXNARD STREET, SUITE 1110
WOODLAND HILLS, CALIFORNIA 91367

MARC J. WODIN

ELANA BITTON

TELEPHONE (818) 595-3490
FACSIMILE (818) 595-3494

via fax
July 17, 2008

Michael P. Guta
Law Offices of John E. Hill
8105 Edgewater Drive, Suite 100
Oakland, CA 94621

    Re:   Pamela Thompson v. Conseco Senior Health Insurance Company

Dear Mr. Guta:

This is in response to your letter of July 14, 2008.

First, I note that your letter came only after I had written three letters to you concerning the release and settlement agreement, on June 20, June 26, and July 3, to which I received no response.

Second, I note that in those letters, I requested that you call me to discuss disagreements which have arisen related to the release and settlement agreement, to see if we could resolve them in a reasonable manner. However, you have refused to engage in any such discussion.

Third, contrary to your letter, the document prepared at the mediation: (1) provides that Conseco will prepare a release a settlement agreement, and that plaintiff and her attorney will execute it; (2) does not contain any limitation on the terms, provisions and language of the release and settlement agreement, other than that it contain a provision for confidentiality, and; (3) does not say that Conseco, the preparer of the release and settlement agreement, cannot include, therein, terms, provisions and language, appropriate to such a document, and which Conseco deems reasonably necessary for its protection.

In sum, your assertion is contrary to the language of the document which was prepared at the mediation, and is unreasonable. Conseco - the party paying money and being released, and the preparer of the release and settlement agreement - is entitled to a full, complete, and proper release and settlement agreement, including such terms, provisions and language which it deems appropriate and reasonably necessary for its protection.

Michael P. Guta, Esq.
July 16, 2008
Page 2

A one page, handwritten document was prepared at the mediation, which was signed by both you and your client. It briefly sets forth items of the settlement, in cursory form (that defendant will pay plaintiff and her attorneys the sum of $17,500, that plaintiff will dismiss the entire action with prejudice, that there will be no further claims made under the policy, and that the settlement is enforceable pursuant to CCP 664.6).

It also provides, as a separate and distinct item, for the preparation of a release and settlement agreement:

> "3. Pl and her attys will execute a release and settlement agreement provided by def. which will include a provision for confidentiality."

This provision says that Conseco will provide a release and settlement agreement, and that plaintiff and her attorney will sign it. It does not provide for any limitation of the terms, provisions or language of that document, other than that it will include a provision for confidentiality.

There is nothing unusual about this. It is common, reasonable and appropriate for the defendant - the party that is paying money and being released and dismissed - to prepare the closing documents relating to a settlement, and to include therein such provisions as it deems appropriate and reasonably necessary for its protection.

If you wanted the language of the release and settlement agreement to be limited to some specific language, you should have made that a condition of the settlement. You didn't, and it isn't.

You were advised, at the mediation, that Conseco has a standard release and settlement agreement, which would be provided. You did not state any objection to this.

In accordance with the above, I provided you with a detailed, comprehensive release and settlement agreement, which includes the items set forth in the document prepared at the mediation (that defendants would pay plaintiff and her attorneys the stated amount, etc.), along with terms, provisions and language, appropriate to a release and settlement agreement, and which Conseco deems to be reasonably necessary for its protection.

I note, incidentally, that there is nothing unusual about the language of this release and settlement agreement. I have used it for many years, without objection, and it is similar, in form and language, to numerous others I have seen used by other parties in litigation, for many years.

Michael P. Guta, Esq.
July 16, 2008
Page 3

In fact, there is nothing unusual about any of this. It is the way settlements are carried out, hundreds if not thousands of times, every day, in this and other states throughout the United States.

After I sent you the release and settlement agreement, you wrote that you had a problem with two of the provisions (not any of the ones which set forth the items contained in the document prepared at the mediation, such as the amount to be paid). I offered to discuss the matter with you, in an attempt to reach a reasonable resolution. However, you ignored my letters, and refused to engage in any such discussion.

You assert in your letter that the release and settlement agreement can only consist of the cursory document which was prepared at the mediation, and several, brief, paragraphs, worded in a way that you want them to be worded. The document which you are proposing is not even comprehensible, much less a full, complete or proper release and settlement agreement. Further, it does not fully, completely or properly set forth the settlement, and does not contain terms, provisions and language which Conseco deems to be appropriate and reasonably necessary for a release and settlement agreement, and to protect its interests.

I continue to be open to discussing modification of the release and settlement agreement which I provided to you, if you have some problem with specific language therein. However, the thing that you are proposing as a release and settlement agreement is not acceptable to Conseco.

