**LAW OFFICES OF MARC J. WODIN**
Marc J. Wodin, Esq. - SBN 79573
Elana Bitton, Esq. - SBN. 130835
23901 Calabasas Road, Suite 1076
Calabasas, California 91302
Telephone (818) 595-3490
Fax (818) 225-7497
e-mail marc_wodin@wodinlaw.com

Attorneys for Defendant CONSECO SENIOR HEALTH INSURANCE COMPANY

### UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA THOMPSON, Individually and as Personal Representative of CHARLES THOMPSON, Deceased, <br><br>                Plaintiff, <br><br>    vs. <br><br> CONSECO SENIOR HEALTH INSURANCE COMPANY, a Pennsylvania corporation, DOES 1 through XX <br><br>                Defendant(s). <br> _____ | CASE NO.: C 07-05437 PJH [Sonoma County Superior Court Case No. 241544] <br><br> **DEFENDANT'S MOTION FOR AN ORDER PURSUANT TO LOCAL RULE 6-1 AND 6-3:** <br><br> **1. CHANGING THE HEARING DATE OF DEFENDANT'S MOTION FOR AN ORDER COMPELLING MEET AND CONFER/ENFORCING SETTLEMENT, PRESENTLY SET FOR OCTOBER 29, 2008, TO OCTOBER 1, 2008, THE DATE OF THE HEARING ON PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT, OR;** <br><br> **2. CHANGING THE HEARING DATE ON PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT FROM OCTOBER 1, 2008 TO OCTOBER 29, 2008, OR;** <br><br> **3. SETTING BOTH MOTIONS FOR HEARING, TOGETHER, ON SUCH DATE AS THE COURT DEEMS APPROPRIATE** <br><br> **[PROPOSED] ORDER** <br><br> **(FILED CONCURRENTLY WITH DEFENDANT'S MOTION FOR AN ORDER COMPELLING MEET AND CONFER/ENFORCING SETTLEMENT)** <br><br> Assigned to the Honorable Phyllis J. Hamilton |

Law Offices
Marc J. Wodin

1

DEFENDANT'S MOTION FOR AN ORDER CHANGING TIME FOR HEARING MOTIONS

1    Defendant CONSECO SENIOR HEALTH INSURANCE COMPANY

2    ("defendant") hereby moves the court, an order

3    1. changing the hearing date on defendant's motion for an

4    order compelling meet and confer/enforcing settlement and for

5    sanctions, so that it will be heard on October 1, 2008, the date

6    of plaintiff's motion to enforce the settlement, or;

7    2. changing the hearing date on plaintiff's motion to

8    enforce settlement, to October 29, 2008, the date currently set

9    for hearing on defendant's motion, or;

10    3. setting both motions for hearing, together, on such other

11    date as the court deems appropriate, and;

12    4. setting a briefing schedule for the motions, if

13    appropriate.

14    Said motion is made pursuant to Local Rules 6-1 and 6-3, on

15    the ground that there is good cause to change the time of these

16    motions so that they will be heard at the same time, and

17    defendant will be severely prejudiced if that is not done, in

18    that:

19    On August 27, 2008, plaintiff filed a motion to enforce the

20    settlement, and for sanctions, set for October 1, 2008. On

21    September 2, 2008, upon its completion, defendant filed a motion

22    to compel a meet and confer, and/or to enforce the settlement,

23    and for sanctions, set for October 29, 2008, the first date the

24    court then had available for the hearing.

25    Both motions concern the same subject matter, a settlement

26    reached in this matter, and both seek to enforce the settlement.

