**LAW OFFICES OF MARC J. WODIN**
Marc J. Wodin, Esq. - SBN 79573
Elana Bitton, Esq. - SBN. 130835
23901 Calabasas Road, Suite 1076
Calabasas, California 91302
Telephone (818) 595-3490
Fax (818) 225-7497
e-mail marc_wodin@wodinlaw.com

Attorneys for Defendant CONSECO SENIOR HEALTH INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA THOMPSON, Individually and as Personal Representative of CHARLES THOMPSON, Deceased,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CONSECO SENIOR HEALTH INSURANCE COMPANY, a Pennsylvania corporation, DOES 1 through XX<br><br>　　　　Defendant(s). | CASE NO.: C 07-05437 PJH<br>[Sonoma County Superior Court Case No. 241544]<br><br>**DECLARATION OF MARC J. WODIN RE DEFENDANT'S MOTION FOR AN ORDER CHANGING TIME PURSUANT TO LOCAL RULES 6-1 AND 6-3**<br><br>Assigned to the Honorable Phyllis J. Hamilton |

**DECLARATION OF MARC J. WODIN**

I, MARC J. WODIN DECLARE:

　　1. The facts set forth herein are personally known to declarant, who has firsthand knowledge of the same, and if called as a witness, said declarant could and would competently testify thereto under oath.

2. I am an attorney, duly admitted to practice before this court, and I am a principal in the law offices of Marc J. Wodin, attorneys of record for defendant Conseco Senior Health Insurance Company in the above entitled action.

3. The parties mediated this action, and reached a settlement. Common to such a circumstance, where it is not feasible to then and there prepare a formal, written settlement agreement, a cursory, five sentence memorandum, which stated essential terms of the settlement, was signed by the parties and their attorneys, to make the settlement binding, with a proviso that defendant would prepare a Release and Settlement Agreement, which plaintiff and her attorney would sign.  I told plaintiff's attorney that defendant had a standard Agreement.

4. I thereafter provided plaintiff's attorney with a comprehensive Release and Settlement Agreement - defendant's standard Agreement, with provisions, terms and language usual and appropriate to such a document, modified, in certain respects for the particulars of the settlement.

5. When plaintiff's attorney wrote, questioning two of the provisions, I wrote back that I would be happy to consider changes in the language, and requested that plaintiff's attorney call, so we could discuss the matter. Plaintiff's attorney did not respond to that letter, or two follow up letters, requesting that he call to discuss the language of the Agreement.

Law Offices
Marc J. Wodin

2

DECLARATION OF MARC J. WODIN RE DEFENDANT'S MOTION FOR AN ORDER
CHANGING TIME FOR HEARING MOTIONS

1    6. Plaintiff's attorney then wrote asserting a new position
2 (inconsistent with his prior assertion, that he only had a
3 problem with two of the provisions of the Agreement). He now
4 asserted that the five sentence memorandum <u>was</u> the settlement
5 agreement, and there could be no written settlement agreement,
6 stating the settlement, comprehensively and in detail.

8    7. I responded that this assertion was contrary to the
9 language of the memorandum, and the circumstances under which it
10 was prepared, and was unreasonable, and again offered to meet and
11 confer on the language of the Release and Settlement Agreement.
12 Again, there was no response.

14    8. On August 11, 2008, defendant filed a Certification that
15 agreed upon consideration (an executed Release and Settlement
16 Agreement) had not been provided, and the court vacated its prior
17 dismissal.

19    9. On August 27, 2008, plaintiff filed a motion to enforce
20 the settlement, asserting that the five sentence memorandum is
21 the settlement agreement.

23    10. I commenced working on a motion related to the
24 settlement, when the dismissal was vacated. The motion, which is
25 more extensive than plaintiff's motion, was completed and filed
26 September 2, 2008. It seeks alternate orders 1. that  plaintiff's
27 attorney to meet and confer over the language of the Release and

1 Settlement Agreement; 2. enforcing the settlement, by ordering
2 plaintiff and her attorney to sign a Release and Settlement
3 Agreement, with such modifications, if any, as the court deems
4 appropriate; or enforcing the settlement, by entering judgment
5 pursuant to the terms of such an Agreement; 3. that plaintiff
6 and/or her attorney to pay sanctions.

8    11. When my office contacted the court clerk, on August 29,
9 2008, we were advised that defendant's motion could not be heard
10 until October 29, 2008. Accordingly, the motion was filed for
11 that date.

13    12. There is good cause to have these motions heard on the
14 same date, and defendant will be severely prejudiced if they are
15 not. Both motions concern the same subject matter, a settlement
16 reached in this matter, and seek to enforce that settlement.
17 However, they seek to do so on substantially different terms.
18 Further, defendant's motion also seeks to have the court order
19 plaintiff to engage in a meet and confer. Having these motions to
20 be heard at the same time will allow for a complete, uniform,
21 resolution of the issues related to the settlement and
22 enforcement of the settlement. Having them heard at different
23 creates a substantial danger of incomplete and inconsistent
24 resolution of those issues, and duplication of effort.

26    13. On August 29, 2008, my office called the offices of
27 plaintiff's attorney, and spoke to assistant Michael Sharf, asked
28

Law Offices
Marc J. Wodin

4
DECLARATION OF MARC J. WODIN RE DEFENDANT'S MOTION FOR AN ORDER
CHANGING TIME FOR HEARING MOTIONS

if plaintiff would stipulate to changing the time of motions, as sought in this motion, and told him that defendant would otherwise be filing this motion. He said that he would get back to us. He did not do so.

14. There have been no previous changes to these dates. Changing these dates should not materially effect the schedule of the case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of September, 2008, at Calabasas, California

                                            /s/ Marc J. Wodin
                                              MARC J. WODIN
                                                DECLARANT