Very truly yours,

LAW OFFICES OF MARC J. WODIN

MARC J. WODIN

LAW OFFICES OF
# MARC J. WODIN
21600 OXNARD STREET, SUITE 1110
WOODLAND HILLS, CALIFORNIA 91367

MARC J. WODIN

ELANA BITTON

TELEPHONE (818) 595-3490
FACSIMILE (818) 595-3494

## TELECOPIER TRANSMITTAL SHEET

DATE:        July 17, 2008

TO:          Law Offices of John E. Hill         FAX #: (510) 729-6333
             **Attention: Michael P. Guta**

FROM:        Marc J. Wodin, Esq.                 FAX #: (818) 595-3494

RE:          Thompson v Conseco Senior Health Insurance Company

NUMBER OF PAGES, INCLUDING THIS TRANSMITTAL PAGE:  __4__

__X__  FOR YOUR INFORMATION

____   PER YOUR REQUEST

____   PER OUR DISCUSSION

____   PLEASE READ AND COMMENT AS SOON AS POSSIBLE

____   PLEASE SIGN AND RETURN

____   PLEASE TELEPHONE ME

ADDITIONAL COMMENTS:
Re: Response to your letter of 7/14/2008

*IF YOU HAVE ANY DIFFICULTY RECEIVING THIS TRANSMISSION,
PLEASE CALL (818) 595-3490.*

***************************
CONFIDENTIALITY NOTICE
***************************

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual named above. If the reader of this message is not the intended recipient, or the employer or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copy of this facsimile is STRICTLY PROHIBITED. If you have received this facsimile in error, please notify us by calling the sender and return the original message to us at the address shown above via United States Postal Service.

```
************ -COMM. JOURNAL- ******************* DATE JUL-17-2008 ***** TIME 16:35 ********

        MODE = MEMORY TRANSMISSION          START=JUL-17 16:34    END=JUL-17 16:35

        FILE NO.=345

STN NO.   COMM.   ABBR NO.   STATION NAME/TEL NO.   PAGES   DURATION

001       OK      s          15107296333            004/004 00:00:49


                                                              -LAW OFFICE  MARC J WODIN -

********************************** -MARC J WODIN   - ***** -        8185953494- **********
```

LAW OFFICES OF
# MARC J. WODIN
21600 OXNARD STREET, SUITE 1110
WOODLAND HILLS, CALIFORNIA 91367

MARC J. WODIN

ELANA BITTON

TELEPHONE (818) 595-3490
FACSIMILE (818) 595-3494

### TELECOPIER TRANSMITTAL SHEET

DATE: July 17, 2008

TO: Law Offices of John E. Hill          FAX #: (510) 729-6333
    **Attention: Michael P. Guta**

FROM: Marc J. Wodin, Esq.               FAX #: (818) 595-3494

RE: Thompson v Conseco Senior Health Insurance Company

NUMBER OF PAGES, INCLUDING THIS TRANSMITTAL PAGE: __4__

__X__ FOR YOUR INFORMATION

____ PER YOUR REQUEST

____ PER OUR DISCUSSION

____ PLEASE READ AND COMMENT AS SOON AS POSSIBLE

____ PLEASE SIGN AND RETURN

____ PLEASE TELEPHONE ME

ADDITIONAL COMMENTS:
Re: Response to your letter of 7/14/2008

*IF YOU HAVE ANY DIFFICULTY RECEIVING THIS TRANSMISSION,
PLEASE CALL (818) 595-3490.*

**CONFIDENTIALITY NOTICE**

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual named above. If the reader of this message is not the intended recipient, or the employer or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copy of this facsimile is STRICTLY PROHIBITED. If you have received this facsimile in error, please notify us by calling the sender and return the original message to us at the address shown above via United States Postal Service.

**EXHIBIT 13**

**LAW OFFICES OF MARC J. WODIN**
Marc J. Wodin, Esq. - SBN 79573
Elana Bitton, Esq. - SBN. 130835
23901 Calabasas Road, Suite 1076
Calabasas, California 91302
Telephone (818) 595-3490
Fax (818) 595-3494
marc_wodin@wodinlaw.com

Attorneys for Defendant CONSECO SENIOR HEALTH INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA THOMPSON, Individually and as Personal Representative of CHARLES THOMPSON, Deceased,<br><br>            Plaintiff,<br><br>    vs.<br><br>CONSECO SENIOR HEALTH INSURANCE COMPANY, a Pennsylvania corporation, DOES 1 through XX<br><br>            Defendant(s). | CASE NO.: C 07-05437 PJH<br>[Sonoma County Superior Court Case No. 241544]<br><br>**DEFENDANT'S CERTIFICATION THAT PLAINTIFF AND HER ATTORNEYS HAVE NOT DELIVERED AGREED UPON CONSIDERATION FOR SETTLEMENT; REQUEST TO VACATE DISMISSAL AND RESTORE CASE TO CALENDAR; DECLARATION OF MARC J. WODIN**<br><br>Assigned to the Honorable Phyllis J. Hamilton |

TO: THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO THE INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to the Order of Dismissal dated June 5, 2008, defendant Conseco Senior Health Insurance Company hereby certifies to this court that plaintiff and her attorneys have not delivered agreed upon consideration for the settlement reached in

---

1

DEFENDANT'S CERTIFICATION THAT PLAINTIFF AND HER ATTORNEYS HAVE
NOT DELIVERED AGREED UPON CONSIDERATION, ETC.