27    However, they seek to enforce the settlement on substantially

28    different terms. Further, defendant's motion also seeks to have

Law Offices
Marc J. Wodin

DEFENDANT'S MOTION FOR AN ORDER CHANGING TIME FOR HEARING MOTIONS

1  the court order plaintiff's attorney to engage in a meet and
2  confer on matters related to the settlement.
3       Having these motions heard at the same time will allow for a
4  complete, uniform, resolution of the issues related to the
5  settlement and its enforcement. Having them heard at different
6  times creates a substantial danger of incomplete and inconsistent
7  resolution of those issues, and duplication of effort.
8       This relief is necessary, because there is otherwise no way
9  for defendant to have these motions heard at the same time.
10 Defendant has acted diligence in preparing its substantive
11 motion, and bringing this motion.
12      Plaintiff's attorney would not stipulate to the relief
13 sought by this motion.
14
15 DATED: September 2, 2008        LAW OFFICES OF MARC J. WODIN
16
17                                By _____/s/ Marc J. Wodin_____
                                     MARC J. WODIN
18                                Attorneys for Defendant CONSECO
                                  SENIOR HEALTH  INSURANCE COMPANY
19
20
21
22
23
24
25
26
27
28

Law Offices
Marc J. Wodin

DEFENDANT'S MOTION FOR AN ORDER CHANGING TIME FOR HEARING MOTIONS

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2        Pursuant to Local Rules 6-1 and 6-3, the court can change

3    the time on matters filed with the court.

4        The parties mediated this matter, and reached a settlement.

5    Common to such a circumstance, where it is not feasible to then

6    and there prepare a formal, written settlement agreement, a

7    cursory, five sentence memorandum, stating essential terms, was

8    signed, to make the settlement binding, with an express proviso

9    that defendant would provide a Release and Settlement Agreement

10   ("Agreement") which plaintiff and her attorney would sign.

11       Defendant's attorney provided plaintiff's attorney with its

12   standard Agreement, with provisions and language appropriate to

13   such a document, modified for particulars of the settlement.

14       When plaintiff's attorney wrote, questioning two of the

15   provisions, defendant's attorney wrote back that he would be

16   happy to consider changes in the language, and requested that

17   plaintiff's attorney call, so they could discuss them. There was

18   no response to that, and two follow up letters.

19       Plaintiff's attorney then wrote, asserting a new position -

20   that the five sentence memorandum  _was_  the settlement agreement,

21   and there could be no comprehensive written settlement agreement.

22       Defendant's attorney responded that this assertion was

23   contrary to the language of the memorandum, and the circumstances

24   under which it was prepared, and was unreasonable. He again

25   offered to meet and confer. Again, there was no response.

26        On August 11, 2008, after defendant filed a Certification

27   that agreed upon consideration (an executed Agreement)had not

28   been provided, the court vacated its prior dismissal.

Law Offices
Marc J. Wodin

DEFENDANT'S MOTION FOR AN ORDER CHANGING TIME FOR HEARING MOTIONS

1    On August 27, 2008, plaintiff filed a motion to enforce the
2  settlement, asserting that the five sentence memorandum is the
3  settlement agreement.

4    Defendant's attorney was also working on a motion, more
5  extensive than plaintiff's motion, which was completed and filed
6  September 2, 2008. It seeks orders 1. that plaintiff's attorney
7  meet and confer over the language of the Release and Settlement
8  Agreement; 2. enforcing the settlement, by ordering  plaintiff
9  and her attorney to sign a Release and Settlement Agreement, with
10 such modifications, if any, as the court deems appropriate, or by
11 entering  judgment pursuant to the terms of such an Agreement; 3.
12 that plaintiff and/or her attorney pay sanctions.

13   The court advised that defendant's motion could not be heard
14 until October 29, 2008; so the motion was filed for that date.

15    There is good cause to have these motions heard together,
16 and defendant will be severely prejudiced if they are not. They
17 concern the same subject matter, the settlement, which they both
18 seek to enforce, but on substantially different terms. Further,
19 defendant also seeks to have the court order a meet and confer.
20 Hearing them at the same time will allow for a complete, uniform,
21 resolution of the issues related to the settlement. Hearing them
22 at different creates a substantial danger of incomplete and
23 inconsistent resolution of those issues, and will cause
24 unnecessary duplication of effort.

25 DATED: September 2, 2008          LAW OFFICES OF MARC J. WODIN

26                                   By ____/s/ Marc J. Wodin____
                                          MARC J. WODIN
27                                   Attorneys for Defendant CONSECO
                                     SENIOR HEALTH  INSURANCE COMPANY
28