Law Offices
Marc J. Wodin

1  this case at the time of the mediation on May 29, 2008; to wit,
2  plaintiff, and her attorneys have failed and refused to execute
3  the release and settlement agreement, which has been provided to
4  them, pursuant to the settlement reached at the time of the
5  mediation.
6      Accordingly, pursuant to said order, defendant requests that
7  this court vacate the dismissal entered on June 5, 2008, and
8  restore this matter to the calendar.

10 DATED: August 4, 2008        LAW OFFICES OF MARC J. WODIN

12                                          By    /s/ Marc J. Wodin
                                                MARC J. WODIN
13                                       Attorneys for Defendant CONSECO
                                      SENIOR HEALTH  INSURANCE COMPANY

Law Offices
Marc J. Wodin

2
DEFENDANT'S CERTIFICATION THAT PLAINTIFF AND HER ATTORNEYS HAVE
    NOT DELIVERED AGREED UPON CONSIDERATION, ETC.

DECLARATION OF MARC J. WODIN

I, MARC J. WODIN DECLARE:

1. The facts set forth herein are personally known to declarant, who has firsthand knowledge of the same, and if called as a witness, said declarant could and would competently testify thereto under oath.

2. I am an attorney duly admitted to practice before this court, and I am a principal in the Law Offices of Marc J. Wodin, attorneys of record for defendant Conseco Health Insurance Company in the above entitled action.

3. This matter was mediated on May 29, 2008, before mediator John Koeppel. A settlement was reached. On June 2, 2008, the mediator filed a Certification of ADR Session, certifying that the case settled at the mediation.

4. One of the terms of consideration stated in the settlement document prepared at the time of the mediation, and signed by all parties and their attorneys, was that defendant would provide a release and settlement agreement, which would be executed by plaintiff and her attorneys.

5. I thereafter provided such a release and settlement agreement to plaintiff's attorneys. Plaintiff and her attorneys

Law Offices
Marc J. Wodin

3
DEFENDANT'S CERTIFICATION THAT PLAINTIFF AND HER ATTORNEYS HAVE
NOT DELIVERED AGREED UPON CONSIDERATION, ETC.

1  have failed and refused to execute the release and settlement
2  agreement.
3
4      6. Wherefore, pursuant to this court's order of June 5,
5  2008, defendant requests that this court vacate the dismissal
6  entered on June 5, 2008, and restore this matter to the calendar.
7
8      I declare under penalty of perjury under the laws of the
9  United States of America that the foregoing is true and correct.
10
11     Executed this 4th day of August, 2008, at Calabasas,
12 California.

                                    /s/ Marc J. Wodin
                                    MARC J. WODIN
                                    DECLARANT

Law Offices
Marc J. Wodin

4

DEFENDANT'S CERTIFICATION THAT PLAINTIFF AND HER ATTORNEYS HAVE
       NOT DELIVERED AGREED UPON CONSIDERATION, ETC.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within entitled action. My business address is 21600 Oxnard Street, Suite 1110, Woodland Hills, California 91367.

On August 4, 2008 I served the following described as: **DEFENDANT'S CERTIFICATION THAT PLAINTIFF AND HER ATTORNEYS HAVE NOT DELIVERED AGREED UPON CONSIDERATION FOR SETTLEMENT; REQUEST TO VACATE DISMISSAL AND RESTORE CASE TO CALENDAR; DECLARATION OF MARC J. WODIN,** on the interested parties in this action by electronically filing a true copy thereof with the United Stated District Court - Northern District of California pursuant to the CM/ECF procedures in the U.S. District Court-Northern District Local Rules and FRCP 5(b)(2)(D):

[X]   **(BY AUTOMATIC SERVICE)** The Notice of Electronic Filing will be generated by CM/ECF and electronically mailed to the offices of the consenting addressee as follows:

John E. Hill
Michael P. Guta
Law Offices of John E. Hill
8105 Edgewater Drive, Suite 100
Oakland, CA 94621

Telephone: (510) 588-1000
Facsimile: (510) 729-6333

**Attys for Plaintiff**

/s/ ANN MARIE LUNA
ANN MARIE LUNA (original signature retained by attorney Marc J. Wodin)

# EXHIBIT 14

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAMELA THOMPSON,

    Plaintiff,

    v.

CONSECO SENIOR HEALTH INSURANCE COMPANY,

    Defendant.
_____/

No. C 07-5437 PJH

**ORDER VACATING DISMISSAL AND SETTING CASE MANAGEMENT CONFERENCE**

    Pursuant to the order of dismissal entered June 5, 2008, in the above-entitled action, the dismissal is hereby VACATED, and the matter is restored to the court's calendar. The court will conduct a case management conference on Thursday, September 4, 2008, at 2:30 p.m.

**IT IS SO ORDERED.**

Dated: August 11, 2008

                                                PHYLLIS J. HAMILTON
                                                United States District Judge